IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2005 NOV -7  P 4: 22

| | |
|---|---|
| ROY DAVID HEATH, AIS# 217344, | ) ) |
| Petitioner, | ) ) |
| v. | ) CIVIL ACTION NO. 3:05-CV-936-F ) |
| J.C. GILES, et. al. | ) ) |
| Respondents. | ) ) |

## INITIAL ANSWER

Come now the Respondents in the above styled cause, by and through the Attorney General of the State of Alabama, in response to this Court's order issued on October 5, 2005, and answer Roy David Heath's instant habeas corpus petition as follows:

1. Heath challenges his 2001 guilty plea convictions on two counts of distribution of a controlled substance and one count of possession of marijuana in the first degree. (Heath's petition at 3; Doc. 1-3; State's Ex. A, C. 2, 19-20, 25, 53, 73-74, 79-80; (R. 3, 14, 16, 17) Pursuant to a plea agreement, the trial court sentenced Heath, as an habitual offender with three prior felony convictions, to serve concurrent terms of 30 years in prison on each count on May 31, 2001.

(Heath's petition at 2; Doc. 1-10, 1-11; State's Ex. A. C. 2, 22-24, 26-27, 53, 75-76, 81-84; R. 23, 25-28)

2. As best the State can determine, Heath raises the following arguments in his habeas corpus petition:

    a. "The Constitution of the United States or the State of Alabama requires a new trial, a new sentence proceeding or other relief" because:

        (1) He requested to withdraw his plea before and after sentencing and "asked the courts how can I withdraw my plea[.]" (Heath's petition at 6, 9.)

        (2) He never received a hearing "to consolidate offenses[.]" (Heath's petition at 6, 9.)

        (3) "The court states I was in open court with Attorney John Britton and stated things[;] I was never in open court for an arraignment or any plemarnary and never signed any wa[i]ver." (Heath's petition at 6, 9.)

        (4) He was denied a complete transcript of the records on direct appeal "and any other appeal[.]" Specifically, he was denied a transcript of "the entire voir-dire proceedings[.]" Heath's petition at 6, 9, 10)

2

(5) He was denied his choice of counsel "before plemary or indictments." (Heath's petition at 6, 9.)

(6) "This is newly discovered material I rec[e]ived in 2003."

b. Heath's trial counsel was ineffective because:

(1) "Trial counsel was city attorney and neglected to suppress[.]" (Heath's petition at 6, 11.)

(2) Trial counsel "failed to prefect appeal and withdraw my plea[.]" (Heath's petition at 6, 11.)

(3) Trial counsel "neglected to comply to two notice[s] sent from Criminal Court of Appeals telling him to file form 2b and 1c of my appeal I filed while in the county jail[.]" (Heath's petition at 6, 11.)

c. Heath's appellate counsel was ineffective because:

(1) Appellate counsel "fail[ed] to prefect appeal when record in plain view [showed] that trial counsel was ineffective[.]" (Heath's petition at 6, 11.)

(2) The record also shows evidence was illegally seized in violation of the Fourth, Sixth, and Fourteenth Amendments. (Heath's petition at 6, 11.)

(3) The trial court lacked jurisdiction to run the sentence enhancements concurrently. (Heath's petition at 6, 12.)

(4) The State breached the plea agreement because the agreement states "the [S]tate may void this agreement if I file any motion or petition." (Heath's petition at 6, 12.)

(5) Appellate counsel was ineffective for filing "a no merit brief on the records in plain view that I haven't had a fair trial[,]" which violated his due process and constitutional rights. (Heath's petition at 6, 12.)

d. The trial court lacked jurisdiction to sentence Heath to concurrent terms on the sentencing enhancements. (Heath's petition at 7.)

e. Heath has presented his claims to the Russell County Circuit Court, but the court refuses to hear his claims, and denied them without opinion. The circuit court also "refuse[s] to let my appeal take its course. This is the reason I can't present the case at hand." Heath

4

"filed a motion for the court to vacate his appeal so it can take its course for further review." Heath's case should be "remanded or reviewed for procedural default" because "all [Heath] gets is a denial[;] all petitions were filed with proof and affidavits." (Heath's petition at 7, 13.)

f. Heath shows "actual innocence, and a fundamental miscarriage of justice and neglect for procedural default." His due process rights were violated. His "first indictment, the arrest does not match the affidavit statements[.]" The other indictment was the result of an illegal search. Trial counsel "failed to comply [with] a legal matter." (Heath's petition at 10.)

