060096

| State of Alabama<br>Unified Judicial System<br>Form ARAP-26 (front)  8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br>CR-00 2143 |
|---|---|---|

**A. GENERAL INFORMATION:**

☐ CIRCUIT COURT  ☒ DISTRICT COURT  ☐ JUVENILE COURT OF  _Russell_ _____ COUNTY

_Roy David Heath_ _____, Appellant

v.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

| Case Number<br>57 CC 2001 000030.00 | Date of Complaint or Indictment<br>4/9/01 | Date of Judgment/Sentence/Order<br>5/31/01 |
|---|---|---|
| Number of Days of Trial/Hearing<br>N/A   Days | Date of Notice of Appeal<br>Oral: | Written: 7/11/01 |

Indigent Status Requested: ☒ Yes ☐ No          Indigent Status Granted: ☐ Yes ☒ No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.    If no attorney, will appellant represent self? ☐ Yes ☒ No

Appellant's Attorney (Appellant if pro se) *(Attach additional pages if necessary)*     Telephone Number

_John Dritton / deceased / pro se since 8/6/01_

Address                    City          State          Zip Code

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant<br>_Darrin Mimms_ | Case Number<br>CC 01-759 |
|---|---|
| Codefendant<br>_Teresa Hopkins Heath_ | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☒ State Conviction     4 ☐ Pretrial Order          7 ☐ Juvenile Transfer Order     10 ☐ Other (Specify)
2 ☐ Post-Conviction Remedy  5 ☐ Contempt Adjudication   8 ☐ Juvenile Delinquency
3 ☐ Probation Revocation   6 ☐ Municipal Conviction    9 ☐ Habeas Corpus Petition

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____       6 ☐ Trafficking in Drugs - § _____    11 ☐ Fraudulent Practices - § _____
2 ☐ Homicide - § _____           7 ☐ Theft - § _____               12 ☐ Offense Against Family - § _____
3 ☐ Assault - § _____            8 ☐ Damage or Intrusion               13 ☐ Traffic - DUI - § _____
4 ☐ Kidnapping/Unlawful                  to Property - § _____           14 ☐ Traffic - Other - § _____
     Imprisonment - § _____        9 ☐ Escape - § _____            15 ☒ Miscellaneous (Specify):
5 ☒ Drug Possession - § _____      10 ☐ Weapons/Firearms - § _____       _Sale of Contrb'd_ - § _____

**F. DEATH PENALTY:**
Does this appeal involve a case where the death penalty has been imposed? ☐ Yes ☒ No

**G. TRANSCRIPT:**
1. Will the record on appeal have a reporter's transcript? ☒ Yes ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _Oct. 1, '01_ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk? ☒ Yes ☐ No    If yes, will the trial court certify the questions? ☒ Yes ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

060097

Form ARAP- 26 (back)    8/91          COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 7 | 11 | 01 | Appeal | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

See Attached Letter



**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. *(Attach additional pages if necessary.)*

See Attached letter

**K. SIGNATURE:**

September 26, '01
Date

_Susan Heath_
Signature of Attorney/ Party Filing this Form

000098

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 1C_____ 8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>CR - 00-2143 |
|---|---|---|

TO BE COMPLETED BY COUNSEL FOR OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☐ CIRCUIT COURT   ☒ DISTRICT COURT   ☐ JUVENILE COURT OF   _Russell_____ COUNTY

_Roy David Heath_____, Appellant

v.   ☒ STATE OF ALABAMA   ☐ MUNICIPALITY OF _____

| Case Number<br>57/CC 2001 000030.00/36 | Date of Judgment/Sentence/Order<br>5/31/01 |
|---|---|
| Date of Notice of Appeal<br>Oral:                    Written: 7/11/01 | Indigent Status Granted:<br>☐ Yes    ☒ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975)

_____        _____        _____
Signature                                          Date                            Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A R App P )):

MARK PROCEEDINGS REQUESTED:                                    COURT REPORTER(S)

A. ☒ **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence          _Linda S. Wilson_
proceedings, a transcript of the organization of the jury and arguments of counsel must
be designated separately                                                                                          _____

B. ☒ **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and        _____
challenges for cause   Note that in noncapital cases the voir dire of the jury will not be
recorded unless the trial judge so directs  (See Rule 19 4, ARCrP )                                   _____

C. ☒ **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will     _____
not be recorded unless the trial judge so directs  (See Rule 19 4, ARCrP )

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. _____ | _____ | _____ |
| E. _____ | _____ | _____ |
| F. _____ | _____ | _____ |
| G. _____ | | |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective  Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript  A general designation such as "all proceedings" is not sufficient  (See Rule 10(c)(2), A R App P )

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER''S TRANSCRIPT:**
I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW  I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

_Roy David Heath_        8-9  9/9/01        _Roy David Heath_
Signature                                    Date                            Print or Type Name

**DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to:** (1) Clerk of the Court of Criminal Appeals.   (2) the District Attorney,
(3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a
municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript

In The Circuit Court Of __*Russell County*__

State Of Alabama

*Heath, David, Roy*
_____

Petitioner

Vs.

State Of Alabama,

Respondents

Case No. *CC-01-30*
*CC-01-36 (x2)*

## Motion For Appointment Of Counsel:

The petitioner in the above styled action hereby moves this Honorable Court for an order entered directed that counsel be appointed to assist petitioner in this matter. This motion is supported by the following facts.

## Facts In Support:

The petitioner is an inmate of the Alabama Department of Corrections with neither the means or money to retain counsel to assist him in this matter.

