COURT OF CRIMINAL APPEALS NO. _CR-01-2444_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

## CIRCUIT COURT OF _____RUSSELL_____ COUNTY, ALABAMA

CIRCUIT COURT NO. _CC 01-30.60 & CC 01-36.60_

CIRCUIT JUDGE _HON. GEORGE R. GREENE_

Type of Conviction / Order Appealed From: _PETITION FOR RULE 32_

Sentence Imposed: _DISMISSED_

Defendant Indigent: ☒ YES  ☐ NO

ROY DAVID HEATH

_____ **NAME OF APPELLANT**

ROY DAVID HEATH AIS#21734$
(Appellant's Attorney)                    (Telephone No.)
FOUNTAIN 3800
(Address)
ATMORE, AL  36503-3800
(City)          (State)          (Zip Code)

### V.

## STATE OF ALABAMA

(State represented by Attorney General)                    **NAME OF APPELLEE**

NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

1/7/03 — Dismissed on motion of
the appellant.



EXHIBIT
D
PENGAD 800-631-6989

INDEX TO TRANSCRIPT

PAGE

Case Action Summary CC 01-30.60                          1

In Forma Pauperis Declaration                            3

Motion to Proceed In Forma Pauperis                      6

Petition for Relief from Conviction or Sentence
Pursuant to Rule 32                                      8

Order of Dismissal                                      29

Motion for Stay                                         31

Notice of Appeal                                        33

Docketing Statement                                    34

Reporter's Transcript Order                            36

Notice of Appeal to the Court of Criminal Appeals
by the Trial Court Clerk                               37

Case Action Summary CC 01-36.60                        38

In Forma Pauperis Declaration                          40

Motion to Proceed In Forma Pauperis                    43

Petition for Relief from Conviction or Sentence
Pursuant to Rule 32                                    45

Order of Dismissal                                     69

Motion for Stay                                        71

Notice of Appeal                                       73

Docketing Statement                                    74

Reporter's Transcript Order                            76

PAGE

Notice of Appeal to the Court of Criminal Appeals
by the Trial Court Clerk                                        77

Certificate of Completio and Transmittal of Record
on Appeal by the Trial Court Clerk                             78

C00001

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2001 000030.60
OPER: SHG                    CASE ACTION SUMMARY
PAGE:   1                    CIRCUIT  CRIMINAL            RUN DATE: 11/06/2002
=====================================================================================
IN THE CIRCUIT COURT OF  RUSSELL
                                                                    JUDGE: GRG

STATE  OF  ALABAMA              VS      HEATH ROY DAVID
                                        217344
CASE: CC 2001 000030.60                 FOUNTAIN 3800
                                        ATMORE, AL  36503 3800

DOB: 12/23/1960        SEX: M  RACE: W  HT: 5 06  WT: 195  HR: BRO EYES: BRO
SSN: 259271658  ALIAS NAMES:
=====================================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER:        SL00035

DATE WAR/CAP ISS:                  DATE ARRESTED:
DATE    INDICTED: 01/12/2001       DATE    FILED: 06/06/2002
DATE    RELEASED:                  DATE  HEARING:
        BOND AMOUNT:        $.00       SURETIES:

DATE 1:             DESC:          TIME: 0000
DATE 2:             DESC:          TIME: 0000

TRACKING NOS:                    /                      /

   DEF/ATY:                        TYPE:                     TYPE:


                   00000                        00000

PROSECUTOR:


=====================================================================================
OTH CSE:  000000000000 CHK/TICKET NO:                GRAND JURY: 172
COURT REPORTER:                   SID NO:      000000000
DEF STATUS: PRISON                DEMAND:
                                                        OPER: SHG
=====================================================================================
  TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                      OPE
=====================================================================================
| 06/06/2002 | IN FORMA PAUPERIS DECLARATION                      | JOS |
|------------|---------------------------------------------------|-----|
| 06/06/2002 | MOTION TO PROCEED IN FORMA PAUPERIS                | JOS |
|------------|---------------------------------------------------|-----|
| 06/06/2002 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE    | JOS |
|------------|---------------------------------------------------|-----|
| 07/17/2002 | ORDER OF DISMISSAL                                 | JOS |
|------------|---------------------------------------------------|-----|
| 07/17/2002 | TRANSMITTAL NOTICE      SENT TO DEFENDANT  (AR09)  | JOS |
|------------|---------------------------------------------------|-----|
| 07/17/2002 | CASE ACTION SUMMARY PRINTED             (AR08)     | JOS |
|------------|---------------------------------------------------|-----|
| 09/05/2002 | NOTICE OF APPEAL                                   | JOS |
|------------|---------------------------------------------------|-----|
| 09/05/2002 | CASE APPEALED ON: 08/23/2002            (AR10)     | SHG |
|------------|---------------------------------------------------|-----|
| 09/05/2002 | APPEAL "TO" TYPE: "R"                   (AR10)     | SHG |
|------------|---------------------------------------------------|-----|
| 09/05/2002 | COPY OF MOTION TO STAY FILED IN THE COURT OF       | JOS |
|------------|---------------------------------------------------|-----|
| 09/05/2002 | DOCKETING STATEMENT                                | JOS |
|------------|---------------------------------------------------|-----|
| 09/05/2002 | REPORTER'S TRANSCRIPT ORDER                        | JOS |
|------------|---------------------------------------------------|-----|
| 09/18/2002 | CLERKS REQUEST FROM EXTENSION TO FILE RECORD ON    | SHG |
|------------|---------------------------------------------------|-----|
| 09/18/2002 |   APPEAL                                           | SHG |
|------------|---------------------------------------------------|-----|
| 09/19/2002 | CLERK'S REQUEST FOR EXTENSION                      | SHG |
|------------|---------------------------------------------------|-----|
| 09/26/2002 | ORDER FOR EXTENSION TO OCTOBER 11, 02              | SHG |
|------------|---------------------------------------------------|-----|
| 10/15/2002 | CLERK'S REQUEST FOR 28 DAY EXTENSION               | SHG |
|------------|---------------------------------------------------|-----|
```

C00002

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM     CASE: CC 2001 000030.60
OPER: SHG                    CASE ACTION SUMMARY
PAGE:    2                   CIRCUIT   CRIMINAL               RUN DATE: 11/06/2002
========================================================================================
IN THE CIRCUIT COURT OF  RUSSELL
                                                                         JUDGE: GRG
STATE  OF  ALABAMA                      VS        HEATH ROY DAVID
                                                  217344
CASE: CC 2001 000030.60                           FOUNTAIN 3800
                                                  ATMORE, AL  36503 3800

DOB: 12/23/1960        SEX: M  RACE: W  HT: 5 06  WT: 195   HR: BRO EYES: BRO
SSN: 259271658  ALIAS NAMES:
========================================================================================
   TRANS DATE  |  ACTIONS, JUDGEMENTS, AND NOTES                           | OPE
========================================================================================
| 10/18/2002 | ORDER OF EXTENSION TO NOVEMBER 1, 02                        | SHG |
|------------|------------------------------------------------------------|-----|
| 10/30/2002 | CLERK'S REQUEST FOR EXTENSION                               | SHG |
|------------|------------------------------------------------------------|-----|
| 11/01/2002 | ORDER OF EXTENSION TO NOVEMBER 8, 02                        | SHG |
|------------|------------------------------------------------------------|-----|
| 11/06/2002 | CERTIFICATE OF COMPLETION AND TRANSMITTAL OF                | SHG |
|------------|------------------------------------------------------------|-----|
| 11/06/2002 |    RECORD ON APPEAL BY TRIAL COURT CLERK                    | SHG |
|------------|------------------------------------------------------------|-----|
| 11/06/2002 | CASE ACTION SUMMARY PRINTED                 (AR08)          | SHG |
|------------|------------------------------------------------------------|-----|
```

MAY 2 0 REC'D 000003

Case Number
CC- 01 .-/ 305/36 . 6

ID     YR     NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

## IN THE CIRCUIT COURT OF RUSSELL COUNTY

[Insert appropriate court]

ROY DAVID HEATH     AIS #217344

(Petitioner)

vs.

STATE OF ALABAMA

(Respondent(s)

### DECLARATION IN SUPPORT OF REQUEST TO PROCEED
### IN FORMA PAUPERIS

I, _____ROY DAVID HEATH_____ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?     Yes _____     No __X__

    a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

    _____N/A_____

    _____

    b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

    _____March 15, 2001_____

    _____

2.  Have you received within the past twelve months any money from any of the following sources?

    a.  Business, profession, or other form of self-employment?

    Yes _____     No __X__

    b.  Rent payments, interest, or dividends?

    Yes _____     No __X__

    c.  Pensions, annuities, or life insurance payments?

    Yes _____     No __X__

    d.  Gifts or inheritances?

    Yes _____     No __X__

    e.  Any other sources?

    Yes _____     No __X__

C00004

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

N/A

_____

_____

_____

_____

3.  Do you own cash, or do you have money in a checking or savings account?

    Yes _____          No __X__

    (Include any funds in prison accounts.)

    If the answer is "yes", state the total value of the items owned.

    N/A

    _____

    _____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

    Yes _____          No __X__

    If the answer is "yes", describe the property and state its approximate value.

    N/A

    _____

    _____

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

    Wife

    _____

    _____

    I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __5/19/02_____.
                    (Date)

                              _____Roy David Heath_____
                              Signature of Petitioner
                              Roy David Heath, 217344

                         **CERTIFICATE**

    I hereby certify that the petitioner herein has the sum of $ __02/100__ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said __Fountain Corr. Center__ institution:

_____

____See attached monthly averages printout._____

___5-21-02_____
   DATE

                              _____Sylvia D. Hanelon_____
                              AUTHORIZED OFFICER OF INSTITUTION

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
FOUNTAIN CORRECTIONAL CENTER

C00005

AIS #:  217344            NAME:   HEATH, ROY DAVID

THESE FIGURES ARE AS OF:   05/20/2002

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| NOV | 10 | $0.56 | $0.00 |
| DEC | 31 | $5.84 | $40.00 |
| JAN | 31 | $9.36 | $115.00 |
| FEB | 28 | $10.86 | $110.00 |
| MAR | 31 | $6.59 | $60.00 |
| APR | 30 | $7.04 | $80.00 |
| MAY | 20 | $4.18 | $60.00 |

Average 6 Months Balance          $7.41          $77.50

_Sylvia D. Harrelson_
Sylvia D. Harrelson, PMOD Clerk

STATE OF ALABAMA, ESCAMBIA COUNTY, SWORN TO AND SUBSCRIBED BEFORE ME THIS
20th DAY OF MAY, 2002.

_J Patrick McKay_ ,Notary Public

MY COMMISSION EXPIRES OCT. 25, 2004

CC0006

IN THE CIRCUIT COURT OF RUSSELL COUNTY

FOR THE TWENTY-SIXTH JUDICIAL DISTRICT

PHENIX CITY, ALABAMA

ROY DAVID HEATH,                    )
    Petitioner,                     )
                                    )
                                    )
    vs.                             )          Case No. <u>CC-01-030</u>.60
                                    )                   <u>CC-01-036</u>.60
                                    )
STATE OF ALABAMA,                   )
    Respondent.                     )

## MOTION TO PROCEED IN FORMA PAUPERIS

    **COMES NOW** THE Petitioner, Roy David Heath, by and through himself, in the above-styled cause, wherein a jufgment of conviction and sentence for the crime(s) of Distribution of Controlled Substances (x2) and the Unlawful Possession of Marijuana; first degree were entered aginst him on May 31, 2001, and informs this Honorable Court that he desires to seek relief from his conviction and sentence before this Court.

    The Petitioner is incarcerated and serving a thirty (30) year prison term and thus is wholly without funds to pay the filing fee(s) for such an action or such other costs and expenses which may be necessarily incurred in the adjudication of his Rule 32 Petition, as is more fully shown by the attached Declaration of In Forma Pauperis.

C00007

**WHEREFORE**, PREMISES CONSIDERED, Petitioner prays that an Order be entered herein finding him to be an indigent person, authorizing him to proceed with his Rule 32 Petition seeking relief from the conviction and sentence of this Court, in forma pauperis, and authorizing the waiving of all filing fees and costs pertaining to this action.

Respectfully submitted this the _31_ day of _MAY_____, 2002.