3. Heath's petition should be denied because he filed it outside the one-year statute of limitation created by Title 28 U.S.C.A. 2244(d)(1). In the alternative, his petition should be denied because he failed to exhaust his state court remedies and is now procedurally defaulted from doing so.

# PROCEDURAL HISTORY

**A. Guilty Plea**

4. Heath pleaded guilty to two counts of distribution of a controlled substance and one count of possession of marijuana in the first degree on April 9, 2001. (Heath's petition at 3; Doc. 1-3; State's Ex. A, C. 2, 19-20, 25, 53, 73-74, 79-80; (R. 3, 14, 16, 17) Pursuant to a plea agreement, the trial court sentenced Heath, as an habitual offender with three prior felony convictions, to serve concurrent terms of 30 years in prison on each count on May 31, 2001. (Heath's petition at 2; Doc. 1-10, 1-11; State's Ex. A, C. 2, 22-24, 26-27, 53, 75-76, 81-84; R. 23, 25-28)

5. Heath filed a request for an "appeal hearing" on July 11, 2001, and argued that he was coerced by his attorney into signing the plea agreement. (State's Ex. A, C. 29, 87) The request was denied on August 9, 2001. (State's Ex. A, C. 32, 90) The circuit clerk also construed this motion as a notice of appeal. (State's Ex. A, C. 30, 39, 88, 96)

6. Heath's appellate attorney filed an Anders[1] brief. On January 14, 2002, Heath requested that his appeal be dismissed. (State's Ex. B at 6.) The Alabama Court of Criminal Appeals granted Heath's request, dismissed his appeal, and issued a certificate of judgment on January 29, 2002. (State's Ex. C)

---

[1] Anders v. California, 386 U.S. 264 (1967).

6

## B. State Post-Conviction Proceedings

7. Heath filed a state post-conviction petition on May 31, 2002. (State's Ex. D, C. 14) Russell County Circuit Court Judge George Greene denied the petition on July 16, 2002. (State's Ex. D, C. 69-70) He filed a notice of appeal on August 23, 2002. (State's Ex. D, C. 73) The Alabama Court of Criminal Appeals issued an order on January 2, 2003, informing Heath that he failed to file an appellate brief that was due on December 18, 2002. (State's Ex. E) The order directed Heath to file a brief before January 16, 2003 or else the Court of Criminal Appeals would dismiss his appeal. (State's Ex. E) On or about January 2, 2003, Heath filed a motion requesting that the appeal of the denial of his first post-conviction petition be dismissed with prejudice. (State's Ex. F) The Court of Criminal Appeals complied with Heath's wishes, dismissed his appeal, and issued a certificate of judgment on January 7, 2003. (State's Ex. G)

8. During the pendency of his appeal of the denial of the state post-conviction petition, Heath filed a second post-conviction petition on August 28, 2002. (State's Ex. H at 2.) The trial court denied his second post-conviction petition on March 13, 2003. (State's Ex. H at 1.) Heath did not appeal this denial of his second post-conviction petition through the Alabama appellate courts.

9. Heath filed his third post-conviction petition on January 16, 2003, while his second post-conviction petition pended in the trial court.[2] (State's Ex. I at 10.) His third post-conviction petition was denied on June 12, 2003. (State's Ex. I at 1-2.) Heath did not appeal this denial of his third post-conviction petition through the Alabama appellate courts.

## C. Federal Habeas Corpus Proceedings

10. Heath filed his federal habeas corpus petition on September 28, 2005. (Doc. 3 at 1.)

### Applicability of the Federal One-Year Statute of Limitation

11. Title 28 U.S.C. § 2244(d)(1) applies a one-year statute of limitation to an application for a writ of habeas corpus to an individual incarcerated pursuant to a state court judgment.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] It is unclear whether Heath's brief and arguments in support of his post-conviction petition (State's Ex. K) correspond to Heath's second and/or third petition. Heath indicates that the arguments correspond to case numbers CC-01-030.61 and CC-01-030.61. (State's Ex. J at 1.) This would indicate that the arguments correspond to his second petition; however, he dates the arguments on January 16, 2003, which would correspond to his third petition. (State's Ex. J at 76.)