The petitioner is lack in legal knowledge and do not know how to proper prepare this matter for Court proceedings.

The issues involved in this matter are complex and require research and investigation that the petitioner is unable to do, because of being in prison.

000100

As a matter of law petitioner is entitled to appointment of counsel to assist him in this matter.

The respondents will not be prejudice by the appointment of counsel in this matter.

### Therefore For Good Cause:

Petitioner request that this Court appoint counsel to assist him in this matter.

Petitioner also request such other relief that this Court deems just in this matter.

Dated this 22ND day of ___October___ 2004 RDH

### Certificate Of Service:

I hereby certify that I have mailed a true and correct copy of the above to all parties by placing the same in the United States mail all postage paid.

Dated this 22ND day of ___October___ 2004 RDH

000101

| State of Alabama<br>Unified Judicial System<br><br>Form C-10   Rev 6/88 | **AFFIDAVIT of SUBSTANTIAL<br>HARDSHIP and ORDER** | Case Number<br>*CC01-30, 36* |
|---|---|---|

IN THE *26th Judicial Circuit* COURT OF *Russell* COUNTY

Plaintiff/State *Heath David*   v. Defendant   *State of Alabama*

IN THE MATTER OF: *Direct Appeal*

TYPE OF PROCEEDING:   CHARGE: *§13A-12-211 et seq.*

☐ CIVIL CASE—I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ CIVIL CASE (such as paternity, support, termination of parental rights) — I request an attorney be appointed for me.

☑ CRIMINAL CASE—I am financially unable to hire an attorney and request that the Court appoint one for me.

## AFFIDAVIT

**INCOME/EMPLOYMENT**

A. Do you have a job or work for yourself?   ☐ Yes ☑ No

Employer's name and address _____

How much money do you take home each week?   + $ *N/A 0*

B. If unemployed, give month and year of last employment and amount earned per month   *April 99  99*   $ *1200*

C. Does your husband or wife have a job?   *N/A*   ☐ Yes ☑ No

Employer's name and address _____

How much money does he/she take home each week?   + $ *N/A*

D. Do you receive money or benefits from any other source?   ☐ Yes ☑ No

(Example: retirement pay, social security, workmen's compensation, unemployment compensation, food stamps, rent payments, interest, dividends, etc.)

How much do you receive each month?   + $ *N A*

**ASSETS**

A. Do you have any money in any bank, savings and loan, credit union, or any other place, including cash on hand?   ☐ Yes *N/A* No

Where? _____   How much? *N/A*

B. Do you own anything else of value? (Land, house, boat, television, stereo, jewelry, car, truck, van, stocks, bonds, etc.)   ☐ Yes *N/A* No

What? _____   Total Value + $ *N/A*

**DEPENDENTS**

A. Are you: _____ Single   ✓ Married   _____ Widowed   _____ Divorced
_____ Separated?

B. Do you have any dependents?   ☑ Yes _____ No

Who and what relationship?   *Scott Huckaba 3 Rebecca Huckaba*
*1 step cherinda*

$ _50/00/80_

What does it cost you to live each month?

| | Creditor | Total Debt | Monthly Payment |
|---|---|---|---|
| **D** | Loans | | _N/A_ |
| **E** | Charge Accounts | | _N/A_ |
| **B** | House or rent payments | | _N/A_ |
| **T** | Alimony | | _N/A_ |
| **S** | Support | | _N/A_ |
| | Car payment | | _N/A_ |
| | Groceries | | |
| | Utilities | | _N/A_ |
| | _other_ | _5000 / 7000_ | |

In support of this request, I have answered the above questions relating to my ability to pay. I swear that these answers are true and reflect my present financial status. I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.

I further understand and acknowledge that if the Court appoints an attorney to represent me, the Court may require me to pay the fees and expenses of my court-appointed-counsel.

Sworn to and subscribed before me this

_27th_ day of _Oct_ 19 _2001_

_____ (Notary signature)
Judge/Notary

X _____ (Affiant Signature)
Affiant Signature

_Heath David Roy_
_A.I.S # 217844_

## ORDER

### IT IS ORDERED THAT THE FOREGOING REQUEST BE:

☒ GRANTED          ☐ DENIED

**APPOINTMENT OF ATTORNEY:**

IT IS THEREFORE, ORDERED AND ADJUDGED BY THE COURT THAT _Charles Floyd,_
_Jr_ _____ Attorney at Law, be and is hereby appointed as counsel to represent, assist and defend in this (these) case(s).

It is further ordered that the Court reserves the right and may order reimbursement of attorney's fees and expenses, approved by the Court and paid to the appointed counsel.

DONE this _29th_ day of _October_ _2001_

_____
Judge

ACR371

ALABAMA JUDICIAL DATA CE ER

NOTICE OF A. EAL TO THE ALABAMA COURT C. CRIMINAL APPEALS    000103
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF RUSSELL COUNTY

STATE OF ALABAMA VS HEATH ROY DAVID              JUDGE: GEORGE R. GREENE

APPEAL DATE: 07/11/2001

INDIGENCY STATUS:
  GRANTED INDIGENCY STATUS AT TRIAL COURT:        _____ YES    _X__ NO
  APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:   _____ YES    _X__ NO
  INDIGENT STATUS REVOKED ON APPEAL:               _____ YES    _X__ NO
  INDIGENT STATUS GRANTED ON APPEAL:               _X__ YES    _____ NO

DEATH PENALTY: NO

APPEAL TYPE: OTHER(SPECIFY)_____
THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 57/CC 2001 000036.00

ORDER ENTERED(DATE): 04092001 PETITION: __DISMISSED  __DENIED  __GRANTED

THIS IS AN APPEAL FROM A CONVICTION.