X _Roy Heath_

Roy David Heath, Petitioner pro se

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion was mailed to the District Attorney of Russell County, by placing the same in a pre-paid postage affixed and properly addressed envelope, and depositing the same in the United States Mail on: _MAY 31, 2002_____.

X _Roy Heath_

Roy David Heath, Petitioner pro se
AIS #217344, Dorm #7
Fountain Correctional Center
Fountain 3800
Atmore, Alabama 36503-3800

SERVICE TO:

Office of the District Attorney
Russell County, Alabama
Russell County Courthouse
501 14th Street
Phenix City, Alabama 36867

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

(Pursuant to Rule 32,
Alabama Rules of Criminal Procedure)

C00008

Case Number:

CC - 01- 030, 036

| ID | YR | NUMBER |
|----|----|--------|

IN THE _____CIRCUIT_____ COURT OF ___RUSSELL___ ALABAMA

___ROY DAVID HEATH___ vs. ___STATE OF ALABAMA___

Petitioner (Full Name)          Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number ___AIS #217344___ Place of Confinement ___Fountain Corr. Center___

County of conviction ___Russell County, Alabama___

**NOTICE:** BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack ___Russell County Circuit Court___
   ___Phenix City, Alabama___

2. Date of judgment of conviction ___May 31, 2001___

3. Length of sentence ___Thirty Years (30)          each count___

4. Nature of offense involved (all counts) ___Distribution of Marijuana (CC-01-30___
   ___Distribution of a Controlled Substance (CC-01-36) (Count 1)___
   ___Possession of Marijuana (CC-01-36) (Count 2)___

5. What was your plea? (Check one)
   (a) Guilty _X_
   (b) Not guilty _____
   (c) Not guilty by reason of mental disease or defect _____
   (d) Not guilty and not guilty by reason of mental disease or defect _____

6.  Kind of trial: (Check one)

    (a)  Jury _____        (b)  Judge only _____

7.  Did you testify at the trial?

    Yes _____        No <u>X</u>_____

8.  Did you appeal from the judgment of conviction?

    Yes <u>X</u>_____        No _____

9.  If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court   Circuit Court of Russell County, Alabama

        (2)  Result   Anders brief filed - appeal not perfected

        (3)  Date of result   Appeal dismissed on January 29, 2002

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court     N/A

        (2)  Result     N/A

        (3)  Date of result     N/A

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court     N/A

        (2)  Result     N/A

        (3)  Date of result     N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____          No __X__

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

   (a)  (1)  Name of court _____ N/A _____

        (2)  Nature of proceeding _____ N/A _____

        (3)  Grounds raised _____ N/A _____

_____

_____

_____

            (attach additional sheets if necessary)

        (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

            Yes _____          No __X__

        (5)  Result _____ N/A _____

        (6)  Date of result _____ N/A _____

   (b)  As to any second petition, application, or motion, give the same information:

        (1)  Name of court _____ N/A _____

        (2)  Nature of proceeding _____ N/A _____

        (3)  Grounds raised _____ N/A _____

_____

_____

_____

            (attach additional sheets if necessary)

        (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

            Yes _____          No __X__

        (5)  Result _____ N/A _____

        (6)  Date of result _____ N/A _____

   (c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

        (1)  Name of court _____ N/A _____

C00011

(2)  Nature of proceeding ———————— N/A

(3)  Grounds raised ———————— N/A

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes ———              No  X

(5)  Result ———————— N/A

(6)  Date of result ———————— N/A

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes ———              No  X

(2)  Second petition, etc.       Yes ———              No  X

(2)  Third petition, etc.         Yes ———              No  X

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

N/A

_____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

___X___  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)  Conviction obtained by use of coerced confession.

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)  Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

_____X_____ B.  The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C.  The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D.  Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E.  Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

The facts do not merely amount to impeachment evidence; and

the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.  The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

"Successive Petitions.  The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No  X _____

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____ N/A _____

(b)  Result _____ N/A _____

(c)  Date of result _____ N/A _____
     (attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No  X _____

15. Give the name and address. if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing ————— John Britton

P.O. Drawer 1188, Phenix City Alabama 36868-1188

(b) At arraignment and plea ————— -same as "(a)"

(c) At trial ————— -same as "(a)'

(d) At sentencing ————— same as "(a)"

(e) On appeal ————— Charles E. Floyd III

1000 14th Street, P.O. Box 759 Phenix City, Alabama 36868-0759

(f) In any post-conviction proceeding ————— N/A

(g) On appeal from adverse ruling in a post-conviction proceeding —————

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes __X__          No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No __X__

(a) If so, give name and location of court which imposed sentence to be served in the future: —————

N/A

(b) And give date and length of sentence to be served in the future: —————

N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No __X__

18. What date is this petition being mailed?

May 31 , 2002

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

C00015

# PETITIONER'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____ 5·31-02 _____
(Date)

_____
Signature of Petitioner
Roy David Heath, 217344

SWORN TO AND SUBSCRIBED before me this the 31st day of May, 19 2002.

_____
Notary Public

OR

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true _____ and correct. Executed on _____
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

FILED IN OFFICE
2002 JUN -6 PM 1:20
CIRCUIT/DIST. COURT

C00016

IN THE CIRCUIT COURT OF RUSSELL COUNTY
FOR THE TWENTY-SIXTH JUDICIAL DISTRICT
PHENIX CITY, ALABAMA

ROY DAVID HEATH,                           )
    Petitioner,                        )
                                   )
                                   )
    vs.                                )   Case No. <u>CC-01-030</u>.60
                                   )        <u>CC-01-036</u>.60
                                   )
STATE OF ALABAMA,                          )
    Respondent.                        )

### PETITION FOR RELIEF FROM CONVICTION AND SENTENCE
### PURSUANT TO RULE 32, A.R.CRIM.P.
### ATTACHMENT TO THE FORM

    Petitioner Roy David Heath brings this post-conviction action pursuant to Rule 32, **Alabama Rules of Criminal Procedure**, and submits the following for this Honorable Court's consideration:

### INTRODUCTION

    Petitioner Roy David Heath was arrested on or about May 4, 2000 for the Unlawful Distribution of Controlled Substances in Case No. CC-01-030. Petitioner Roy David Heath was also charged on May 4, 2000 with the Unlawful Distribution of Controlled Substances and Unlawful Possession of Marijuana; first degree in Case No. CC-01-036. The Russell County Grand Jury, (January 2001 Term), indicted the Petitioner on these charges in two (2) separate indictments on January 12, 2001.

C00017

The Hon. John Britton represented the Petitioner on the pending charges of the Unlawful Distribution of Controlled Substances (x2), a violation of **Section 13A-12-211**, of the **Code of Alabama 1975**, and the Unlawful Possession of Marijuana; first degree, a violation of **Section 13A-12-213**, of the **Code of Alabama 1975**.

The Petitioner, with retained attorney John Britton, appeared at the Arraignment of the Petitioner on February 16, 2001 and the Petitioner waived a reading of the indictment(s) in open Court and entered a plea of not guilty on all counts.

On April 9, 2001, Petitioner Heath and Attorney Britton appeared before the Circuit Court of Russell County to withdraw his plea of not guilty on all counts and entered a plea of guilt to the offense(s) of Distribution of Controlled Substances (x2) and the Unlawful Possession of Marijuana; first degree. The Court allowed Petitioner Heath to withdraw his plea(s) of guilt on all counts and a Sentencing Hearing was scheduled for May 31, 2001.

The Petitioner was sentenced on May 31, 2001 and his punishment was fixed for the offense of Distribution of Controlled Substances (Count One, CC-01-036), under the Alabama Habitual Felony Offender Act, to a term of thirty (30) years in the State penitentiary. The Petitioner was sentenced for the offense of Unlawful Possession of Marijuana; first degree, (Count Two, CC-01-036), under the provisions of the Alabama Habitual Felony Offender Act, to a term of thirty (30) years in the State penitentiary. The Petitioner was also sentenced for the offense of Distribution of Controlled Substances, to a term of thirty (30) years in the State penitentiary, also pursuant to the Alabama Habitual Felony Offender Act. All three snetences were ordered to run concurrently.

C00018

Written Notice of Appeal was timely filed on July 11, 2001. The Record on Appeal was completed and certified and filed in the Court on July 11, 2001.

Petitioner Heath motioned the Court for appointment of appellate counsel and the Hon. Charles E. Floyd III was appointed to represent the Petitioner on direct appeal.

On January 4, 2002, Attorney Floyd filed a "no merit" brief pursuant to **Anders v. California**, and Motion for Leave to Withdraw as Counsel.

No pro se appeal was perfected.

ON january 29, 2002, the Alabama Court of Criminal Appeals entered a judgment of dismissal on said appeal.

Petitioner Roy David Heath asserts that the errors comitted in his case were of United States Constitutional magnitude and clearly violated his rights by the actions of the trial court and the lawyer(s) who represented him.

000019

## GROUND ONE

WHETHER PETITIONER'S GUILTY PLEA WAS VOLUNTARILY AND KNOWINGLY
ENTERED WHERE PETITIONER WAS SENTENCED CONTRARY TO HIS UNDERSTANDING
OF A PRIOR NEGOTIATED PLEA AGREEMENT.

### ARGUMENT

On April 9, 2001, the Petitioner requested a change of his prior
plea(s) of "not guilty" to the offense(s) of distribution of marijuana,
distribution of marijuana, and possession of marijuana in the first
degree in open court with his attorney, John Britton (now deceased),
present. Judge George Greene and the Petitioner discussed the minimum
and maximum penalties for his crime(s) and the Petitioner acknowledged
that he understood the range of punishment for those crimes.

Prior to Petitioner's withdrawing his plea of "not guilty" to
the aforementioned charges, Attorney John Britton had informed the
Petitioner that a plea agreement had been discussed with the district
attorney's office. Attorney Britton informed Petitioner Heath that if
he withdrew his "not guilty" pleas and entered pleas of "guilt" to
all pending charges, the State was willing to negotiate a deal where
Petitioner would receive a prison term of twenty (20) years with two
(2) five year enhancements to run concurrently with the twenty-year
sentence. It was explained to the Petitioner that the total aggregate
sentence would be twenty years. It was with this understanding that
Petitioner Heath decided to withdraw his prior plea(s) of "not guilty"
and enter into a plea agreement with the State.

-4-

C00020

Petitioner Heath had entered his plea(s) of not guilty based on the fact that he had maintained his innocence to the pending charges and was fully prepared to go to trial. Petitioner contends that the evidence in this case would show that he was in fact not guilty of distributing a controlled substance. Therefore, the sole basis for the Petitioner to withdraw his prior not guilty plea(s) was the inducement of the terms of the plea agreement. The Petitioner was informed that upon his plea of guilt to all pending charges, he would receive a prison term of twenty years with the enhancements running concurrently with the twenty years. The enhancements in this case were pursuant to §13A-12-250 and §13A-12-270 of the Code of Alabama 1975. It should be noted that Count Two of the charge in Case No. CC-01-036 is Unlawful Possession of Marijuana; first degree. This is a Class "C" felony and the law in Alabama does not provide for any enhancements for possession pursuant to §13A-12-250 and §13A-12-270. Yet Petitioner Heath was sentenced to a term of thirty years in this case where the plea agreement clearly stipulated that all three sentences were to be for twenty (20) years.

Petitioner contends that his plea of guilt in this matter was not volunatarily and knowingly entered as the sentences that were imposed upon him are contrary to his understanding of the terms of the plea agreement. Attorney Britton promised Petitioner Heath that his sentence(s) would not exceed a maximum of twenty years. This was to include the enhancements for the school zone and housing project provisions of §3A-12_250 and §13A-12-270. It has long been held under Alabama law

C00021

that in order for a guilty plea to be valid, it must be both voluntarily and knowingly made. See **Hill v. Lockhart**, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985); and **Boykin v. Alabama**, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). It is equally clear that "[a] guilty plea is not voluntary if induced by misrepresentation... **Brady v. United States**, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1969).