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

12. Heath's judgment became final on direct appeal on January 29, 2002. (State's Ex. C)

13. Heath filed his first post-conviction petition on May 31, 2002, which tolled the running of the one-year limitation period. See 28 U.S.C. § 2244(d)(2). A total of 122 days passed between January 29, 2002 and May 31, 2002.

14. Heath filed his second post-conviction petition on August 28, 2002, while the first petition was pending on appeal. Because the appeal of Heath's first post-conviction petition was still pending on appeal, his second petition would be considered held in abeyance. See Ex parte Bogan, 814 So. 2d 305, 305-06 (Ala. 2001). Therefore, for purposes of applying the one-year statute of limitation, no

time elapsed between the filing of Heath's first and second post-conviction petition.

15. Heath filed his third post-conviction petition on January 16, 2003[3], after the Alabama Court of Criminal Appeals issued its certificate of judgment on January 7, 2003, affirming the denial of Heath's first post-conviction petition. (State's Ex. G; State's Ex. I at 10.) Heath's second post-conviction petition, however, was still pending, and therefore, his third petition would be held in abeyance. See Ex parte Bogan, 814 So. 2d at 305-06. Again, for purposes of the statute of limitation, no time elapsed between the filing of Heath's second and third petition. Heath's second petition was denied on March 13, 2003, and the trial court denied his third petition on June 12, 2003.

16. Over two years, or 839 days, passed between the denial of Heath's third post-conviction petition on June 12, 2003 and the filing of his federal habeas corpus petition on September 28, 2005. A total of 961 days (839+122) elapsed between Heath's convictions becoming final and the filing of his habeas corpus petition.

---

[3] All three of Heath's post-conviction petitions would be considered timely filed because he had until August 1, 2003 to timely file them as his conviction became final January 29, 2002. A Supreme Court of Alabama order issued on July 1, 2002 clarified that persons whose conviction became final between August 1, 2001 and August 1, 2002, had until August 1, 2003, to timely file a Rule 32 petition.

17. Heath filed his federal habeas corpus 596 days after the one-year limitation period expired. Heath also failed to show any "extraordinary circumstances that are both beyond his control and unavoidable with diligence" that would equitably toll the 596-day delay. See Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1216 (11th Cir. 2000). He should, therefore, be denied relief because the federal statute of limitation created by Title 28 U.S.C. § 2244(d) bars his petition.

## Exhaustion and Procedural Default

18. Without waiving the statute of limitation bar, Heath also failed to exhaust his state court remedies on his federal habeas corpus claims because he never properly pursued these claims throughout the Alabama appellate courts.

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003) (holding that O'Sullivan applies to post-conviction remedies); Smith v. Jones, 256 F.3d 1135, 1140-41 (11th Cir. 2001) (requiring presentation of claims to the Supreme Court of Alabama for discretionary review to exhaust the claims under O'Sullivan).

19. To the extent that Heath presented these claims in his Rule 32 post-conviction petitions, he cannot now present them to the Alabama appellate courts. The denial of his first Rule 32 petition was affirmed on January 7, 2003. For his claims to have been heard by the Supreme Court of Alabama, an application for rehearing had to be filed in the Alabama Court of Criminal Appeals, within 14 days of the Court of Criminal Appeals's decision. See Ala. R. App. P. 39(c)(1) and 40(c). Heath never appealed the denial of his second and third Rule 32 petitions, and the 42-day period for filing an appeal from the denial of the petitions has long passed. See Ala. R. App. P. 4(b)(1).

> There is no dispute that this state court remedy . . . is no longer available to [Heath]; the time for [pursuing such claims] has long passed ... Thus, [Heath's] failure to present [these] federal habeas claims to the [Alabama courts] in a timely fashion has resulted in a procedural default of those claims.

O'Sullivan, 526 U.S. at 848.