DATE OF CONVICTION: 04/09/2001          DATE OF SENTENCE: 05/31/2001

YOUTHFUL OFFENDER STATUS: DENIED

CO/CASE NUMBER: 57/CC 2001 000036.00
CODE: UDCS    CONVICTION: UNLAW DISTRIB CO    ACTION: GUILTY PLEA
                                              STATUTE: 13A-012-211
                                              ACTION: GUILTY PLEA
CODE: VAPF    CONVICTION: POSS MARIJUANA 1    STATUTE: 13A-012-213

SENTENCE:  CONF: 30 YRS 00 MOS 000 DAYS      LIFE: NO   LIFEWO: NO
SENTENCE:  PROB: 00 YRS 00 MOS 000 DAYS

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| ___ MOTION FOR NEW TRIAL | _____ | _____ | _____ |
| ___ MOTION FOR JUDG. OF ACQUIT | _____ | _____ | _____ |
| ___ MOTION TO W/D GUILTY PLEA | _____ | _____ | _____ |
| ___ MOTION FOR ATTY TO W/DRAW | _____ | _____ | _____ |
| ___ OTHER | _____ | _____ | _____ |

COURT REPORTER(S):              WILSON, LINDA S.
ADDRESS:                        C/O HON. GEORGE R. GREENE
                                PHENIX CITY    ,   AL 36867

APPELLATE COUNSEL #1:           FLOYD CHARLES EDDIE III
ADDRESS:                        P. O. BOX 759

                                PHENIX CITY    ,   AL 36868
PHONE NUMBER:                   205-297-3378

APPELLATE COUNSEL #2:           _____
ADDRESS:                        _____
                                _____
                                _____
PHONE NUMBER:                   _____

APPELLANT (PRO SE):             HEATH ROY DAVID
ADDRESS:                        3 TRAPPER DRIVE
                                PHENIX CITY    ,   AL 368670000

AIS #:

APPELLEE (IF CITY APPEAL):      _____
ADDRESS:                        _____
                                _____

                                                OPERATOR: SHG
                                          PREPARED: 10/30/2001
I CERTIFY THAT THE INFORMATION PROVIDED
ABOVE IS ACCURATE TO THE BEST OF MY
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO     _____Kathy Coulter/SS___
THIS ACTION ON THIS 30 DAY OF _Oct__ _01    CIRCUIT COURT CLERK

## MOTION TO COURT OF CRIMINAL APPEALS FOR EXTENSION OF TIME TO FILE TRANSCRIPT

000104

Fax: (334) 242-4689

TO:   The Clerk of the Court of Criminal Appeals
      P. O. Box 301555
      Montgomery, Alabama 36130-1555

Criminal Appeals Case Number   CR 00 - 2143

Roy David Heath                 v.  State of Alabama
Appellant's Name                    Appellee

Trial Court Case No. CC01-30   Notice of Appeal Date 7/11/01

On appeal from the:   [X] Circuit Court of
                      [ ] District Court of      Russell   County
                      [ ] Juvenile Court of

I, Linda Wilson, a court reporter in the above referenced case, hereby request a 28- day extension to complete the transcript in said cause for the reasons I have set out below. Currently this transcript is due on 10/31/01, and with this extension the transcript will be due on 11/28/01.

REASONS: _____

_____

_____

_____

_____

_____

_____

Linda Wilson                    10/30/01
Court Reporter                  Date

Note:   Rule 11(c) of the Alabama Rules of Appellate Procedure prohibits an appellate court from granting an extension if the request is not received by the clerk of the appellate court within the time originally prescribed or before the expiration of an extension previously granted. Based on internal ____ of the Court of Criminal Appeals, no more than two 28-day extensions will be granted.

COURT OF CRIMINAL APPEALS
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

000105

*Lane W. Mann*
Clerk
*Wanda K. Ivey*
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

October 30th, 2001

H. W. "Bucky" McMILLAN
Presiding Judge
*SUE BELL COBB*
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

RE: CR-00-2143

Roy David Heath v. State of Alabama (Appeal from Russell Circuit Court: CC01-30; CC01-36).


        You are hereby notified that the following action was taken in the above cause by
the Court of Criminal Appeals:

        Additional time is granted to certify the completion of reporter's transcript to and
including 11/28/2001.

                                        Lane W. Mann, Clerk
                                        Court of Criminal Appeals

LWM/sm

cc: Honorable George R. Greene, Circuit Judge
    Honorable Kathy S. Coulter, Circuit Clerk
    Linda S. Wilson, Court Reporter
    Roy David Heath, Pro Se, Appellant

000106

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 14          11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br>CR 00-2143 |
|---|---|---|

| TO:  THE CLERK OF<br>        THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:  JULY 11, 01 |
|---|---|

**APPELLANT**

ROY DAVID HEATH

v.   STATE OF ALABAMA

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of __106__ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

Dated this __30TH__ day of __NOVEMBER__ , 19__2001__.