The dispositive question in this case is not whether a misrepresentation was actually made, but whether Petitioner Heath's plea of guilt was in fact induced by information or misinformation relayed to him. "[A] plea may be involuntary when an attorney 'materially misinforms the defendant of the consequences of the plea'". See **United States v. Rhodes**, 913 F.2d 839, 843 (10thCir.1990). Petitioner Heath was fully prepared to take his case to trial. He withdrew his prior plea(s) of "not guilty" only after Attorney Britton assured him that his sentence would be only twenty (20) years. At the sentencing hearing on May 31, 2001, Heath was still under the impression that he was being sentenced to a prison term of twenty (20) years with the two enhancements running concurrent with that twenty year term. At the sentencing hearing on May 31, 2001, Petitioner Heath was under tremendous stress caused by the critical illness of his mother who was on life support at the time. Petitioner Heath had requested a continuance and was denied by the trial judge. It is questionable whether Heath was able to comprehend that at sentencing, the judge had deviated from the agreement that Petitioner had previously agreed to when he withdrew his not guilty plea(s) and entered plea(s) of guilt. The sentencing transcript shows that when the court denied Petitioner's request for a continuance, the judge

C00022

also denied the Petitioner's request to withdraw his plea of guilt. Judge Greene informed Heath that a motion would have to be made. Attorney Britton made no motion.

Petitioner Heath's plea of guilt was not knowingly and voluntarily entered as he was sentenced contrary to his understanding of the prison term(s) he would receive under a plea agreement between Attorney Britton and the State. Had Petitioner Heath been aware of the amount of time he would have to serve in prison, he would have chosen to take his case to trial. Therefore, accurate information would have affected his decision to enter his plea of guilt. Thus, an evidentiary hearing would be required in this matter. See **Pitts v. United States**, 763 F.2d 197, 201 (6thCir.1985).

## GROUND TWO

WHETHER PETITIONER'S DUE PROCESS RIGHTS WERE VIOLATED BY THE STATE'S FAILURE TO NOTIFY THE PETITIONER THAT THE STATE INTENDED TO SEEK ENHANCEMENT OF PETITIONER'S SENTENCE FOR DISTRIBUTION OF A CONTROLLED SUBSTANCE BASED ON THE FACT THAT THE SALE ALLEGEDLY OCCURRED WITHIN A THREE-MILE RADIUS OF A SCHOOL AND WITHIN THREE_MILE RADIUS OF A HOUSING PROJECT.

### ARGUMENT

Petitioner Roy David Heath contends that his due process rights were violated when his twenty-year prison sentence was enhanced with an additional ten years in prison because the sale allegedly occurred within a three-mile radius of a school and within a three-mile radius of a housing project pursuant to §13A-12-250 and §13A-12-270 respectively.

Petitioner contends that he was denied due process of law because the state failed to notify him of its intent to invoke the enhancement provisions of §13A-12-250 and §13A-12-270 of the Code of Alabama 1975.

On May 31, 2001, Petitioner Roy David Heath was sentenced in Case No. CC-01-030 to a term of thirty years in the state penitentiary for the unlawful distribution of controlled substances. This thirty-year term was to include an additional five (5) years mandated by §13A-12-250 for the sale near a school campus, and an additional five (5) years mandated by §13A-12-270 for the sale of a controlled substance at or near a public housing project. Petitioner Heath was also sentenced to a prison term pf thirty (30) years in Case No. CC-01-036 for the unlawful sale of a controlled substance. (CountOne). This thirty-year term was to include an additional five years mandated by §13A-12-250

-8-

for a sale near a school campus, and an additional five years mandated
by §13A-12-270 for the sale of a controlled substance at or near a
public housing project.

Petitioner Heath entered his plea of guilt with the belief and
understanding that he was to receive only a twenty-year prison term
and that said twenty years would be for all three cases. Petitioner
was unaware of any enhancement provisions pertaining to the two
charges of distribution of controlled substances. The Petitioner never
received notice from the State that it intended to enhance his sentence
under the provisions of §13A-12-250 and §13A-12-270. Petitioner Heath
never agreed to stipulate to these enhancements and was unaware that
any stipulation had been enetered as part of the plea agreement. The
State never offered any proof at sentencing which would show that the
sale did in fact occur near a school or housing project. The record is
totally devoid of any notice of intent by the State to enhance the
Petitioner's sentence(s) under §13A-12-250 or §13A-12-270. Thus it is
clear that Petitioner Heath was not given notice prior to either his
plea of guilt in this case or at sentencing that either statute would
be used to enhance his sentence.

The Alabama Court of Criminal Appeals has held that prior notice
by the state is required before the enhancement provisions of 13A-12-250
may be applied. In **Cunny v. State**, 629 So.2d 693, 696 (Ala.Cr.App.1993),
the Court of Appeals held:

> "The application of 13A-12-250, like the
> application of the HFOA, is mandatory.
> **Green v. State**, 586 So.2d 54 (Ala.Cr.
> App.1991). As is the case with the HFOA,

-9-

> before the schoolyard statute may be invoked
> the state must give the defendant prior notice
> of its intention to proceed under that statute.
> **Wright v. State**, 560 So.2d 1128 (Ala.Cr.App.
> 1989). Oral notice is sufficient. Id. See also
> **Grider v. State**, 600 So.2d 401 (Ala.Cr.App.),
> cert. denied, **Ex parte Brooks**, 600 So.2d 404
> (Ala.1992)."

The Alabama Court of Criminal Appeals also impliedly held that prior notice is necessary before §13A-12-270 may be invoked. See Id.

It is well settled that prior notification of the State's intent to enhance a defendant's sentence under the provisions of §13A-12-250 and §13A-12-270 is to occur <u>before</u> sentencing the defendant. Petitioner had no opportunity to defend against the application of these two enhancement statutes. See <u>Gandy v. State</u>, 610 So.2d 1242 (Ala.Cr.App.1992). See also <u>Stevens v. State</u>, 659 So.2d 990 (Ala.Cr.App.1994), and also <u>Cunny v. State</u>, 629 So.2d 693 (Ala.Cr.App.1993).

Therefore, Petitioner would show that the record is silent as to any prior notice by the state to enhance his sentence under §13A-12-250 or §13A-12-270 and as such he was denied due process of law. The prosecution offered no proof at sentencing of the relative distance of the Petitioner and the Petitioner was not given notice of the court's intent to invoke the statute(s). Thus this matter warrants an evidentiary hearing or a new sentencing hearing.

-10-

C00025

COURT OF CRI
STATE O
JUDICIAL BUILDING
P.O. BO
MONTGOMERY,

invoked

ior notice

H. W. "Bucky" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

November

at statute.

.Cr.App.

. See also

Cr.App.),

RE: CR-01-2444

o.2d 404

Roy David Heath v. State of Alabama (Appeal f
CC01-36.60).

impliedly held that

be invoked. See Id.

of the State's intent

isions of §13A-12-250

You are hereby notified that the reco
November 6th, 2002. Based on the certificate
appeal, the appellant's brief is due to be fi
appellee by December 4th, 2002. Should the a
his/her brief, the request must be made in ac
informational notice provided to the appellan

e defendant. Petitioner

tion of these two

SPECIAL PROVISION FOR "PRO SE INMATES" TO SER
immediately, the Attorney General has agreed
documents filed by "pro se inmates" via the A
the Court of Criminal Appeals Clerk's Office.
use this alternative method to serve the Att
documents filed in proceedings before the Co
the Attorney General's copy to the Court of
four copies.  To take advantage of this alte
(or other document) that is intended for the
the top "ATTORNEY GENERAL'S COPY," and the
filed with this Court should state that the
Court of Criminal Appeals for service on th
document is required or permitted, the Atto
the date the pro se document is received by
alternative mode of service on the Attorne
are not represented by counsel and applies
Appeals.  Additionally, because the Attorn
appeals from municipal convictions, this a
appealing a conviction for violating a mun

.2d 1242 (Ala.Cr.App.1992).

r.App.1994), and also

.

record is silent as

sentence under §13A-12-

e process of law. The

he relative distance of

IMPORTANT NOTE:  Any brief or document th
service will be deemed to have been condi
certificate of service, please refer to t
the informational notice that was mailed
inmates are hereby placed on notice that
of your filings for service on the oppos
returned to you for copying.

notice of the court's

er warrants an evidentiary

LWM/sm

cc: Roy David Heath, Pro Se, Appellant
    Office of Attorney General

∧1-2444

## GROUND THREE

WHETHER PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE TWO-PRONG TEST SET OUT IN <u>STRICKLAND V. WASHINGTON</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) AT PLEADING AND SENTENCING PHASE OF CRIMINAL PROCEEDINGS, WHICH PREJUDICED THE PETITIONER TO A CONSTITUTIONALLY SIGNIFICANT DEGREE.

### ARGUMENT

On April 9, 2001, Petitioner Roy David Heath and his retained attorney, John M. Britton, Esq., appeared before the Circuit Court of Russell County to withdraw his prior plea(s) of not guilty on all counts and entered a plea of guilt to the offenses of Distribution of Controlled Substances in Case No. CC-01-030 and Distribution of Controlled Substances (Count 1), and Unlawful Possession of Marijuana; first degree (Count 2) in Case No. CC-01-036. The Court allowed Petitioner Heath to withdraw his prior plea(s) of guilt on all counts and a sentencing hearing was scheduled for May 31, 2001.

Petitioner Heath was sentenced on May 31, 2001 in Case No. CC-01-030 to thirty years in the state penitentiary for the Distribution of Controlled Substances. This thirty year sentence was to include a five year enhancement pursuant to §13A-12-250 (sale within three miles of a school campus), and another five year enhancement pursuant to §13A-12-270 (sale within three miles of a public housing project). Petitioner Haeth was also sentenced to a thirty year prison term in Case No. CC-01-036 for the Distribution of Controlled Substances (Count One). This thirty year sentence includes a five year enhancement pursuant to §13A-12-250 (sale within three miles of a school) and

-11-

an additional five years pursuant to §13A-12-270 (sale within three
miles of a public housing project). Petitioner Heath was given a
third thirty-year sentence for the Unlawful Possession of Marijuana,
first degree (Count Two) in Case No. CC-01-036. No enhancement(s)
were applied in the possession case.

Petitioner Roy David Heath was fully prepared to take his case
before a jury of his peers. Petitioner believed that the distribution
charges pending against him were in error and that he could be vindicated
at trial. Attorney John M. Britton was retained by Petitioner Heath.
Attorney Britton came to the Petitioner and advised him that he had
spoke with the district attorney's office and that a possible plea
agreement had been reached. Attorney Britton told Heath that upon his
withdrawal of his not guilty pleas and subsequent plea of guilt to
all pending charges that the State would sentence him to a prison term
of twenty years. No discussion about enhancements took place between
the Petitioner and Attorney Britton. Based on the information and
understanding of the terms of the plea ageement supplied by Attorney
Britton, Petitioner withdrew his prior not guilty pleas and entered
pleas of guilt to all pending cases with the belief that he was going
to receive a twenty year prison term on all three cases and that the
sentence(s) would run concurrently with one another. Petitioner did
not agree to any form of stipulation to any enhancements, either under
the HFOA or the drug enhancements of §13A-12-250 or §13A-12-270. Attorney
Britton advised his client that if any enhancement(s) were to apply,
they would run concurrently with the twenty-year sentence. This was
the understanding and basis for Petitioner to enter his plea(s) of

guilty in this case. Throughout the sentncing process, Attorney Britton did not make one objection. Mr. Britton failed to object to the sentence of the Petitioner and the lack of notice by the State as to its intent to proceed with the enhancements mandated by §13A-12-250 and §13A-12-270. Attorney Britton failed to object to the thirty-year sentence imposed upon the Petitioner where there were no enhancement(s) applied.

The Petitioner has the right to enjoy a reasonably effective assistance of counsel. **McMann v. Richardson**, 397 U.S. 759, 90 S.Ct. n. 12, 25 L.Ed.2d 763 (1970); **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)wherein the Court stated:

"Counsel owes a duty to the defendant to conduct an independant investigation of the facts, circumstances, pleadings and laws involved. **Rummel v. Estelle**, 590 F.2d 103, 104 (5thCir.1979), and a particular duty to consult with the defendant on all important decisions, and to keep the defendant informed of all important decisions or developments in the course of the prosecution." Id. 104 S.Ct. at 2056, 80 L.Ed.2d at 689.

The **Strickland** Court set out a two (2) prong test for establishing ineffective assisatnce of counsel:

      (1) Counsel's performance was deficient; and

      (2) The deficient performance prejudiced the

          defense.

Id. 466 U.S. at 687, 104 S.Ct. at 2064.