20. He also cannot present his claims in another state post-conviction petition. His ineffective assistance of counsel claims and claims concerning the voluntary nature of his plea would be barred by Rule 32.2(c) of the Alabama Rules of Criminal Procedure because the limitation expired on August 1, 2003. See supra note 3, at 10. Ineffective assistance of counsel claims are subject to the limitation period of Rule 32.2(c). See Knight v. State, 727 So. 2d 900, 901 (Ala. Crim. App. 1999). Issues related to the voluntariness of the plea must be raised in

a timely petition. See Cantu v. State, 660 So. 2d 1026, 1029 (Ala. 1994). His non-jurisdictional constitutional claims would also be barred by Rule 32.2(c). See Cogman v. State, 852 So. 2d 191, 192 (Ala. Crim. App. 2002). His claims would also be barred by Rule 32.2(b) of the Alabama Rules of Criminal Procedure, which bars relief on successive petitions. "[T]he exhaustion requirement and procedural default principles[, therefore,] combine to mandate dismissal [of Heath's habeas corpus petition]." Bailey v. Nagle, 172 F.3d, 1299, 1302-03 (11th Cir. 1999).

21. The only claim that Heath presents that could be possibly be considered jurisdictional, and not barred by the Rule 32.2 grounds of preclusion, is his claim that his sentence is illegal because he received concurrent sentences. "[A]n allegedly illegal sentence may be challenged at any time, because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court and is void." McCray v. State, 785 So. 2d 394, 397 (Ala. Crim. App. 2000). This claim, however, is also barred from review, and it is futile to return to state court, because Heath's concurrent sentences were legal. The trial court sentenced Heath, pursuant to a plea agreement, to concurrent thirty-year terms. (Heath's petition at 2; Doc. 1-10, 1-11; State's Ex. A. C. 2, 22-24, 26-27, 53, 75-76, 81-84; R. 23, 25-28) The base sentence was 20 years on each count, and Heath received an additional 10 years for the five-year schoolyard sentencing enhancement and the five-year housing project sentencing enhancement. See Ala. Code §§ 13A-12-250 and 13A-

12-270 (1994). (Doc. 1-10, 1-11; State's Ex. A. C. 2, 22-24, 26-27, 53, 75-76, 81-84; R. 23, 25-28) It is only improper to run the enhancements concurrently with each other on the single charge; however, it is proper to run the total sentences concurrently. See Ex parte Garner, 781 So. 2d 253, 255-56 (Ala. 2000). Therefore, Heath's "jurisdictional" claim is not truly jurisdictional and would be barred by Rules 32.2(b) and (c) of the Alabama Rules of Criminal Procedure[4].

22. The only way Heath may overcome his procedural default to allow federal habeas review of his claims is to either demonstrate cause and actual prejudice to excuse the default or prove there was a fundamental miscarriage of justice that requires review of his claims. See Coleman v. Thompson, 501 U.S. 722, 750 (1992); Smith, 256 F.3d at 1138. Heath has not provided evidence to support either remedy for default. He has not explained why he could not properly present the claims from his federal habeas corpus petition to the Alabama Court of Criminal Appeals and the Supreme Court of Alabama. Further, he has not shown any fundamental miscarriage of justice would arise from failure to review these claims -- he has not alleged or proved that he is actually innocent of the crime. See Schlup v. Delo, 513 U.S. 298, 324 (1995).

---

[4] Even if this Court were to construe Heath's claim as jurisdictional, this Court would still need to deny the petition because Heath could return to state court to litigate the claim. Therefore, his "mixed" petition would contain exhausted and unexhausted claims and need to be dismissed under Rose v. Lundy, 455 U.S. 509, 510 (1982).

14

23. Because Heath's petition was filed outside the one-year statute of limitation, this Court should deny his untimely petition. Further, his habeas claims were not properly presented to the Alabama courts, and are unexhausted; Heath is also procedurally defaulted from returning to state court and litigating these claims. Consequently, he should also be denied relief on this ground.

Respectfully submitted,

Troy King – KIN047
Attorney General

Jean-Paul M. Chappell – CHA073
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2005, I served a copy of the foregoing on Heath by placing said copy in the United States Mail, first class, postage prepaid and addressed as follows:

Roy David Heath
AIS# 217344
P.O. Box 767
Clayton, AL   36106


*[signature]*
Jean-Paul M. Chappell
Assistant Attorney General


ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, AL   36130
(334) 242-7495

226145/86389-001