_Kathy Coulter / SJ_
Circuit Clerk

RUSSELL COUNTY, ALABAMA

1

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP-1C          8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br><br>CR - 00 - 2143 |
|---|---|---|

BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☐ CIRCUIT COURT ☒ DISTRICT COURT ☐ JUVENILE COURT OF **Russell** _____ COUNTY

__**Roy David Heath**__, Appellant

v.     ☒ STATE OF ALABAMA     ☐ MUNICIPALITY OF _____

| Case Number<br>57/CC 2001 000030.00 / 36 | Date of Judgment/Sentence/Order<br>5/31/01 |
|---|---|
| Date of Notice of Appeal<br>Oral:          Written: 7/11/01 | Indigent Status Granted:<br>☐ Yes     ☒ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY **(1)** THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR **(2)** THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*)

Signature _____     Date _____     Print or Type Name _____

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A R App P )):

**MARK PROCEEDINGS REQUESTED:**

COURT REPORTER(S)

**A.** ☒ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately
**Linda S. Wilson**
_____
_____

**B.** ☒ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause  Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs  (See Rule 19 4, ARCrP )
_____
_____
_____

**C.** ☒ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs  (See Rule 19 4, ARCrP )
_____
_____
_____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| **D.** _____ | _____ | _____ |
| **E.** _____ | _____ | _____ |
| **F.** _____ | _____ | _____ |
| **G.** _____ | _____ | _____ |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript  A general designation such as "all proceedings" is not sufficient  (See Rule 10(c)(2), A R App P )

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER"S TRANSCRIPT:**
I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW  I ALSO CERTIFY **(1)** THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR **(2)** THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR **(3)** THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

Signature _____     Date 9/9/01     Print or Type Name **Roy David Heath**

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to:  **(1)** Clerk of the Court of Criminal Appeals,  **(2)** the District Attorney,  **(3)** the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and **(4)** to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript

2

INDEX TO REPORTER'S TRANSCRIPT

Reporter's Transcript Order                    1

Index                                          2

Guilty Plea                                    3-22

Sentencing                                     23-29

Reporter's Certificate                         30

STATE OF ALABAMA

IN THE CIRCUIT COURT FOR THE COUNTY OF RUSSELL

TWENTY-SIXTH JUDICIAL CIRCUIT

CRIMINAL


STATE OF ALABAMA

　　　v.                          Case No. CC 01-30
                                         CC 01-36
ROY DAVID HEATH,

　　　　Defendant.
_____/


REPORTER'S OFFICIAL TRANSCRIPT

Before:

　　　　Honorable George R. Greene
　　　　　Phenix City, Alabama - April 9, 2001


APPEARANCES:

　　　　　For the State:
　　　　　　Buster Landreau, Esq.
　　　　　　Chief Deputy District Attorney

　　　　　For the Defendant:
　　　　　　John M. Britton, Esq.
　　　　　　Phenix City, Alabama


Linda S. Wilson
Official Court Reporter

THE COURT:  This will apply to each defendant in each case.  Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself.  Your attorney cannot disclose any confidential talks he or she has had with you.  You are not required to answer any questions.  If you do answer questions knowing that have you a right to remain silent, you will have waived this right.

You have the right to enter and continue to assert a plea of not guilty or not guilty by reason of mental disease or defect and have a public trial before a duly selected jury.  The jury would decide your guilt or innocence based upon the evidence presented before them.  If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross-examine your accuser or accusers and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their

testimony required by the Court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross-examined by the State just as any other witness is subjected to cross-examination. If you decide not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your attorney is bound to do everything he or she can reasonably and honorably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. The presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury or the Court, if the trial should be a non-jury trial, of your guilt beyond a reasonable doubt. You have no burden of proof in any of these cases. If the State fails to meet its burden, you would be found not guilty.

If any of you are entering a plea of guilty to a charge for which you have not yet been indicted, you are waiving indictment by a grand

jury and will be pleading guilty to a charge preferred against you by the District Attorney's office which is an information which will be filed with the Court.

If you plead guilty in any of these cases, there will be no trial, you'd be waiving the rights outlined above, except your rights relating to representation by an attorney, the State will have nothing to prove and you will be convicted and sentenced based upon your guilty plea. You will, however, still have the right of appeal.

If any of you are convicted of an offense involving which would be alcohol or drug related, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any cost of program to which you're referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including

random drug and alcohol testing or blood, urine
and/or breath test and to pay a fee for this
service.  You may request a waiver of part or all
of the fees assessed if you're indigent or for
any portion of time you're financially unable to
pay.  Community service may be ordered by the
Court in lieu of the monetary payment of fees.

Under the Drug Demand Reduction Assessment
Act and loss of driving privilege under that Act,
Section 13A-12-281 provides that if you're
convicted of a violation of Section 13A-12-202,
Section 13A-12-203, 204, 213, 215 of possession
of a controlled substance by a person over the
age of 18, or Section 13A-12-223, you should be
assessed an additional fee of $1,000.00 if you're
a first-time offender or $2,000.00 if you're a
repeat offender under one of these sections.
Collection of all or part of the penalty will be
suspended if, with Court approval, you enter a
drug rehabilitation program and if you agree to
pay for a part or all the program costs.  Upon
successful completion of the program, you may
apply to the Court to reduce the penalty by the
amount actually paid by you for participation in
the program.  Any suspension of the penalty may

1  be withdrawn by the Court if you fail to enroll

2  in or successfully pursue or otherwise fail to

3  complete an approved program.

4      In addition, pursuant to Section 13A-12-214,

5  you will lose your privilege to drive a motor

6  vehicle for a period of six months which shall be

7  in addition to any suspension or revocation

8  otherwise provided by law.