The following facts and actions or omissions of duty by trial attorney John M. Britton, Esq., but not limited to these alone, show a prima facie case of ineffective assistance of counsel, which prejudiced the Petitioner in all critical stages of the criminal proceedings in

C00029

```
STATE OF ALABAMA              )      IN THE CIRCUIT COURT OF

         PLAINTIFF,          )      RUSSELL COUNTY, ALABAMA
                             )
    VS.                      )      CASE NO.: CC 01-30.60
                             )                01-36.60
ROY DAVID HEATH              )
                             )
         DEFENDANT.          )
```

### ORDER

The Petitioner, Roy David Heath, has filed a petition for relief from convictions and sentences pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. Petitioner cites three grounds for relief in his petition.

1.  Plea of Guilty not voluntary and knowing.

2.  Failure of the State of Alabama to notify Defendant of enhancement provisions of sections 13A-12-250 and 13A-12-270 of the Code of Alabama, 1975 as amended.

3.  Ineffective assistance of trial counsel.

Upon consideration of the pleadings and the Court records, this Court finds that the Petitions for relief are due to be dismissed.

Petitioner, Roy David Heath claims that the pleas of guilty that he entered were not voluntarily and knowing. Upon entry of his plea of guilty, the Defendant stated to the court that he entered into these pleas of guilty voluntarily and that he understood the Ireland form which he signed and which was submitted to the court. Petitioner also signed the plea bargain agreement, which he signed and submitted to the court. He also stated that he was satisfied with the legal representation he had received from the Hon. John Britton. A copy of the plea bargain agreement is made part of this order.

Petitioner waived any further right to notification of enhancement of sentence when he entered into the plea bargain

C00050

agreement and entered pleas of guilty.  Petitioner stipulated he had three prior felony convictions and the State of Alabama would not have to make further proof of these convictions at sentencing. Neither of his two sentences exceeded the maximum as allowed by law under Alabama's Habitual Offender Act.

Petitioner was represented on appeal of the conviction's and sentences by the Hon. Charles E. Floyd, III.  The issue of ineffective assistance of trial counsel was not raised in a Motion for New Trial or on appeal.  This claim is barred.

It is therefore ORDERED, ADJUDGED AND DECREED that the Petitions for relief are hereby dismissed.

DONE this the 16th day of July 2002.

_____
JUDGE, CIRCUIT COURT

C00031

In The Alabama Court Of Criminal Appeals

Roy David Heath,
            Appellant,

vs.

State Of Alabama,
            Appellee,

Case No.º CC-01-0301 CC-01-036

(On Appeal From The Circuit Court
Of Russell County Alabama)

## Motion For Stay

Appellant Roy David Heath, Respectfull moves tins Honorable Court, Pursuant to Bacus v. State, 631 So. 2d. 394 (Ala. Cr. Al. App 1993). To stay the above referenced Appeal pending Petition of Relief From Conviction And Sentence under AL. R. Crm. P. 32. As Reasons for this Mot on the Appellant would show the Court as follows;

(1) Appellant has other issues that he would incorporate before this Honorable Court in A Rule 32 Petition;

(2) That these issues would show that the Petitioner never plead guilty to the charges before this Honorable Court;

(3) That after the Ruling on this second Rule 32 Petition has been Rendered, then these issues can be combined into one brief;

Where fore Premises considered, Petitioner prays that this Honorable will Grant this said Petition, that Petitioner may be insured that Justice has been fairly Administered;

Respectfully Submitted,

Roy David Heath

Done this 23rd day of August 2002;

RUSSELL CO., AL
CIRCUIT/DIST. COURT
2002 SEP -5 AM 9:37
FILED IN OFFICE

C00032





Clerk Of:
In The Circuit Court Of Russell County
P.O. Box 518
Phenix City, Alabama-36868-0518

This correspondence was mailed from an Alabama State Prison and has not been opened or read for content. The inspection of the enclosed communications is not the responsibility of the Alabama Department of Corrections.

Mr. Roy David Heath #217344-4-Cell
Fountain 3800
Atmore, Alabama-36503

C00033

In The Court Of Criminal Appeals

State Of Alabama

_Roy David Heath_,

Appellant

Vs.

State Of Alabama,

Appellee

Case No. _CC-01-030, CC-01-036_

Notice Of Appeal:

The appellant in the above styled action hereby gives notice of appeal to the Court of Criminal Appeals from the decision rendered in this action on_____whereas the Trial Judge dismissed appellant's petition.

Dated this _23rd_ day of _August_____ 2002;

_Roy David Heath_

Certificate Of Service:

I hereby certify that I have served all parties with a true and correct copy of the foregoing by the same being placed in the U.S. mail all postage paid.

Dated this _23rd_ day of _August_____ 2002;

_Roy David Heath_

State of Alabama
Unified Judicial System
Form ARAP-26 (front)    8/91

## COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

Criminal Appeal Number
_____ - _____

### A. GENERAL INFORMATION:

☑ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF _____Russell_____ COUNTY

_Roy David Heath_ , Appellant

V.   ☑ STATE OF ALABAMA   ☐ MUNICIPALITY OF _State of Alabama_

| Case Number CC-01-030, CC-01-036 | Date of Complaint or Indictment N/A | Date of Judgment/Sentence/Order N/A |
|---|---|---|
| Number of Days of Trial/Hearing N/A Days | Date of Notice of Appeal Oral: | Written: August 23, 2002 |

Indigent Status Requested: ☑ Yes ☐ No          Indigent Status Granted: ☑ Yes ☐ No

### B. REPRESENTATION:

Is Attorney Appointed or Retained?   ☑ Appointed.   ☐ Retained.   ....If no attorney, will appellant represent self? ☐ Yes ☐ No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)
_Roy David Heath Pro-Se_

Telephone Number

| Address Fountain 3800 | City Atmore, Alabama | State Alabama | Zip Code 36503 |
|---|---|---|---|

### C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| N/A | N/A |
| Codefendant | Case Number |
| | |
| Codefendant | Case Number |
| | |

### D. TYPE OF APPEAL: Please check the applicable block.

1 ☑ State Conviction
2 ☑ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify)

### E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____
2 ☐ Homicide - § _____
3 ☐ Assault - § _____
4 ☐ Kidnapping/Unlawful Imprisonment - § _____
5 ☐ Drug Possession - § _____
6 ☐ Trafficking in Drugs - § _____
7 ☐ Theft - § _____
8 ☐ Damage or Intrusion to Property - § _____
9 ☐ Escape - § _____
10 ☐ Weapons/Firearms - § _____
11 ☐ Fraudulent Practices - § _____
12 ☐ Offense Against Family - § _____
13 ☐ Traffic - DUI - § _____
14 ☐ Traffic - Other - § _____
15 ☐ Miscellaneous (Specify): _____ - § _____

### F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?   ☐ Yes ☑ No

### G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?   ☐ Yes ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _August 23, 2002_ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?   ☐ Yes ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?   ☐ Yes ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

| Form ARAP-26 (back)    8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT |

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE C. POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 5 | 21 | 2001 | Rule 32 Petition | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

(1) Whether Petitioner's Guilty Plea Was Voluntarily And Knowingly Entered Where Petitioner Was Sentenced Contrary To His Understanding Of A Prior Negotiated Plea Agreement;

(2) Whether Petitioner's Due Process Rights Were Violated By The State's Failure To Notify The Petitioner That The State Intended To Seek Enhancement Of Petitioner's Sentance For Distribution Of A Controlled Substance Based On The Fact That The Sale Allegedly Occured Within A Three-Mile Radius Of A School And Three Miles Within Housing Project;

(3) Ineffective Assistance Of Trial And Appellant Counsel;

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

(1) Whether Petitioner's Guilty Plea Was Voluntarily And Knowingly Entered Where Petitioner Was Sentenced Contrary To His Understanding Of A Prior Negotiated Plea Agreement;

(2) Whether Petitioner's Due Process Rights Were Violated By The State's Failure To Notify Petitioner That The State Intended To Seek Enhancement Of Petitioner's Sentance For Distribution Of A Controlled Substance Based On The Fact That The Sale Allegedly Occured Within A Three Mile Radius Of A School And Within A Three-Mile Housing Project;

(3) Ineffective Assistance Of Trial And Appellant Counsel;

**K. SIGNATURE:**   Ray David Heath

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C    3/91 | REPORTER'S TRANSCRIPT ORDER — CRIMINAL<br>See Rules 10(c) and 11(5) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br><br>: |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☑ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF _Russell_ COUNTY

_Roy David Heath_ , Appellant

v. ☑ STATE OF ALABAMA ☐ MUNICIPALITY OF _State of Alabama_

| Case Number<br>_CC-01-030, CC-01-036_ | Date of Judgment/Sentence/Order |
| Date of Notice of Appeal<br>Oral: | Written: _August 23, 2002_ | Indigent Status Granted:  ☑ Yes  ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

_Roy David Heath_          _August 23, 2002_          _Roy David Heath_

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R. App.P.)):

MARK PROCEEDINGS REQUESTED:                                      COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, A.R.Cr.P.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, A.R.Cr.P.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY.)

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
| D. | | |
| E. | | |
| F. | | |
| G. | | |

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_Roy David Heath_          _August 23, 2002_          _Roy David Heath_

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Att...

C00037

NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF RUSSELL CO.

STATE OF ALABAMA VS HEATH ROY DAVID          JUDGE: GE  GE A. GREENE

APPEAL DATE: 08/03/2001

INDIGENCY STATUS:
    GRANTED INDIGENCY STATUS AT TRIAL COURT:           __X_ _ YES  ____ NO
    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:     __ _ YES  __X_ NO
    INDIGENT STATUS REVOKED ON APPEAL:                 __ _ YES  __X_ NO
    INDIGENT STATUS GRANTED ON APPEAL:                 __ _ YES  __X_ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E.  RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED  THE TRIAL JUDGE.

CC/CASE NUMBER: 57/CC 2001 000030.60

ORDER ENTERED(DATE): 07172001 PETITION: X DISMISSED    DENIED __GRANTED

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENI | CON BY AGREE |
|---|---|---|---|
| MOTION FOR NEW TRIAL | | | |
| MOTION FOR JUDG. OF ACQUIT | | | |
| MOTION TO W/D GUILTY PLEA | | | |
| MOTION FOR ATTY TO W/DRAW | | | |
| OTHER | | | |

COURT REPORTER(S):
ADDRESS:

APPELLATE COUNSEL #1:                          PRO SE
ADDRESS:
                                                                 00000
PHONE NUMBER:                      000-000-0000

APPELLATE COUNSEL #2:
ADDRESS:

PHONE NUMBER:

APPELLANT (PRO SE):                HEATH ROY DA  D
ADDRESS:                           217544
                                   ATMORE              , AL  345033800

AIS #:

APPELLEE (IF CITY APPEAL):
ADDRESS:

I CERTIFY THAT THE INFORMATION PROVIDED                    OPERATOR: SHG
ABOVE IS ACCURATE TO THE BEST OF MY                       EFARRS: 06/06/2002
KNOWLEDGE, AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 6th DAY OF Sept. 02     _Kathy Coulter/S-8_
                                             DIR  OF COURT CLERK

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM   CASE: CC 2001 000036.60
OPER: SHG                    CASE ACTION SUMMARY
PAGE:    1                   CIRCUIT  CRIMINAL                RUN DATE: 11/06/2002
================================================================================
IN THE CIRCUIT COURT OF  RUSSELL                                    JUDGE: GRG

STATE  OF  ALABAMA                   VS       HEATH ROY DAVID
                                              217344
CASE: CC 2001 000036.60                       FOUNTAIN 3800
                                              ATMORE, AL  36503 3800

DOB: 12/23/1960        SEX: M  RACE: W  HT: 5 06  WT: 195   HR: BRO EYES: BRO
SSN: 259271658  ALIAS NAMES:
================================================================================
CHARGE01: RULE 32-FELONY     CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                         AGENCY/OFFICER:           SL00033

DATE WAR/CAP ISS:                    DATE ARRESTED:
DATE    INDICTED: 01/12/2001         DATE    FILED: 06/06/2002
DATE    RELEASED:                    DATE  HEARING:
      BOND AMOUNT:          $.00       SURETIES:

DATE 1:            DESC:              TIME: 0000
DATE 2:            DESC:              TIME: 0000

TRACKING NOS:                    /                      /

   DEF/ATY:                      TYPE:                       TYPE:

                      00000                         00000

PROSECUTOR:


================================================================================
OTH CSE:   000000000000 CHK/TICKET NO:              GRAND JURY: 173
COURT REPORTER:                  SID NO:    000000000
DEF STATUS: PRISON           DEMAND:                        OPER: SHG
================================================================================
    TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                          OPE
================================================================================
| 06/06/2002 | IN FORMA PAUPERIS DECLARATION                             JOS |
|------------|-----------------------------------------------------------------|
| 06/06/2002 | MOTION TO PROCEED IN FORMA PAUPERIS                       JOS |
|------------|-----------------------------------------------------------------|
| 06/06/2002 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE           JOS |
|------------|-----------------------------------------------------------------|
| 07/17/2002 | ORDER OF DISMISSAL                                        JOS |
|------------|-----------------------------------------------------------------|
| 07/17/2002 | CASE ACTION SUMMARY PRINTED         .        (AR08)       JOS |
|------------|-----------------------------------------------------------------|
| 09/05/2002 | DOCKETING STATEMENT                                       JOS |
|------------|-----------------------------------------------------------------|
| 09/05/2002 | REPORTER'S TRANSCRIPT ORDER                               JOS |
|------------|-----------------------------------------------------------------|
| 09/05/2002 | CASE APPEALED ON: 08/23/2002                (AR10)       SHG |
|------------|-----------------------------------------------------------------|
| 09/05/2002 | APPEAL "TO" TYPE: "R"                       (AR10)       SHG |
|------------|-----------------------------------------------------------------|
| 09/05/2002 | NOTICE OF APPEAL                                          JOS |
|------------|-----------------------------------------------------------------|
| 09/05/2002 | COPY OF MOTION TO STAY FILED IN THE COURT OF              JOS |
|------------|-----------------------------------------------------------------|
| 09/05/2002 |     CRIMINAL APPEALS                                      JOS |
|------------|-----------------------------------------------------------------|
| 09/18/2002 | CLERKS REQUEST FROM EXTENSION TO FILE RECORD ON           SHG |
|------------|-----------------------------------------------------------------|
| 09/18/2002 |     APPEAL                                                SHG |
|------------|-----------------------------------------------------------------|
| 09/26/2002 | ORDER FOR EXTENSION TO OCTOBER 11, 02                     SHG |
|------------|-----------------------------------------------------------------|
| 10/15/2002 | CLERK'S REQUEST FOR 28 DAY EXTENSION                      SHG |
|------------|-----------------------------------------------------------------|
| 10/18/2002 | ORDER OF EXTENSION TO NOVEMBER 1, 02                      SHG |
|------------|-----------------------------------------------------------------|
```

C00039

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2001 000036.60
OPER: SHG                    CASE ACTION SUMMARY
PAGE:   2                   CIRCUIT  CRIMINAL              RUN DATE: 11/06/2002
===============================================================================
IN THE CIRCUIT COURT OF  RUSSELL                                    JUDGE: GRG

STATE  OF  ALABAMA              VS      HEATH ROY DAVID
                                        217344
CASE: CC 2001 000036.60                 FOUNTAIN 3800
                                        ATMORE, AL  36503 3800

DOB: 12/23/1960         SEX: M  RACE: W  HT: 5 06  WT: 195   HR: BRO EYES: BRO
SSN: 259271658  ALIAS NAMES:
===============================================================================
  TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                          OPE
===============================================================================
| 10/30/2002 | CLERK'S REQUEST FOR EXTENSION                           SHG |
|------------|----------------------------------------------------------------|
| 11/01/2002 | ORDER OF EXTENSION TO NOVEMBER 8, 02                    SHG |
|------------|----------------------------------------------------------------|
| 11/06/2002 | CERTIFICATE OF COMPLETION AND TRANSMITTAL OF            SHG |
|------------|----------------------------------------------------------------|
| 11/06/2002 |   RECORD ON APPEAL BY TRIAL COURT CLERK                 SHG |
|------------|----------------------------------------------------------------|
| 11/06/2002 | CASE ACTION SUMMARY PRINTED                  (AR08)     SHG |
|------------|----------------------------------------------------------------|
```

C00030

# IN FORMA PAUPERIS DECLARATION

### IN THE CIRCUIT COURT OF RUSSELL COUNTY

[Insert appropriate court]

ROY DAVID HEATH    AIS #217344
_____
(Petitioner)

vs.

STATE OF ALABAMA
_____
(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I,    ROY DAVID HEATH    , declare that I am the petitioner
in the above entitled case; that in support of my motion to proceed without being required to prepay
fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs
of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?    Yes _____    No _X_

   a.  If the answer is "yes", state the amount of your salary or wages per month, and give the
       name and address of your employer.
                                    N/A
       _____

       _____

   b.  If the answer is "no", state the date of last employment and the amount of the salary and
       wages per month which you received.
                              March 15, 2001
       _____

       _____

2.  Have you received within the past twelve months any money from any of the following sources?

   a.  Business, profession, or other form of self-employment?
       Yes _____              No _X_

   b.  Rent payments, interest, or dividends?
       Yes _____              No _X_

   c.  Pensions, annuities, or life insurance payments?
       Yes _____              No _X_

   d.  Gifts or inheritances?
       Yes _____              No _X_

   e.  Any other sources?
       Yes _____              No _X_

C00041

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

N/A

_____

_____

_____

_____

3.  Do you own cash, or do you have money in a checking or savings account?

Yes _____          No __X__

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

N/A

_____

_____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No __X__

If the answer is "yes", describe the property and state its approximate value.

N/A

_____

_____

FILED IN OFFICE
2002 JUN -6 PM 1:20

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

Wife

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __5 / 19 / 02__
                    (Date)

_Roy David Heath_
Signature of Petitioner
Roy David Heath, 217344

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _02/100_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _Fountain Corr. Center_ institution:

See attached monthly averages printout.

_____

_5-21-02_
DATE

_Sylvia D. Haralson_
AUTHORIZED OFFICER OF INSTITUTION

STATEMENT OF CORRECT FUND
FOUNTAIN CORRECTIONAL CENTER

C00042

AIS #:  217344          NAME:  HEATH, ROY DAVID

THESE FIGURES ARE AS OF:  05/20/2002

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| NOV   | 10        | $0.56             | $0.00            |
| DEC   | 31        | $5.84             | $40.00           |
| JAN   | 31        | $9.36             | $115.00          |
| FEB   | 28        | $10.86            | $110.00          |
| MAR   | 31        | $6.59             | $60.00           |
| APR   | 30        | $7.04             | $80.00           |
| MAY   | 20        | $4.18             | $60.00           |

| Average 6 Months Balance | $7.41 | $77.50 |
|---|---|---|

Sylvia D. Harrelson, PMOD Clerk

STATE OF ALABAMA, ESCAMBIA COUNTY, SWORN TO AND SUBSCRIBED BEFORE ME THIS 20th DAY OF MAY, 2002.

_J. Patrick McClung_ , Notary Public

MY COMMISSION EXPIRES OCT. 25, 2004

IN THE CIRCUIT COURT OF RUSSELL COUNTY

FOR THE TWENTY-SIXTH JUDICIAL DISTRICT

PHENIX CITY, ALABAMA

ROY DAVID HEATH,                    )
    Petitioner,                     )
                                    )
                                    )
    vs.                             )        Case No. CC-01-030.60
                                    )                 CC-01-036.60
                                    )
STATE OF ALABAMA,                   )
    Respondent.                     )

## MOTION TO PROCEED IN FORMA PAUPERIS

COMES NOW THE Petitioner, Roy David Heath, by and through himself, in the above-styled cause, wherein a judgment of conviction and sentence for the crime(s) of Distribution of Controlled Substances (x2) and the Unlawful Possession of Marijuana, first degree were entered against him on May 31, 2001, and informs this Honorable Court that he desires to seek relief from his conviction and sentence before this Court.

The Petitioner is incarcerated and serving a thirty (30) year prison term and thus is wholly without funds to pay the filing fee(s) for such an action or such other costs and expenses which may be necessarily incurred in the adjudication of his Rule 32 Petition, as is more fully shown by the attached Declaration of In Forma Pauperis.

-1-

C00044

**WHEREFORE, PREMISES CONSIDERED,** petitioner prays that an Order be entered herein finding him to be an indigent person, authorizing him to proceed with his Rule 32 Petition seeking relief from the conviction and sentence of this Court, in forma pauperis, and authorizing the waiving of all filing fees and costs pertaining to this action.

Respectfully submitted this the _31_ day of _MAY_ , 2002.

X _Roy Heath_
Roy David Heath, Petitioner pro se

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion was mailed to the District Attorney of Russell County, by placing the same in a pre-paid postage affixed and properly addressed envelope, and depositing the same in the United States Mail on: _MAY 31, 2002_ .

X _Roy Heath_
Roy David Heath, Petitioner pro se
AIS #217344, Dorm #7
Fountain Correctional Center
Fountain 3800
Atmore, Alabama 36503-3800

**SERVICE TO:**

Office of the District Attorney
Russell County, Alabama
Russell County Kourthouse
501 14th Street
Phenix City, Alabama 36867

-2-

C00045

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

(Pursuant to Rule 32,

Alabama Rules of Criminal Procedure)

Case Number

CC – 01– 030; 036 60  60

| ID | YR | NUMBER |

IN THE _____CIRCUIT_____ COURT OF ___RUSSELL___ ALABAMA

___ROY DAVID HEATH___ vs. __STATE OF ALABAMA__

Petitioner (Full Name)                          Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number **AIS #217344** _____ Place of Confinement **Fountain Corr. Center**

County of conviction ___Russell County, Alabama___

NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1.  Name and location (city and county) of court which entered the judgment of conviction or sentence under attack **Russell County Circuit Court**

    **Phenix City, Alabama**

2.  Date of judgment of conviction ___May 31, 2001___

3.  Length of sentence ___Thirty Years (30) each count___

4.  Nature of offense involved (all counts) ___Distribution of Marijuana (CC-01-30___

    ___Distribution of a Controlled Substance (CC-01-36) (Count 1)___

    ___Possession of Marijuana (CC-01-36) (Count 2)___

5.  What was your plea? (Check one)

    (a) Guilty ─X─

    (b) Not guilty _____

    (c) Not guilty by reason of mental disease or defect _____

    (d) Not guilty and not guilty by reason of mental disease or defect _____

6. Kind of trial: (Check one)

    (a)  Jury _____     (b)  Judge only _____

7. Did you testify at the trial?

    Yes _____        No **X**_____

8. Did you appeal from the judgment of conviction?

    Yes **X**_____      No _____

9. If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court ___**Circuit Court of Russell County, Alabama**___

        (2)  Result ___**Anders brief filed - appeal not perfected**___

        (3)  Date of result ___**Appeal dismissed on January 29, 2002**___

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court ___**N/A**___

        (2)  Result ___**N/A**___

        (3)  Date of result ___**N/A**___

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court ___**N/A**___

        (2)  Result ___**N/A**___

        (3)  Date of result ___**N/A**___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____          No __X__

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)   (1)   Name of court _____ N/A _____

      (2)   Nature of proceeding _____ N/A _____

      (3)   Grounds raised _____ N/A _____

      _____

      _____

      _____

      _____

      (attach additional sheets if necessary)

      (4)   Did you receive an evidentiary hearing on your petition, application, or motion?

            Yes _____          No __X__

      (5)   Result _____ N/A _____

      (6)   Date of result _____ N/A _____

(b)   As to any second petition, application, or motion, give the same information:

      (1)   Name of court _____ N/A _____

      (2)   Nature of proceeding _____ N/A _____

      (3)   Grounds raised _____ N/A _____

      _____

      _____

      _____

      (attach additional sheets if necessary)

      (4)   Did you receive an evidentiary hearing on your petition, application, or motion?