9      THE COURT:  Mr. Heath also has two

10  indictments which have been returned to him, and

11  the indictments in Case Number CC 2001-36 is a

12  two-count indictment.  In Case Number CC 2001-30,

13  the Defendant, Roy D. Heath, is charged with the

14  unlawful distribution of marijuana, a controlled

15  substance.  The indictment alleges that he did

16  unlawfully sell, furnish, give away, manufacture,

17  deliver or distribute marijuana, a controlled

18  substance, in violation of Section 13A-12-211 of

19  the Code of Alabama of 1975, as amended.  The

20  charge of unlawful distribution of a controlled

21  substance is a Class B felony with a possible

22  sentencing range for a first time offender being

23  not less than two, no more than 20 years

24  imprisonment in the state penitentiary, and a

25  fine of up to but not more than $10,000.00 could

be imposed.

In Case Number CC 2001-36, in Count 1 of the indictment, the Defendant is charged with the offense of unlawful distribution of marijuana, a controlled substance, and that indictment alleges that he did unlawfully sell, furnish, give away, manufacture, deliver or distribute marijuana, a controlled substance, in violation of Section 13A-12-211 of the Alabama Code.   It also is a Class B felony.

Count 2 of the indictment alleges that Roy D. Heath did possess marijuana, a controlled substance, for other than his personal use, in violation of Section 13A-12-213 of the Code of Alabama of 1975, and Count 2 of the indictment is a Class C felony with a possible sentencing range for a first time offender being not less than one year and one day, no more than 10 years imprisonment in the state penitentiary, and may include a fine of up to but not more than $5,000.00.

It, however, is stipulated that the Defendant has three prior felony convictions, and he would fall under Alabama's Habitual Offender Law with a possible sentencing range for a Class

B felony being for a term of not less than 20 years or mandatory life imprisonment or a fine of up to $20,000.00, and the punishment for a Class C felony as an habitual offender would be not less than 15, no more than 99 years or life in the state penitentiary, and a fine of up to $20,000.00 could be imposed as well as a Victims Compensation Fund fee of not less than 50, no more than $10,000.00, could be imposed.

Section 13A-12-250 and Section 13A-12-270 would apply in these cases. Under Section 13A-12-250 of the Code of Alabama, that section provides that any person who is convicted of unlawfully selling any controlled substance within a three-mile radius of a public or private school, college, university or other educational institution must be punished by an additional penalty of five years imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

Section 13A-12-270 of the Alabama Code provides that any person who is convicted of unlawfully selling any controlled substance

within a three-mile radius of a public housing
project owned by a Housing Authority must be
punished by an additional penalty of five years
imprisonment in a state correctional facility for
each violation.  This period of imprisonment is
mandatory and the punishment imposed shall not be
suspended or probation granted.

The Drug Demand Reduction Assessment Act
applies as well as the loss of driving privilege
and the section I previously read out on alcohol
or drug-related offenses applies.

What grade did you last complete in school,
Mr. Heath?

THE DEFENDANT:  Tenth.

THE COURT:  Can you read, write and
understand the English language?

THE DEFENDANT:  Yes, sir.

THE COURT:  Is there anything about this
Explanation of Rights and Plea of Guilty form
that I've read or explained to you or that Mr.
Britton has read or explained to you that you
don't understand?

THE DEFENDANT:  No, sir.

THE COURT:  Do you have any questions about
this Explanation of Rights form?

1      THE DEFENDANT:  No, sir.

2      THE COURT:  Has anyone offered you any

3  promise or inducement or hope of reward to entice

4  you to enter into a plea of guilty to each of

5  these three cases?

6      THE DEFENDANT:  No, sir.

7      THE COURT:  Has anybody threatened or

8  coerced you in any way to force you to enter into

9  a plea of guilty?

10     THE DEFENDANT:  No, sir.

11     THE COURT:  This is a knowing and voluntary

12  entry of plea of guilty on your part to both

13  counts of distribution of marijuana as well as

14  unlawful possession of marijuana in the first

15  degree, a controlled substance?  You're entering

16  a plea of guilty voluntary to each of these three

17  cases and that you're doing so knowingly and

18  voluntarily?

19     THE DEFENDANT:  Yes, sir.

20     THE COURT:  The indictments that I read out

21  to you, two of them charge you with unlawful

22  distribution of a controlled substance,

23  marijuana, and prior to your arrest -- what date

24  does the State allege that the sale in Case

25  Number CC 2001-30 took place?

MR. LANDREAU:  April 28th, 2000.

THE COURT:  Did you on or about April the 28th of the year 2000 sell marijuana to someone?

THE DEFENDANT:  Yes, sir.

THE COURT:  Where were you at the time?

THE DEFENDANT:  At a rental property I had at 915 13th Avenue.

THE COURT:  And that's in Phenix City and Russell County, Alabama?

THE DEFENDANT:  Uh-huh (positive response.)

THE COURT:  Did you have marijuana in your possession at the time?

THE DEFENDANT:  Yes, sir.

THE COURT:  And did you sell marijuana to someone else?

THE DEFENDANT:  Yes, sir.

THE COURT:  Who did you sell it to?

THE DEFENDANT:  To an undercover officer.

THE COURT:  How much did you sell?

THE DEFENDANT:  A pound.

THE COURT:  And for how much?

THE DEFENDANT:  I don't know.  I don't directly know.

MR. LANDREAU:  Judge, I believe Mr. Heath is mistaken.  The pound occurred on the second

1    sale.  The first sale was 27.62 grams which is

2    roughly one ounce.

3          MR. BRITTON:  Right.  There were two

4    separate cases.