            Yes _____          No __X__

      (5)   Result _____ N/A _____

      (6)   Date of result _____ N/A _____

(c)   As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

      (1)   Name of court _____ N/A _____

C00048

(2)  Nature of proceeding ———————— N/A ———————————————

(3)  Grounds raised ———————— N/A ———————————————

———————————————————————————————

———————————————————————————————

———————————————————————————————

———————————————————————————————

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No  **X** _____

(5)  Result ———————— **N/A** ———————————————

(6)  Date of result ———————— **N/A** ———————————————

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____          No **X** _____

(2)  Second petition, etc.         Yes _____          No **X** _____

(2)  Third petition, etc.          Yes _____          No **X** _____

### ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
### FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

——————— **N/A** ———————————————————

———————————————————————————————

———————————————————————————————

———————————————————————————————

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

___**X**___  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)  Conviction obtained by use of coerced confession.

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)  Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

__X__ B.  The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C.  The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D.  Petitioner is being held in custody after his sentence has expired.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E.  Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

C00050

The facts do not merely amount to impeachment evidence; and

the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.  **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

> "**Successive Petitions**.  The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____            No  X _____

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____ N/A _____

(b)  Result _____ N/A _____

(c)  Date of result _____ N/A _____
(attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____            No  X _____

C00051

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing ————— John Britton —————————————

P.O. Drawer 1188, Phenix City Alabama 36868-1188

(b) At arraignment and plea —————— same as "(a)" —————————

———————————————————————————————————

(c) At trial ——— -same as "(a)' ——————————————————

———————————————————————————————————

(d) At sentencing ——— same as "(a)" —————————————————

———————————————————————————————————

(e) On appeal ——— Charles E. Floyd III ————————————————

1000 14th Street, P.O. Box 759 Phenix City, Alabama 36868-0759

(f) In any post-conviction proceeding ——— N/A ——————————————

———————————————————————————————————

———————————————————————————————————

(g) On appeal from adverse ruling in a post-conviction proceeding ———————————

N/A ——————————————————————

———————————————————————————————————

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes __X__          No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No __X__

(a) If so, give name and location of court which imposed sentence to be served in the future: ———

N/A

(b) And give date and length of sentence to be served in the future: ——————————

N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No __X__

18. What date is this petition being mailed?

May 31 , 2002

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

C00052

# PETITIONER'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____ 5/31/02 _____
(Date)

_____
Signature of Petitioner

**Roy David Heath, 217344**

SWORN TO AND SUBSCRIBED before me this the 31st day of May, 2002

_____
Notary Public

## OR

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

FILED IN OFFICE
2002 JUN -6 PM 1: 20
CIRCUIT/DIST. COURT

CC0053

IN THE CIRCUIT COURT OF RUSSELL COUNTY
FOR THE TWENTY-SIXTH JUDICIAL DISTRICT
PHENIX CITY, ALABAMA

ROY DAVID HEATH,                    )
    Petitioner,                   )
                                    )
                                    )
    vs.                           )          Case No. <u>CC-01-030</u>
                                    )                   <u>CC-01-036</u>
                                    )
STATE OF ALABAMA,                   )
    Respondent.                   )

**<u>PETITION FOR RELIEF FROM CONVICTION AND SENTENCE</u>**
**<u>PURSUANT TO RULE 32, A.R.CRIM.P.</u>**
**<u>ATTACHMENT TO THE FORM</u>**

    Petitioner Roy David Heath brings this post-conviction action pursuant to **Rule 32, <u>Alabama Rules of Criminal Procedure</u>**, and submits the following for this Honorable Court's consideration:

**<u>INTRODUCTION</u>**

    Petitioner Roy David Heath was arrested on or about May 4, 2000 for the Unlawful Distribution of Controlled Substances in Case No. CC-01-030. Petitioner Roy David Heath was also charged on May 4, 2000 with the Unlawful Distribution of Controlled Substances and Unlawful Possession of Marijuana; first degree in Case No. CC-01-036. The Russell County Grand Jury, (January 2001 Term), indicted the Petitioner on these charges in two (2) separate indictments on January 12, 2001.

-1-

CC0054

The Hon. John Britton represented the Petitioner on the pending charges of the Unlawful Distribution of Controlled Substances (x2), a violation of **Section** 13A-12-211, of the **Code of Alabama 1975**, and the Unlawful Possession of Marijuana; first degree, a violation of **Section** 13A-12-213, of the **Code of Alabama 1975**.

The Petitioner, with retained attorney John Britton, appeared at the Arraignment of the Petitioner on February 16, 2001 and the Petitioner waived a reading of the indictment(s) in open Court and entered a plea of not guilty on all counts.

On April 9, 2001, Petitioner Heath and Attorney Britton appeared before the Circuit Court of Russell County to withdraw his plea of not guilty on all counts and entered a plea of guilt to the offense(s) of Distribution of Controlled Substances (x2; and the Unlawful Possession of Marijuana; first degree. The Court allowed Petitioner Heath to withdraw his plea(s) of guilt on all counts and a Sentencing Hearing was scheduled for May 31, 2001.

The Petitioner was sentenced on May 31, 2001 and his punishment was fixed for the offense of Distribution of Controlled Substances (Count One, CC-01-036), under the Alabama Habitual Felony Offender Act, to a term of thirty (30) years in the State penitentiary. The Petitioner was sentenced for the offense of Unlawful Possession of Marijuana; first degree, (Count Two, CC-01-036), under the provisions of the Alabama Habitual Felony Offender Act, to a term of thirty (30) years in the State penitentiary. The Petitioner was also sentenced for the offense of Distribution of Controlled Substances, to a term of thirty (30) years in the State penitentiary, also pursuant to the Alabama Habitual Felony Offender Act. All three sentences wererordeeddtrunrun concurrently.

000055

Written Notice of Appeal was timely filed on July 11, 2001. The Record on Appeal was completed and certified and filed in the Court on July 11, 2001.

Petitioner Heath motioned the Court for appointment of appellate counsel and the Hon. Charles E. Floyd III was appointed to represent the Petitioner on direct appeal.

On January 4, 2002, Attorney Floyd filed a "no merit" brief pursuant to **Anders v. California**, and Motion for Leave to Withdraw as Counsel.

No pro se appeal was perfected.

ON january 29, 2002, the Alabama Court of Criminal Appeals entered a judgment of dismissal on said appeal.

Petitioner Roy David Heath asserts that the errors comitted in his case were of United States Constitutional magnitude and clearly violated his rights by the actions of the trial court and the lawyer(s) who represented him.

C00056

## GROUND ONE

WHETHER PETITIONER'S GUILTY PLEA WAS VOLUNTARILY AND KNOWINGLY ENTERED WHERE PETITIONER WAS SENTENCED CONTRARY TO HIS UNDERSTANDING OF A PRIOR NEGOTIATED PLEA AGREEMENT.

### ARGUMENT

On April 9, 2001, the Petitioner requested a change of his prior plea(s) of "not guilty" to the offense(s) of distribution of marijuana, distribution of marijuana, and possession of marijuana in the first degree in open court with his attorney, John Britton (now deceased), present. Judge George Greene and the Petitioner discussed the minimum and maximum penalties for his crime(s) and the Petitioner acknowledged that he understood the range of punishment for those crimes.

Prior to Petitioner's withdrawing his plea of "not guilty" to the aforementioned charges, Attorney John Britton had informed the Petitioner that a plea agreement had been discussed with the district attorney's office. Attorney Britton informed Petitioner Heath that if he he withdrew his "not guilty" pleas and entered pleas of "guilt" to all pending charges, the State was willing to negotiate a deal where Petitioner would receive a prison term of twenty (20) years with two (2) five year enhancements to run concurrently with the twenty-year sentence. It was explained to the Petitioner that the total aggregate sentence would be twenty years. It was with this understanding that Petitioner Heath decided to withdraw his prior plea(s) of "not guilty" and enter into a plea agreement with the State.

-4-

C00057

Petitioner Heath had entered his plea(s) of not guilty based on the fact that he had maintained his innocence to the pending charges and was fully prepared to go to trial. Petitioner contends that the evidence in this case would show that he was in fact not guilty of distributing a controlled substance. Therefore, the sole basis for the Petitioner to withdraw his prior not guilty plea(s) was the inducement of the terms of the plea agreement. The Petitioner was informed that upon his plea of guilt to all pending charges, he would receive a prison term of twenty years with the enhancements running concurrently with the twenty years. The enhancements in this case were pursuant to §13A-12-250 and §13A-12-270 of the Code of Alabama 1975. It should be noted that Count Two of the charge in Case No. CC-01-036 is Unlawful Possession of Marijuana; first degree. This is a Class "C" felony and the law in Alabama does not provide for any enhancements for possession pursuant to §13A-12-250 and §13A-12-270. Yet Petitioner Heath was sentenced to a term of thirty years in this case where the plea agreement clearly stipulated that all three sentences were to be for twenty (20) years.

Petitioner contends that his plea of guilt in this matter was not volunatarily and knowingly entered as the sentences that were imposed upon him are contrary to his understanding of the terms of the plea agreement. Attorney Britton promised Petitioner Heath that his sentence(s) would not exceed a maximum of twenty years. This was to include the enhancements for the school zone and housing project provisions of §3A-12_250 and §13A-12-270. It has long been held under Alabama law

-5-

000058

that in order for a guilty plea to be valid, it must be both voluntarily
and knowingly made. See **Hill v. Lockhart**, 474 U.S. 52, 56, 106 S.Ct.
366, 369, 88 L.Ed.2d 203 (1985); and **Boykin v. Alabama**, 395 U.S. 238,
242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). It is equally clear
that ¶[a] guilty plea is not voluntary if induced by misrepresentation...
**Brady v. United States**,,397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d
747 (1969).

The dispositive question in this case is not whether  a misrepresent-
ation was actually made, but whether  Petitioner Heath's plea of guilt
was in fact induced by information or misinformation relayed to him.
"[A] plea may be involuntary whenan attorney 'materially misinforms
the defendant of the consequences of the plea'". See **United States v.
Rhodes**, 913 F.2d 839, 843 (10thCir.1990). Petitioner Heath was fully
prepared to take his case to trial. He withdrew his prior plea(s0 of
"not guilty" only after Attorney Britton assured him that his sentence
would be only twenty (20) years. At the sentencing hearing on May 31,
2001, Heath was still under the impression that he was being sentenced
to a prison term of twenty (20) years with the two enhancements running
concurrent with that twenty year term. At bhe sentencing hearing on
May 31, 2001, Petitioner Heath was under tremendous stress causeddby
the critical illness of his mother who was on life support at the time.
Petitioner Heath had requested a continuance and was denied by the trial
judge. It is questionable whether Heath was able to comprehend thattat
sentencing, the judge had deviated from the agreement that Petitioner
had previously agreed to when he withdrewwhis not guilty plea(s) and
entered plea (s) of guilt. The sentencing transcript shows that when
the court denied Petitioner's request for a continuance, the judge

JC0059

also denied the Petitioner's request to withdraw his plea of guilt.
Judge Greene informed Heath that a motion would have to be made. Attorney
Britton made no motion.

Petitioner Heath's plea of guilt was not knowingly and voluntarily
entered as he was sentenced contrary to his understanding of the
prison term(s) he would receive under a plea agreement between Attorney
Britton and the State. Had Petitioner Heath been aware of the amount
of time he would have to serve in prison, he would have chosen to take
his case to trial. Therefore, accurate information would have affected
his decision to enter his plea of guilt. Thus, an evidentiary hearing
would be required in this matter. See **Pitts v. United States**, 763 F.2d
197, 201 (6thCir.1985).

C00050

## GROUND TWO

WHETHER PETITIONER'S DUE PROCESS RIGHTS WERE VIOLATED BY THE STATE'S FAILURE TO NOTIFY THE PETITIONER THAT THE STATE INTENDED TO SEEK ENHANCEMENT OF PETITIONER'S SENTENCE FOR DISTRIBUTION OF A CONTROLLED SUBSTANCE BASED ON THE FACT THAT THE SALE ALLEGEDLY OCCURRED WITHIN A THREE-MILE RADIUS OF A SCHOOL AND WITHIN THREE_MILE RADIUS OF A HOUSING PROJECT.

### ARGUMENT

Petitioner Roy David Heath contends that his due process rights were violated when his twenty-year prison sentence was enhanced with an additional ten years in prison because the sale allegedly occurred within a three-mile radius of a school and within a three-mile radius of a housing project pursuant to §13A-12-250 and §13A-12-270 respectively.

Petitioner contends that he was denied due process of law because the state failed to notify him of its intent to invoke the enhancement provisions of §13A-12-250 and §13A-12-270 of the **Code of Alabama 1975**.