5          MR. LANDREAU:  There were two different

6    sales.

7          THE COURT:  Did you sell one ounce of

8    marijuana?

9          THE DEFENDANT:  Right.

10         THE COURT:  And how much did you receive for

11   that?

12         THE DEFENDANT:  120, I think.

13         THE COURT:  About $20.00?

14         MR. BRITTON:  $120.00, Judge.

15         THE DEFENDANT:  120.

16         THE COURT:  $120.00.  And you knew that you

17   did not have any right to sell the marijuana?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Are you guilty of the offense of

20   unlawful distribution of marijuana in Case Number

21   CC 2001-30?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  To that charge, how do you

24   plead, guilty or not guilty?

25         THE DEFENDANT:  Guilty.

1   THE COURT:  When does the State allege the

2   offense occurred in Case Number 2001-36?

3   MR. LANDREAU:  May 4th of 2000.  The amount

4   involved would be one pound.

5   THE COURT:  All right.  Did you agree to

6   sell one pound of marijuana on or about May 4th

7   of the year 2000?

8   THE DEFENDANT:  Yes, sir.

9   THE COURT:  Where did that take place?

10  THE DEFENDANT:  915 13th Avenue.

11  THE COURT:  Same location in Russell County?

12  THE DEFENDANT:  Yes, sir.

13  THE COURT:  And who was it that you agreed

14  to sell marijuana to then?

15  THE DEFENDANT:  Undercover.

16  THE COURT:  And did you, in fact, sell that

17  marijuana?

18  THE DEFENDANT:  Yes, sir.

19  THE COURT:  And how much did you receive for

20  that one pound of marijuana?

21  THE DEFENDANT:  I don't know.  I never did

22  receive the money yet before they got me.

23  THE COURT:  Well, did you negotiate a price?

24  THE DEFENDANT:  A thousand, I think.

25  THE COURT:  $1,000.00 for the pound?  And

1    did you actually deliver the marijuana to

2    someone?

3         THE DEFENDANT:  It was delivered to them.

4         THE COURT:  Are you guilty of the offense of

5    unlawful distribution of marijuana, a controlled

6    substance, in that case?

7         THE DEFENDANT:  Yes, sir.

8         THE COURT:  To that charge, how do you

9    plead, guilty or not guilty?

10        THE DEFENDANT:  Guilty.

11        THE COURT:  Did you have other marijuana in

12   your possession other than the pound that you

13   tried to sell?

14        THE DEFENDANT:  No, sir.

15        THE COURT:  What does the State allege in

16   Count 2 is the reason they're proceeding on the

17   possession charge?

18        MR. LANDREAU:  One moment, Your Honor.

19   Judge, this sale was set up at his home.  It did

20   involve an amount of one pound.  The arrest was

21   made at that time, and as I recall, there was

22   some additional marijuana located in a gym bag

23   which Mr. Heath indicated was his bag.

24        THE DEFENDANT:  Yeah.

25        THE COURT:  And how much was in that gym

1    bag?

2        THE DEFENDANT:  I have no idea.

3        THE COURT:  Was that yours?

4        THE DEFENDANT:  Yes, sir.

5        THE COURT:  Did you know it was marijuana?

6        THE DEFENDANT:  Yes, sir.

7        THE COURT:  Was it in bags or was it rolled

8    in cigarettes?  How was it contained?

9        THE DEFENDANT:  It was in bags, I think.

10        THE COURT:  And that's at your residence in

11    Russell County?

12        THE DEFENDANT:  Yeah.  It was in the car, I

13    think.

14        THE COURT:  Are you guilty of the offense of

15    unlawful possession of marijuana in the first

16    degree in Count 2 of the indictment?

17        THE DEFENDANT:  Yes, sir.

18        THE COURT:  To that charge, how do you

19    plead, guilty or not guilty?

20        THE DEFENDANT:  Guilty.

21        THE COURT:  Is there anything about the

22    charge of distribution of a controlled substance

23    or possession of a controlled substance that you

24    don't understand?

25        THE DEFENDANT:  No, sir.

1    THE COURT:  Any questions about the charges

2    pending against you?

3    THE DEFENDANT:  No, sir.

4    THE COURT:  The plea bargain agreement that

5    I have before me indicates that upon your plea of

6    guilty in each of these cases, the State would

7    recommend that you be sentenced to 30 years in

8    the custody of the Commissioner of the Department

9    of Corrections, that you pay the court costs of

10   each case, a $1,000.00 penalty mandated by the

11   Demand Reduction Assessment Act.

12   Do any of your previous convictions involve

13   sale or use of drugs?

14   THE DEFENDANT:  No, sir.

15   THE COURT:  So the $1,000.00 penalty would

16   apply.  You would be ordered to pay a $100.00

17   Forensic Science Fund fee and a $100.00 Victims

18   Compensation Fund fee, and your driver's license

19   would be suspended and that would apply in each

20   of the three counts.

21   The 30 years shall consist of 20 years for

22   violation of Section 13A-12-211, an additional

23   five years mandated by Section 13A-12-250 for the

24   sale of a controlled substance at or near a

25   school campus, an additional five years mandated

by Section 13A-12-270 for the sale of a
controlled substance at or near a public housing
project, and for purposes of this plea, the
Defendant agrees to stipulate that the act
occurred within three miles of both a school and
a housing project and the State of Alabama would
not have to make further proof of that. The same
sentence would apply in Count 1 of Case Number CC
2001-36.