On May 31, 2001, Petitioner Roy David Heath was sentenced in Case No. CC-01-030 to a term of thirty years in the state penitentiary for the unlawful distribution of controlled substances. This thirty-year term was to include an additional five (5) years mandated by §13A-12-250 for the sale near a school campus, and an additional five (5) years mandated by §13A-12-270 for the sale of a controlled substance at or near a public housing project. Petitioner Heath was also sentenced to a prison term of thirty (30) years in Case No. CC-01-036 for the unlawful sale of a controlled substance. (Count One). This thirty-year term was to include an additional five years mandated by §13A-12-250

C00061

for a sale near a school campus, and an additional five years mandated
by §13A-12-270 for the sale of a controlled substance at or near a
public housing project.

Petitioner Heath entered his plea of guilt with the belief and
understanding that he was to receive only a twenty-year prison term
and that said twenty years would be for all three cases. Petitioner
was unaware of any enhancement provisions pertaining to the two
charges of distribution of controlled substances. The Petitioner never
received notice form the State that it intended to enhance his sentence
under the provisions of §13A-12-250 and §13A-12-270. Petitioner Heath
never agreed to stipulate to these enhancements and was unaware that
any stipulation had been entered as part of the plea agreement. The
State never offered any proof at sentencing which would show that the
sale did in fact occur near a school or housing project. The record is
totally devoid of any notice of intent by the State to enhance the
Petitioner's sentence(s) under §13A-12-250 or §13A-12-270. Thus it is
clear that Petitioner Heath was not given notice prior to either his
plea of guilt in this case or at sentencing that either statute would
be used to enhance his sentence.

The Alabama Court of Criminal Appeals has held that prior notice
by the state is required before the enhancement provisions of 13A-12-250
may be applied. In Conny v. State, 528 So.2d 693, 696 (Ala.Cr.App.1993),
the Court of Appeals held:

> "The application of 13A-12-250, like the
> application of the HFOA, is mandatory.
> **Green v. State**, 586 So.2d 54 (Ala.Cr.
> App.1991). As is the case with the HFOA,

-9-

> before the schoolyard statute may be invoked
> the state must give the defendant prior notice
> of its intention to proceed under that statute.
> Wright v. State, 560 So.2d 1128 (Ala.Cr.App.
> 1989). Oral notice is sufficient. Id. See also
> Grider v. State, 600 So.2d 401 (Ala.Cr.App.),
> cert. denied, Ex parte Brooks, 600 So.2d 404
> (Ala.1992)."

The Alabama Court of Criminal Appeals also impliedly held that prior notice is necessary before §13A-12-270 may be invoked. See Id.

It is well settled that prior notification of the State's intent to enhance a defendant's sentence under the provisions of §13A-12-250 and §13A-12-270 is to occur before sentencing the defendant. Petitioner had no opportunity to defend against the application of these two enhancement statutes. See Gandy v. State, 610 So.2d 1242 (Ala.Cr.App.1992). See also Stevens v. State, 659 So.2d 990 (Ala.Cr.App.1994), and also Cunny v. State, 629 So.2d 693 (Ala.Cr.App.1993).

Therefore, Petitioner would show that the record is silent as to any prior notice by the state to enhance his sentence under §13A-12-250 or §13A-12-270 and as such he was denied due process of law. The prosecution offered no proof at sentencing of the relative distance of the Petitioner and the Petitioner was not given notice of the court's intent to invoke the statute(s). Thus this matter warrants an evidentiary hearing or a new sentencing hearing.

C00063

## GROUND THREE

**WHETHER PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE TWO-PRONG TEST SET OUT IN STRICKLAND V. WASHINGTON, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) AT PLEADING AND SENTENCING PHASE OF CRIMINAL PROCEEDINGS, WHICH PREJUDICED THE PETITIONER TO A CONSTITUTIONALLY SIGNIFICANT DEGREE.**

### ARGUMENT

On April 9, 2001, Petitioner Roy David Heath and his retained attorney, John M. Britton, Esq., appeared before the Circuit Court of Russell County to withdraw his prior plea(s) of not guilty on all counts, and entered a plea of guilt to the offenses of Distribution of Controlled Substances in Case No. CC-01-030 and Distribution of Controlled Substances (Count 1), and Unlawful Possession of Marijuana; first degree (Count 2) in Case No. CC-01-036. The Court allowed Petitioner Heath to withdraw his prior plea(s) of guilt on all counts and a sentencing hearing was scheduled for May 31, 2001.

Petitioner Heath was sentenced on May 31, 2001 in Case No. CC-01-030 for thirty years in the state penitentiary for the Distribution of Controlled Substances. This thirty year sentence was to include a five year enhancement pursuant to §13A-12-250 (sale within three miles of a school campus), and another five year enhancement pursuant to §13A-12-270 (sale within three miles of a public housing project). Petitioner Haeth was also sentenced to a thirty year prison term in Case No. CC-01-036 for the Distribution of Controlled Substances (Count One). This thirty year sentence includes a five year enhancement pursuant to §13A-12-250 (sale within three miles of a school) and

-11-

CG0064

an additional five years pursuant to §13A-12-270 (sale within three
miles of a public housing project). Petitioner Heeth was given a
third thirty-year sentence for the Unlawful Possession of Marijuana;
first degree (Count Two) in Case No. CC-01-036. No enhancement(s)
were applied in the possession case.

Petitioner Roy David Heath was fully prepared to take his case
before a jury of his peers. Petitioner believed that the distribution
charges pending against him were in error and that he could be vindicated
at trial. Attorney John M. Britton was retained by Petitioner Heath.
Attorney Britton came to the Petitioner and advised him that he had
spoke with the district attorney's office and that a possible plea
agreement had been reached. Attorney Britton told Heath that upon his
withdrawal of his not guilty pleas and subsequent plea of guilt to
all pending charges that the State would sentence him to a prison term
of twenty years. No discussion about enhancements took place between
the Petitioner and Attorney Britton. Based on the information and
understanding of the terms of the plea agreement supplied by Attorney
Britton, Petitioner withdrew his prior not guilty pleas and entered
pleas of guilt to all pending cases with the belief that he was going
to receive a twenty year prison term on all three cases and that the
sentence(s) would run concurrently with one another. Petitioner did
not agree to any form of stipulation to any enhancements, either under
the HFOA or the drug enhancements of §13A-12-250 or §13A-12-270. Attorney
Britton advised his client that if any enhancement(s) were to apply,
they would run concurrently with the twenty-year sentence. This was
the understanding and basis for Petitioner to enter his plea(s) of

000065

guilty in this case. Throughout the sentncing process, Attorney
Britton did not make one objection. Mr. Britton failed to object to
the sentence of the Petitioner and the lack of notice by the State as
to its intent to proceed with the enhancements mandated by §13A-12-250
and §13A-12-270. Attorney Britton failed to object thethe thkirty-year
sentence imposed upon the Petitioner where there were no enhancement(s)
applied.

The Petitioner has the right to enjoy a reasonably effective
assistance of counsel. **McMann v. Richardson**, 397 U.S. 759, 90 S.Ct.
n. 12, 25 L.Ed.2d 763 (1970); **Strickland v. Washington**, 466 U.S. 668,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)wherein the Court stated:

"Counsel owes a duty to the defendant to conduct an independant
investigation of the facts, circumstances, pleadings and laws involved.
**Rummel v. Estelle**, 590 F.2d 103, 104 (5thCir.1979), and a particular
duty to consult wthbythe defendant on all important decisions, and to
keep the defendant informed of all important decisions or developments
in the course of the prosecution." Id. 104 S.Ct. at 2056, 80 L.Ed.2d
at 689.

The **Strickland** Courtsett out a tw0 (2) prong test for establishing
ineffective assisatnce of counsel:

> (1) Counsel's performance was deficient; and
>
> (2) The deficient performance prejudiced the
>       defense.

Id. 466 U.S. at 687, 104 S.Ct. at 2064.

The following facts and actions or omissions of duty by trial
attorney John M. Britton, Esq., but not limited to these alone, show
a prima facie case of ineffective assistance of counsel, which prejudiced
the Petitioner in all critical stages of the criminalproceedings in

CC0066

this instant case.

1. Trial counsel Britton misinformed the Petitioner as to the terms and sentence(s) involved in the plea agreement negotiated by him and the State. Attorney Britton told Petitioner Heath that if he would withdraw his prior pleas of guilt to all pending charges and enter a plea of guilt to all charges, that the State would agree to recommend a sentence with an aggragate term of only twenty (20) years. No enhancements were discussed nor were there any agreement(s) made to any stipulation of terms of the negotiabdd plea agreement. Based upon the misinformation supplied to him by his attorney, John M. Britton, Petitioner Heath withdrew his prior plea(s) of not guilty and entered plea offguilt to all pending charges. Petitioner Heath was fully prepared to take his case before a jury of his peers. In **United States v. Rhodes**, 913 F.2d 839, 843 (10thCir.1990) the Court held that: "[a] plea may be involuntary when an attorney 'materially misinforms the defendant of the consequences of the plea'"). See also **Alderman v. State**, 615 So.2d 640 (Ala.Cr.App.1992). This error by counsel prejudiced the Petitioner because there is a reasonable probabbiity that had the Petitioner been properly advised as to the sentence of thirty years which he is now serving, he would not have plead guilty and would have insisted on going to trial. See **Strickland**, supra.

2. Attorney John Britton failed to raise any objection at sentencing to the State's failure to give prior notice of its intent to enhance the sentence of the Petitioner by invoking the statue(($) §13A-12-250 and §13A-12-270 of the **Code of Alabama 1975**. The Alabama Court of Criminal Appeals has held that: "The application of §13A-12-250, like the application of the HFOA, is mandatory." **Green v. State**, 586 So.

-14-

000067

2d 54 (Ala.Cr.App.1991).

Attorney Britton failed to recognize that the record was devoid of the State's notice of intent to seek enhancement of the Petitioner's sentence under the "schoolyard statute" and the "housing project statute". Had Attorney Britton recognized this error ob the part of the State, he should have objected at the time of sentencing. Petitioner Heath was unaware that his plea of guilt would subject him to any enhancement of the twenty year sentence he had previously agreed to. See **Miller v. State**, 673 So.2d 819 (Ala.Cr.App.1995). Attorney Britton failed to properly advise the Petitioner that he even may be subject to any enhancement(s) either under §13A-12-250 or §13A-12-270.

Petitioner Heath contends that the actions or inactions of Attorney John Britton prejudiced him in that had he not been led to believe that he would only be sentenced to twenty years in prison rather than thirty years in prison, Petitioner would not have withdrawn his prior pleas of got guilty to all charges and would have insisted on going to trial. Attorney Britton deliberately withheld the fact that Heath might be facing additional time beyond the twenty year sentence that the Petitioner believed he would receive in this case. Therefore, Petitioner has met the "prejudice" requirement set out in the **Strickland v. Washington**, supra, Court. See also **Hatcher v. State**, 570 So.2d 1273 (Ala.Cr.App.1990).

Therefore, Petitioner is due to be garnted relief in this matter.

C00068

## RELIEF SOUGHT

Petitioner Roy David Heath has presented meritorious claims which would entitle him to relief. **Ex parte Williams**, 651 So.2d 569 (Ala.1992). The Petitioner requests that an evidentiary hearing be set and that counsel be appointed to represent him at said hearing.

Petitioner avers that all statements and facts set out herein are true and correct. Also, Petitioner claims that he is innocent of the crimes for which he now stands convicted in this case.

_Roy Heath_

Roy David Heath, Petitioner pro se
AIS #217344, Dorm #7
Fountain Correctional Center
Fountain 3800
Atmore, Alabama 36503-3800

STATE OF ALABAMA )
                 ) ss.
**ESCAMBIA** COUNTY )

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE ___31^ST___ DAY OF ___May___,
2002.

_Richard D. [signature]_
[Notary Public]

My Commission Expires: ___NOV 7, 2003___.

-16-

STATE OF ALABAMA         )     IN THE CIRCUIT COURT OF

      PLAINTIFF,      )     RUSSELL COUNTY, ALABAMA

                 )

     VS.           )     CASE NO.: CC 01-30.60

                 )              01-36.60

ROY DAVID HEATH        )

                 )

      DEFENDANT.    )

*(vertical text in left margin: FILED IN OFFICE 2002 JUL 17 AM 9:4_ ... CIRCUIT CLERK)*

### ORDER

The Petitioner, Roy David Heath, has filed a petition for relief from convictions and sentences pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. Petitioner cites three grounds for relief in his petition.