In Count 2 of the indictment, the State
would recommend that the Defendant be sentenced
to 30 years concurrent with the sentences imposed
in the other cases, he pay the court costs, the
$1,000.00 penalty mandated by the Demand
Reduction Assessment Act, a $100.00 Forensic
Science Fund fee and a $100.00 Victims
Compensation Fund fee, and his license would be
revoked for a period of six months in that case
as well. It's stipulated that the Defendant has
three prior felony convictions and the State
would not have to make any further proof of those
convictions.

The Defendant would be ordered to make
payments on his fines, court costs and
restitution at the rate of at least $100.00 per

month beginning 90 days after his release from confinement or on the placing of any work release program.  Failure to make those payments as ordered could result in a 30 percent collection fee being added to any balance which is 90 days past due as well as a wage withholding order could be issued for that past due balance.

By entering into this plea bargain agreement, the Defendant agrees in each of these three counts of the two indictments not to file any post-conviction petition or remedy, including the filing of a Rule 32 petition, a motion to set aside his plea of guilty or any sentence that may be imposed, or an appeal of any conviction that may be imposed in each of these cases, and if he does so, then the cases could be restored to the trial docket.

One thing that I will point out to the Defendant that is not part of the plea bargain agreement but could be part of the sentencing it would impose, because these two sales took place on separate and distinct occasions, it could be that the sentences could run concurrent with each other or consecutive with each other, concurrent meaning the sentences could run at the same

1    time.  Consecutive meaning you could serve

2    one-third of your sentence and then after you

3    finish that, you would serve another 30-year

4    sentence which would, in effect, double the

5    amount of time that you would be ordered to serve

6    in jail.  It's stipulated, however, by the

7    agreement that all sentences would run concurrent

8    with each other.

9         Is there anything about this plea bargain

10   agreement that you don't understand, Mr. Heath?

11        THE DEFENDANT:  No, sir.

12        THE COURT:  Any questions about it?

13        THE DEFENDANT:  No, sir.

14        THE COURT:  Are you satisfied with the legal

15   representation you've received from Mr. Britton

16   in these cases?

17        THE DEFENDANT:  Yes, sir.

18        THE COURT:  And are you satisfied with the

19   plea bargain agreement that's been negotiated on

20   your behalf?

21        THE DEFENDANT:  Yes, sir.

22        THE COURT:  And you understand that the 30

23   years is the minimum sentence that you could

24   receive in each of -- in two of these cases?

25        THE DEFENDANT:  Yes, sir.

1        THE COURT:  And then the minimum sentence on

2    the possession case would have been 15 to 99?

3        MR. BRITTON:  Yes, sir.

4        THE COURT:  Court then would accept your

5    plea of guilty and would adjudicate you guilty of

6    the two counts of unlawful distribution of

7    marijuana, a controlled substance, and also of

8    unlawful possession of marijuana in the first

9    degree.

10       Do you wish to have a pre-sentence report

11   completed in this matter?

12       MR. BRITTON:  Yes, we do, Your Honor.  Yes,

13   sir, Your Honor.

14       THE COURT:  I would direct that a

15   pre-sentence report be completed in this matter,

16   and the cases would be set for sentencing on May

17   31st and that will be at 9:30 a.m.

18       MR. BRITTON:  Thank you very much, Judge.

19       THE COURT:  He'll need to meet with the

20   probation officer before he leaves.

21       MR. BRITTON:  Yes, sir.

22              (End of proceedings.)

23

24

25

STATE OF ALABAMA

IN THE CIRCUIT COURT FOR THE COUNTY OF RUSSELL

TWENTY-SIXTH JUDICIAL CIRCUIT

CRIMINAL


STATE OF ALABAMA

     v.                         Case No. CC 01-30
                                     CC 01-36

ROY DAVID HEATH,

       Defendant.
_____/


### S E N T E N C I N G

Before:

                Honorable George R. Greene
                  Phenix City, Alabama - May 31, 2001


APPEARANCES:

                For the State:
                    Buster Landreau, Esq.
                    Chief Deputy District Attorney

                For the Defendant:
                    John M. Britton, Esq.
                    Phenix City, Alabama


Linda S. Wilson
Official Court Reporter

1    THE COURT:  Roy D. Heath?

2         (Defendant approaches the bench.)

3    THE COURT:  This matter was set for

4    sentencing.  Does Mr. Heath have anything to

5    present in either of the cases, CC 2001-30, 36,

6    Count 1 or Count 2?

7    MR. BRITTON:  I believe Mr. Heath wants to

8    say something to the Court.

9    THE DEFENDANT:  Sir, I was going to ask you,

10   could you give me a little more time before you

11   put me in jail because my mom, she's hurt real

12   bad, and I ain't been able to tell her I'm going

13   to jail.  They've got her in CCU in Birmingham,

14   and I can't tell her that I'm going away for a

15   while.  She won't be able to see me because she

16   can't get around after she gets out, if she gets

17   out, and I need a little more time with her.

18   THE COURT:  Well, I'm going to decline to

19   continue this any further.  Is there anything

20   else you want to say?

21   THE DEFENDANT:  Decline, what do you mean?

22   MR. BRITTON:  Is there anything else you

23   want to say?

24   THE DEFENDANT:  Yes, sir.  I need to stay

25   out and see my mom so I can tell her.

1    THE COURT:  Well, people stay out of jail

2  don't need to be selling drugs.

3    THE DEFENDANT:  Yes, sir.

4    THE COURT:  That was the priority and that's

5  what you should have thought of before you were

6  out selling drugs.