1. Plea of Guilty not voluntary and knowing.

2. Failure of the State of Alabama to notify Defendant of enhancement provisions of sections 13A-12-250 and 13A-12-270 of the Code of Alabama, 1975 as amended.

3. Ineffective assistance of trial counsel.

Upon consideration of the pleadings and the Court records, this Court finds that the Petitions for relief are due to be dismissed.

Petitioner, Roy David Heath claims that the pleas of guilty that he entered were not voluntarily and knowing. Upon entry of his plea of guilty, the Defendant stated to the court that he entered into these pleas of guilty voluntarily and that he understood the Ireland form which he signed and which was submitted to the court. Petitioner also signed the plea bargain agreement, which he signed and submitted to the court. He also stated that he was satisfied with the legal representation he had received from the Hon. John Britton. A copy of the plea bargain agreement is made part of this order.

Petitioner waived any further right to notification of enhancement of sentence when he entered into the plea bargain

agreement and entered pleas of guilty.   Petitioner stipulated he had three prior felony convictions and the State of Alabama would not have to make further proof of these convictions at sentencing. Neither of his two sentences exceeded the maximum as allowed by law under Alabama's Habitual Offender Act.

Petitioner was represented on appeal of the conviction's and sentences by the Hon. Charles E. Floyd, III.   The issue of ineffective assistance of trial counsel was not raised in a Motion for New Trial or on appeal.   This claim is barred.

It is therefore ORDERED, ADJUDGED AND DECREED that the Petitions for relief are hereby dismissed.

DONE this the 16th day of July 2002.


_____
JUDGE, CIRCUIT COURT

000071

In The Alabama Court Of Criminal Appeals

Roy David Heath,
        Appellant,

vs.

State Of Alabama,
        Appellee,

Case No. CC-01-0301 CC-01-036

(On Appeal From The Circuit Court
Of Russell County Alabama)

Motion For Stay

Appellant Roy David Heath, Respectfully moves this Honorable Court, Pursuant to Barnes v. State, 621 So.2d. 3q9 (Ala. Cum. App 1993), to stay the above Referenced Appeal Pending Petition of Relief From Conviction And Sentence under AL. R. Crim. P. 32. As Reasons for this Motion the Appellant would show the Court as follows;

   (1) Appellant has other issues that he would incorporate before this Honorable Court in a Rule 32 Petition;

   (2) That these issues would show that the Petitioner never plead guilty to the charges before this Honorable Court;

   (3) That After the Ruling on this second Rule 32 Petition has been received, then these issues can be combined into one brief;

      Wherefore Premises considered, Petitioner prays that this Honorable Court Grant this said Petition, that Petitioner may be assured that Just ce has been faithly Administered;

Respectfully Submitted,

Roy David Heath

Done this 23rd day of August 2002;

FILED IN OFFICE

2002 SEP -5 AM 9:37

CIRCUIT/DIST. COURT
RUSSELL CO., AL

C00072





Clerk Of:
In The Circuit Court Of Russell County
P.O. Box 518
Phenix City, Alabama-36868-0518

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Department of Corrections is not responsible for the substance or content of the enclosed communication.

Mr. Roy David Heath #213744-4-Cell
Fountain 3800
Atmore, Alabama-36503

C00073

In The Court Of Criminal Appeals

State Of Alabama

Roy David Heath,

Appellant

Vs.

State Of Alabama,                    Case No. CC-01-030, CC-01-036

Appellee

## Notice Of Appeal:

The appellant in the above styled action hereby gives notice of appeal to the Court of Criminal Appeals from the decision rendered in this action on_____whereas the Trial Judge dismissed appellant's petition.

Dated this 27ᵈ day of August_____2002;

Roy David Heath

## Certificate Of Service:

I hereby certify that I have served all parties with a true and correct copy of the foregoing by the same being placed in the U.S. mail all postage paid.

Dated this 27ᵈ day of August_____2002;

Roy David Heath

C00074

| State of Alabama<br>Unified Judicial System<br>Form ARAP-26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br><br>_____ - _____ |
|---|---|---|

## A. GENERAL INFORMATION:

☑ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF _Russell_ COUNTY

_Roy David Heath_ , Appellant

V.  ☑ STATE OF ALABAMA  ☐ MUNICIPALITY OF _State of Alabama_

| Case Number<br>_CC-01-030, CC-01-036_ | Date of Complaint or Indictment<br>_N/A_ | Date of Judgment/Sentence/Order<br>_N/A_ |
|---|---|---|
| Number of Days of Trial/Hearing<br>_N/A_ Days | Date of Notice of Appeal<br>Oral: | Written: _August 23, 2002_ |

Indigent Status Requested: ☑ Yes  ☐ No          Indigent Status Granted: ☑ Yes  ☐ No

## B. REPRESENTATION:

Is Attorney Appointed or Retained?  ☑ Appointed  ☐ Retained.          If no attorney, will appellant represent self?  ☐ Yes  ☐ No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)
_Roy David Heath Pro-Se_

Telephone Number

| Address<br>_Fountain 3800_ | City<br>_Atmore, Alabama_ | State<br>_Alabama_ | Zip Code<br>_36503_ |
|---|---|---|---|

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | _N/A_ | Case Number<br>_N/A_ |
|---|---|---|
| Codefendant | | Case Number |
| Codefendant | | Case Number |

## D. TYPE OF APPEAL: Please check the applicable block.

1 ☑ State Conviction
2 ☑ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify)

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____
2 ☐ Homicide - § _____
3 ☐ Assault - § _____
4 ☐ Kidnapping/Unlawful Imprisonment - § _____
5 ☐ Drug Possession - § _____
6 ☐ Trafficking in Drugs - § _____
7 ☐ Theft - § _____
8 ☐ Damage or Intrusion to Property - § _____
9 ☐ Escape - § _____
10 ☐ Weapons/Firearms - § _____
11 ☐ Fraudulent Practices - § _____
12 ☐ Offense Against Family - § _____
13 ☐ Traffic - DUI - § _____
14 ☐ Traffic - Other - § _____
15 ☐ Miscellaneous (Specify): _____ - § _____

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes  ☑ No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?  ☐ Yes  ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.  _August 23, 2002_ (Date)
3. If the answer to question "1" is "No":
   (a)  Will a stipulation of facts be filed with the circuit clerk?  ☐ Yes  ☐ No
   (b)  Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☐ Yes  ☐ No

NOTE:  If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

C00075

| Form ARAP- 26 (back)    8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT |
|---|---|

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 5 | 21 | 2001 | Rule 32 Petition | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

(1) Whether Petitioner's Guilty Plea Was Voluntarily And Knowingly Entered Where Petitioner Was Sentenced Contrary To His Understanding Of A Prior Negotiated Plea Agreement;

(2) Whether Petitioner's Due Process Rights Were Violated By The State's Failure To Notify The Petitioner That The State Intended To Seek Enhancement Of Petitioners Sentance For Distribution Of A Controlled Substance Based On The Fact That The Sale Allegedly Occured Within A Three-Mile Radius Of A School And Three Miles Within Housing Project;

(3) Ineffective Assistance Of Trial And Appellant Counsel;

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

(1) Whether Petitioner's Guilty Plea Was Voluntarily And Knowingly Entered Where Petitioner Was Sentenced Contrary To His Understanding Of A Prior Negotiated Plea Agreement;

(2) Whether Petitioners Due Process Rights Were Violated By The State's Failure To Notify Petitioner That The State Intended To Seek Enhancement Of Petitioners Sentance For Distribution Of A Controlled Substance Based On The Fact That The Sale Allegedly Occured Within A Three Mile Radius Of A School And Within A Three-Mile Housing Project;

(3) Ineffective Assistance Of Trial And Appellant Counsel;

**K. SIGNATURE:** Roy David Heath

C00076

| State of Alabama Unified Judicial System | REPORTER'S TRANSCRIPT ORDER — CRIMINAL | Criminal Appeal Number |
|---|---|---|
| Form ARAP-1C    2/91 | (see Rules 10(c) and 11(b) of the Alabama Rules of Appellate Procedure (A.R. App.P.)) | |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☑ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF __Russell__ COUNTY

__Roy David Heath__ , Appellant

v. ☑ STATE OF ALABAMA ☐ MUNICIPALITY OF _____ __State of Alabama__

Case Number: __CC-01-030, CC-01-036__

Date of Notice of Appeal: Oral: _____ Written: __August 23, 2002__   Indigent Status Granted: ☑ Yes ☐ No

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-71, CODE OF ALABAMA 1975).

__Roy David Heath__        __August 23, 2002__        __Roy David Heath__

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (See Rule 10(C)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

COURT REPORTER(S)

MARK PROCEEDINGS REQUESTED:

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and argument of counsel must be designated separately.

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, A.R.Cr.P.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, A.R.Cr.P.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. | | |
| E. | | |
| F. | | |
| G. | | |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(C)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

__Roy David Heath__        __August 23, 2002__        __Roy David Heath__

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney

AC0571                    ALABAMA JUDICIAL DATA CENTER
            NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS          C00077
                   BY THE TRIAL COURT CLERK
            IN THE CIRCUIT COURT  OF   RUSSELL COUNTY
STATE OF ALABAMA VS HEATH ROY DAVID              JUDGE: GEORGE R. GREENE
-----------------------------------------------------------    ----------------
  APPEAL DATE: 08/23/2002

  INDIGENCY STATUS:
     GRANTED INDIGENCY STATUS AT TRIAL COURT:        __ X __ YES ____ NO
     APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  __ _ YES __X__ NO
     INDIGENT STATUS REVOKED ON APPEAL:              __ _ YES __X__ NO
     INDIGENT STATUS GRANTED ON APPEAL:              __ _ YES __X__ NO

  DEATH PENALTY: NO

  APPEAL TYPE: RULE 32 PETITION
  -----------------------------------------------------------    --------------
  THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E.    RULE 32 PETITION,
  WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED      THE TRIAL JUDGE.

  CC/CASE NUMBER: 57/CC 2001 000036.60

  ORDER ENTERED(DATE): 07172002 PETITION: X DISMISSED     DENIED __GRANTED
  -----------------------------------------------------------    --------------
  POST-JUDGMENT MOTIONS FILED:  DT FILED      DT DENI     CON BY AGREE
  ___ MOTION FOR NEW TRIAL     _____      _____    _____
  ___ MOTION FOR JUDG. OF ACQUIT _____    _____    _____
  ___ MOTION TO W/D GUILTY PLEA _____      _____    _____
  ___ MOTION FOR ATTY TO W/DRAW _____      _____    _____
  ___ OTHER                    _____      _____    _____
  ----------------------------------------------------------------------
  COURT REPORTER(S):                          _____   _____
  ADDRESS:                                    _____   _____
                                              _____

  APPELLATE COUNSEL #1:                       PRO SE
  ADDRESS:
                                                       ,        00000
  PHONE NUMBER:                               000-000-0000

  APPELLATE COUNSEL #2:                       _____   _____
  ADDRESS:                                    _____   _____
                                              _____   _____
                                              _____   _____
  PHONE NUMBER:                               _____   _____

  APPELLANT (PRO SE):                         HEATH ROY DAVID
  ADDRESS:                                    217344
                                              ATMORE        ,  AL  365033900
  AIS #:                                      .

  APPELLEE (IF CITY APPEAL):                  _____   _____
  ADDRESS:                                    _____   _____
                                              _____   _____
----------------------------------------------------------    ----------------
                                                         OPERATOR: SHG
I CERTIFY THAT THE INFORMATION PROVIDED              PREPARED  09/06/2002
ABOVE IS ACCURATE TO THE BEST OF MY
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO        _Kathy Carter_
THIS ACTION ON THIS 6th DAY OF Sept. 02          CIRCUIT COURT CLERK

CC0078

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 14          11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number |
|---|---|---|

| TO:  THE CLERK OF<br>       THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:  AUGUST 23, 02 |
|---|---|

**APPELLANT**

ROY DAVID HEATH

V.   STATE OF ALABAMA

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of __78__ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

Dated this __6TH__ day of __NOVEMBER__ , 19 __2002__

_Kathy Coulter/SS_
Circuit Clerk

RUSSELL COUNTY, ALABAMA