7    THE DEFENDANT:  Yes, sir.  But I need to --

8  I need a little more time so I can be with her.

9  They've got her on life support.

10    THE COURT:  What about no did you not

11  understand?

12    THE DEFENDANT:  I understand, sir.  I don't

13  wish to withdraw my plea in order to stay out,

14  but if that will help me stay out, I got to do

15  that, too.  I don't want to, but --

16    THE COURT:  All right.  Court at this time

17  in Case Number CC 2001-30, having previously

18  adjudicated the Defendant guilty of the offense

19  of unlawful distribution of marijuana, a

20  controlled substance, would sentence the

21  Defendant to 30 years in the custody of the

22  Commissioner of the Department of Corrections.

23  The 30-year sentence would include a five-year

24  enhancement pursuant to Section 13A-12-270 of the

25  Alabama Code, an additional five years

1    enhancement pursuant to Section 13A-12-250 of the

2    Alabama Code.  That sentence would run concurrent

3    with any sentences imposed in Case Number

4    CC 2001-36, Counts 1 and 2.

5        Defendant would be ordered to pay the court

6    costs of this case, would be assessed a $100.00

7    Victims Compensation Fund fee, and would be

8    assessed a $1,000.00 penalty mandated by the

9    Demand Reduction Assessment Act.  He'll be

10   ordered to pay the $100.00 Forensic Services

11   Trust Fund fee.

12       As a part of this sentence, he'll be

13   required to undergo treatment in a substance

14   abuse program while in the custody of the

15   Commissioner of the Department of Corrections.

16   His driver's license would be suspended for a

17   period of six months.  And in all three of these

18   cases, he's to reimburse the State of Alabama the

19   cost of appointed counsel, if any.  And as a

20   condition of parole, participation in an early

21   release, S.I.R. or work release program, he's to

22   pay all court-ordered monies.

23       In Case Number CC 2001-36, the Court having

24   previously adjudicated the Defendant guilty of

25   the offense of unlawful distribution of

marijuana, would sentence the Defendant to 30 years in the custody of the Commissioner of the Department of Corrections.   That sentence would include five years enhancement pursuant to Section 13A-12-270, an additional five years enhancement pursuant to Section 13A-12-250, and again, the sentences would run concurrent with any sentence imposed in Case Number CC 2001-30 and 2001-36, Count 2.   The Defendant will be given credit for any time served in jail.

He's ordered to pay the court costs of this case, a $100.00 Victims Compensation Fund fee, and would be assessed a $1,000.00 penalty mandated by Section 13A-12-280 of the Demand Reduction Assessment Act.  He would be ordered to pay the $100.00 Forensic Services Trust Fund fee, and shall undergo a substance abuse program and treatment while in the custody of the Commissioner of the Department of Corrections.

In Case Number CC 2001-36, Count 2, the Defendant having previously been convicted of the offense of unlawful possession of marijuana in the first degree, Court would sentence him to 30 years in the custody of the Commissioner of the Department of Corrections.   That sentence would

1    run concurrent with the sentences previously

2    imposed in Cases Number CC 2001-30 and 2001-36,

3    Count 1.  Again, he'll be given credit for time

4    served against all three cases.

5        He's ordered to pay the court costs of this

6    case, a $100.00 Victims Compensation Fund fee,

7    and would be assessed the $1,000.00 penalty

8    mandated by the Demand Reduction Assessment Act.

9    And as a condition of a violation of the section

10   in this case, he would be ordered to pay the

11   $100.00 Forensic Services Trust Fund fee.  He'll

12   be required to complete a substance abuse

13   program, and his driver's license would be

14   suspended for a period of six months.

15       In all three of these cases, the Defendant

16   has the right to appeal his conviction and

17   sentence, and if declared indigent, he has the

18   right to appointed counsel and a court reporter's

19   transcript would be provided without cost to

20   him.  Thank you.

21       MR. BRITTON:  Thank you, Judge.  Did you

22   want to say something?

23       THE DEFENDANT:  Yes, sir.  Is there any way

24   I can withdraw my plea, sir?

25       THE COURT:  You'll need to file something in

1    writing, but you understand that that would set

2    aside your plea bargain agreement where you would

3    no longer get a minimum sentence, be eligible for

4    that?

5        THE DEFENDANT:  Yes, sir.

6        THE COURT:  Okay.

7        MR. BRITTON:  Thank you, Judge.

8          (End of proceedings.)

CERTIFICATE OF COMPLETION OF REPORTER'S TRANSCRIPT

ROY DAVID HEATH,                    TO: The Clerk of the Court of
                                         Criminal Appeals of
          Appellant                      Alabama

          v.                        On Appeal From the
                                    Circuit Court of Russell
STATE OF ALABAMA                    County

                                    CASE NOS. CC 01-30 & 36

                                    DATE OF NOTICE OF APPEAL:
                                    July 11, 2001

     I certify that I have this date completed and
filed with the clerk of the trial court the original
of a true and correct transcript of the proceedings
designated in the Reporter's Transcript Order. All
pages are numbered serially, in the upper right corner
of each page, prefaced by a copy of the Reporter's
Transcript Order (Page No. 1) and an index, and ending
with the number appearing in the upper right corner of
this certificate.
     I certify that a copy of this certificate is this
date being served on counsel for defendant, the
Attorney General of Alabama, and the District
Attorney, along with a copy of the index.
     DATED this 28th day of November, 2001.

                              Linda S. Wilson
                           Official Court Reporter