IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA
26th, JUDICIAL CIRCUIT

```
                               *
                               *
                               *
ROY DAVID HEATH,               *
            Petitioner,        *
                               *
                               *
    VS.                        *        CASE NO.#CC-01-030.61
                               *                 CC-01-036.61
                               *
                               *
STATE OF ALABAMA,              *
            Respondents.       *
```

### "BRIEF, ARGUMENTS IN SUPPORT, "PURSUANT TO THE ALABAMA RULES OF CRIMINAL PROC., POST-CONVICTION RELIEF UNDER RULE 32-REMEDY"

Now comes the petitioner,"Roy David Heath," pro-se in his own behalf,in the above "References" and for good cause shown, presents the following,pursuant to the relief he seeks, pursuant to post-conviction relief under rule 32-remedies,states as follows:

> Jurisdiction of the Court, Facts, Rules
> Grounds for relief, Arguments in support
> of relief as a matter of law,Relief Sought,
> Conclusions,Affidavit in support of Relief
> with documents,Pursuant to rule 32.3.,ARCP.

### "JURISDICTION OF THE COURT"

"The Constitution of the United States of Alabama requires A New Trial, A New Sentence proceeding, or Other Relief".

"In Essence, Roy David Heath, are challenging the legality of his Conviction and his Sentence Imposed 5/31/2001.


EXHIBIT

"A. Petitioner,"Roy D. Heath, claims is not precluded
Because:

"An allegedly illegal sentence may be challenged
at anytime,Because if the sentence or the Conviction
is illegal, The Sentence and the Conviction Exceeds
The Jurisdiction of the Trial Court and is void."
Rogers V. State,728 so.2d 690 (Ala.Crim.App.1998).


"FACTS IN SUPPORT"

On about 5/2/2000, "Petitioner,Roy D. Heath, was charged
with "unlaw Distrib Contro, Poss Marijuana 1st, pursuant to
Case No.# CC-2001-36.00. On 5/4/2000, petitioner was arrested
for "Unlawful Distrib Contro, Poss.Marijuana 1st,degree. On
5/5/2000, pursuant to Case No.# CC-2001-30., Petitioner was
arrested for "Unlawful Distrib Contro, Driving While Revoke,
Reckless Endangerman.

On 1/19/2001, Petitioner was set for Arraignment, On
2/20/2001, at 9:oo a.m. On 2/16/2001 petitioner entered a
not guilty and waiver of Arraignment, That day trial was set
for 4/16/2001, at 9:oo a.m.,at this time,"The Attorney For
Petitioner was "John Britton, who did not request for "Discovery,
in open Court, nor did he file "Motion For Discovery[see exhibit-
A], On 3/2/2001, The State filed the Following:

"1. "Motion For Discovery,
"2. "Notice of Prior Convictions for sentence hearing;
"3. "Notice of Intent to admit Certificate of Analysis;
"4. "Motion for Consolidation of offenses [see exhibit-A].

On 3/20/2001, Order was issued setting hearing on Motion
to Consolidate for "April 11th,2001, at 4:oo p.m. but petitioner
never appeared at such hearing, nor do the record support

a hearing was held, "Granting Consolidation of petitioner's
cases together. On **4/9/2001**, petitioner entered into a plea
agreement in each count as charged in the "**Indictment**,"[see
exhibit-B] **(Emphasis Added)**;

> "This Plea Agreement entered 4/9th/2001, is an "Official
> Contract, A Promise, A Written Agreement, From the State
> Of Alabama,[see exhibit-B]"

On **5/31/2001**, Petitioner entered into his Plea of Guilty
as to Count #1, Disteibution of Marijuana and Count #2, Possession
of Marijuana 1st,degree,[see exhibit-C and D],Count #1,CC-
01-36, "Defendant's Sentence shall be Concurrent with the
Sentence(s) imposed in CC-01-30,CC-01-36, Count #2, This same
day and time 5/31/2001, Petitioner entered his Plea of Guilty
to CC-01-30, Distribution of Marijuana, The Defendant's Sentence-
shall be concurrent with the sentence(s) imposed in CC-01-
36,Ct.#1,Ct.#2,[see exhibit-E].

On **5/31/2001**, The Court Sentenced the petitioner as
a habitual offender to 30 years to the Dept. of Cerrections
including 5 years Enhancement pursuant to 13A-12-270, and
5 years Enhancement pursuant to 13A-12-250, in Count 1, and
30 years to run concurrent to count #1, and CC-2001-30, in
Count #II,[see exhibit-B], at this time petitioner asked to
appeal his case, because this was not not the deal"(Agreement)*
that was explained to petitioner, He was not told that he
would recieve 20 years Concurrent, and after telling Counsel
that he was unpleased with the plea of guilty,"Attorney for
petitioner,"John Britton,"insisted that if petitioner appeal
the state would sentence him to life imprisonment,"Petitioner

final words to his Counsel,"That He Wished To Appeal,and Counsel

lead the petitioner to believe that he would appeal petitioner's

case, "After a short time went by, "Petitioner hadn't heard

from the attorney as told,Petitioner then asked around to

find out about appeal and was told that I needed to notify

the court in writting, "So this is when petitioner wrote the

Clerk of the Court of the circuit court, requesting for an

Appeal,[see exhibit-F].

Petitioner filed his notice on 7/11/2001, to the Clerk

of the Court of Russell County Circuit Court, Notice of Appeal

to the "Alabama Court of Criminal Appeals by the trial Court

Clerk in the Circuit Court upon the Court of Appeals Order issued

July 12,2001,Authorizing the Attorney "John M. Britton, From

Lanne W. Mann, Clerk, Court of Criminal Appeals "Re:CR-00-2143,

Stating:

"You are hereby notified that the above-referenced appeal

is deficient in that the Docketing Statement, Form ARAP 26,

and the reporter's Transcript Order-Criminal, Form ARAP 1c,

have not been filed (see Rules 3(e) and 10(c)(2) of the Alabama

Rules of Appellate Procedure).[see exhibit-G].

On July 27th,2001, "Final Notice Before Dismissal" was

sent to the Hon. "John M. Britton,Attorney for the petitioner,

from "Lane W. Mann, Clerk Court of Criminal Appeals, RE: CR-00-

2143 Stating:

"You were previously notified that the above referenced

appeal is deficient in that the Docketing Statement,Form ARAP

26, and the Reporter's Transcript Order-Criminal,Form ARAP

1c, have not been filed (see Rules 3(e) and 10(c)(2) of the

Alabama Rules of Appellate Procedure).[See exhibit-H].

The Petitioner Notified the Court of Appeals and on

10-1-01,The Clerk of Appellate Court filed "Motion For The

The Appointment of Court Appointed Attorney, And Motion For Enlargement of Time,[see exhibit-I],"The Hon.Charles E. Floyd,III was appointed to represent the petitioner on this his appeal.

The Attorney Charles E. Floyd III,who aftr being appointed, "Not Reviewing the file, Records, That was before him,"He files A No Merit Brief, to the Court of Appeals, turning A blind eye to the facts before him which indicated that the trial Attorney was ineffective for not complying with the Order issued by the Court on **July 12th,2001 and July 27th,2001**, but allowing petitioner appeal to be dismissed, **[see exhibit- ]**,

Attorney **"Charles E, Floyd III,"** filed a no merit brief, had he been effective, he saw whats before this court on this petitioner's files;

"**A.** "That the petitioner filed for an appeal

"**B.** "That the court notified the Trial Attorney,"John M. Britton on July 12th, 2001, and July 27th,2001.

"**C.** "That the petitioner's appeal was dismissed through no fault of his own.

Therefore Attorney Shows himself to be ineffective is why petitioner brings this claim and alleges (1), Ineffective on his trial Attorney and (2), Ineffective Assistance of counsel on his Appeal Attorney.

## "SUMMARY OF THE CASE"

On **4/28th/2001**, was the first time petitioner saw **Agt.Tom Franlen** when petitioner left **989 Lee Rd. 640** Home. Petitioner went to a **Auto Sauige** Place. When petitioner was inside ordering some

parts, The **CI** came in and told petitioner that he had saw

petitioner's truck outside so he stopped to ask petitioner

for some pot and if petitioner didn't have any did his wife

have a joint,Petitioner told him that she may have a joint

that she would let him have but that he did'nt have any.

 The **CI and** Petitioner walked outside, that's when petitioner

seen **"Agt Tom Franklen** and his truck as his wife was getting

a joint for the **CI.** ⁻ⁱⁱPetitioner went to look at a truck that

was for sale across the lot as the **CI** got his joint from

petitioner's wife he then came over to where petitioner was

and asked the petitioner about more smoke, "Petitioner told

the **CI** he din't have any,but that he know someone who does

for the **CI** to call later and he would be able to let him know.

 As for the next time petitioner seen the **CI** was when

petitioner had gotten arrested. On **5/4th/2000,** "Petitioner

never seen the **CI** on the **4/28th/2000**at the house of 915 13th,Ave.as

for the **4/28th/2000** charge, Petitioner was at this **auto saluage**

**place ordereing parts** and never went to the 915 13th,Ave.

home From the time petitioner seen the **CI** at the auto saluage

place the **CI** called the petitioner day & night for a week

asking petitioner to get a pound of dope, "On the **5/4th/2000**

petitioner was going out with my Girl Friend to eat and he

the **CI** called petitioner on his cell phone and asked again,

Petitioner wife told petitioner to tell him to call back later

that we will see what we can do at this time my wife was mad

at him"(**CI)"** for calling so much and said let's just get him

his pound to call **"Daren Mims,** and asked if he had any so

petitioner did, "Mims said to call back in 10-minutes then

he would know if he could get that much, by then we stopped

at **915 13th,Avenue,** and the CI called at the house."I told

him to call back, then **"Mims** called me,"Petitioner" and asked

petitioner can he come and get it, "Petitioner told him no,

so **Mims** said it will be a minute, that he'll be over in about

15 minutes to have the CI there so he could go because he

had other things to do.

      **Mims** showed up first and petitioner and he goes

into a game of pool, then the CI came in with a so called

friend, "Petitioner and **Mims** were still in a game of pool

when it was over **"Mims** got his bag off the table and went

to the bath room in the hall by the door. Petitioner was standing

in the hall and **Mims** pulled the pound out and gave it to Petitioner,

Petitioner then put it on the pool table in front of the **CI,**

and the CI picked it up and petitioner said **"Was That What**

**You Wanted?** and the **CI** gave it to the other guy and he said

yes this is what we want and then he pulled out the money

and was counting it then, at this time **Mims** was on the back

pourch and seen the **"Tas-Force** comming,"**Mims** ran in the hall

where petitioner and his girl friend was and ran to the back

part of the house.

      Petitioner and his girl friend were still in the

hall way when the **Agt,** came in on petitioner and his girl friend,

who was put on the floor and the other **Agt's** went to find

**Mims,** They got **Mims** and brought him in the room where the

pool table was and petitioner and his girl friend were also

taken there.

      The **CI** and his friend were on the floor on the other

side of the pool table,"Petitioner could see them there,

The **CI's** friend had the pound under him and he put it under the pool table then as **"Tom Franklin** came in the room he picked up the money off the pool table and asked everyone if it was their's and no one said nothing, so **Tom Franklin** said it must be his then and put it in his pocket."Then the **CI** and his friend were took in another room, Then "Petitioner was took to the room **Mims** was found.

**Mims** bag was on the bed with nothing in it as petitioner was in the room the **Agt's** looked around the room and found pot in a bag and said to petitioner if it was his, "Petitioner told him no, "So they put it in **Mims Bag** and said it must be his then, Then petitioner was asked if he could do them a favor,"Petitioner told them if they would let his girl friend go petitioner would help them.

They said no so petitioner didn't say no-more, Petitioner was took back in to the room where **Mims** and petitioner's girl friend were."**Mims** asked for his **"Medication** thats when **Mims** was asked if that bag was his as for the **CI** and his friend they were took out of the house first, Then Petitioner and **Mims** were took out the house and "Petitioner noticed that the automobiles in the yard were gone and a police car was there for he and **Mims.**

At this time we both was taken to the county jail for booking and placed into the holding cell's for further booking, The next day petitioner had a bond hearing, and there was 3 charges placed on the petitioner,"**To Wit: Two Distribution and 1 Possession Charge,"**The first charge, the Bond was set for $25000. The next **Distribution** was set for **$10.000.** The Possession

charge was set for **$2500.00** then took back to the County Jail.

Petitioner stayed there for **7 weeks** before bond, Then a year later petitioner had a hearing comming up and petitioner was appointed a lawyer and that Attorney told petitioner that the **DA** would give petitioner a plea bargin of **20 years** and every thing else would run concurrent, that's when petitioner said no and went and got another Lawyer and retained him for the case, He also told the petitioner that petitioner had no chance at all and let petitioner listen to a tape and the tape that the petitioner listened to, the voices could not and did not make sense, and Petitioner told the Attorney that the tape was no good, But the Attorney told petitioner that since the undercover was in the house petitioner had not much of a chance and said he would make a Bargin for petitioner.

Then he called petitioner to meet with him again and told petitioner that he got a Bargin for **20 years** with every thing else to run concurrent with it. Petitioner then told him no and he told petitioner that he could do no better for petitioner because someone **"HIGH UP** did not want petitioner out of jail, as of petitioner next and first trial petitioner Attorney came to see petitioner with a plea bargin and told petitioner if he didn't sign it, "Petitioner was going to get a life sentence and if petitioner say anything or do anything after he signed the plea bargin that the Judge would go ahead and give petitioner Life.

**30 days** later petitioner was to get his sentence, petitioner was to get **20 years**, that he thought and that's what he was told by his attorney but got **4 enhancements** on top

## GROUNDS FOR RELIEF

1. "The Constitution Of The united States Of Alabama Requires A New Trial, A New Sentence Proceeding, Or Other Relief;

   "Petitioner Roy David Heath's counsel Rendered "**Ineffective Assistance Of Counsel,** for failure to perfect Appeal."

2. "Petitioner's Counsel was "**Ineffective,** for failure to file Ineffective Assistance Of Counsel on the Trial Attorney when record is plain veiw that "**Court Of Appeals Notified,**"**Trial Counsel,** to send **2 Forms** that goes with Notice Of Appeal.

3. "State was without jurisdiction to Run "**Enhancements,13A-12-270, and 13A-12-250 Concurrent**

4. "The State Breached The Petitioner's Plea Agreement Entered 5/31/2000,

   "This Plea Agreement entered **4/9th/2002,** is an Official Contract, "A Promise, A Written Agreement, From The State Of Alabama,**[See Exhibit-B].**

5. "The Court Has Jurisdiction Pursuant To The "**Newly Amended § 15-18-8(a)(1),**"To Suspend The Enhancement pursuant to Code 1975, §§ 13A-12-250, 13A-12-270, § 15-18-8(a)(1)."Holding:

   "**Sentencing and Punishment-Key 89;**
   *Statute giving trial judge discretion to suspend portion of prison sentence allows a trial court to suspend sentence imposed pursuant to statute providing for enhanced prison sentence when Drugs are sold near school or public housing project."**Code 1975,§§ 13A-12-250, 13A-12-270,§ 15-18-8(a0(1).**

6."The Ineffective Assitance of **Appellate Counsel**,"Floyd
   will Be Presented claim by claim in Roman Numeral Fashion
   Accopained by the Honorable Trial Counsel,The Case At Bar,,

7."Wether Petitioner **"Roy David Heath's"** review of his **"Fourth
   Amendment** Claims should extend to **"Sixth Amendment,Ineffective
   Assistance Of Counsel,** Claims which are found primarily on
   incompetent representation with respect to a **"fourth amendment
   ississue.** "Petitioner Claims Counsel Rendered Ineffective at
   failure to "Raise, Surpress or properly Litigate Fourth Amendment
   Violation Constituted Ineffective Assistance Of Counsel's
   Performance fail below Standard.

8."Whether Interception of Conversation Constitutes Search
   and Seizure, Violation of Fourth Amendment.

9."Appellate Counsel **"Floyd"** rendered Ineffective Assistance
   Of Counsel for Failure to Suppress Evidence Illegally Seized
   In Violation of The 4th,,**Sixth,and Fourteenth Amendment,**
   To The United States Constitution.

## "ARGUMENTS IN SUPPORT OF RELIEF AS A MATTER OF LAW"

1. Petitioner's Counsel rendered Ineffective Assistance of Counsel for failure to perfect Appeal,

"The Supreme Court held that the judgement of conviction was entered without due process of law, since the defendant plea of guilty was in voluntarily in that he did not receive adequate notice of the offense, Henderson V. Morgan,426 US.637,49 L.Ed 2d 108,96 S.Ct.2253(1976) "A guilty plea does not preclude defendant from raising a Sixth Amendment Claim of Ineffective Assistance Of Counsel,"Wiley V. Wainwright,793 F.2d 1190(11th. Cir.1986),"Holding Young V. Zant,677 F.2d 792,798(11th Cir.1982), The ineffective assistance of counsel claim is not precluded by the petitioner's plea of guilty,if the advice of counsel falls below the minimum required by the Sixth Amendment."Bradbury V. Wainwright,658 F.@d 1083,1087(5th Cir.1981),Cert.Denied,456 U.S.992,102 S.Ct.2275,73 L.Ed 2d 1288(1982)."A petitioner alleging ineffective assistance must show by a preponderance of the evidence that counsel's performance was deficient performance.

Strickland V. Washington,466 U.S.668,686,104 S.Ct.2052,2064, 80 L.Ed.2d 674(1984). Counsel must sufficiently familarize himself with the facts and the law that he can advise the defendant meaningfully on available options."This obligation requires the attorney to "make reasonable investigations or to make a reasonable decision that makes particular investigations necessary".

In "Jones V. Cowley,28 F.3d 1067,(10th Cir.1994),(holding If counsels failure to perfect petitioner's appeal in state court constituted Violation of right to effective counsel on appeal,

cause and prejudice standard is satisfied as constitutionally ineffective counsel, constitutes cause and prejudice is presumed when counsel fails to perfect appeal.U.S.C.A. Const.Amend.6.

Petitioner argues that counsel whether retained or appointed has duty to protect petitioner's right to appeal, and counsel cannot discharge this duty by allowing petitioner's appeal time to expire without taking proper action, once petitioner has indicated desire to appeal, counsel's failure to perfect appeal when he has not been relieved of his duties through successful withdrawal constitutes violation of petitioner's right to effective assistance of counsel on appeal.U.S.C.A. Const.Amend.6.

Counsel failure to file Notice Of Appeal in a timely manner, but instead filed an amended Motion to Vacate, which was subsequently denied as untimely and on grounds of resjudicate amount to ineffective assistance of counsel,Clay V. Director Juvenile Div.,Dept.Of Corr.,749 F.2d 427(7th Cir.1984)."Defense Counsels failure to inform petitioner of his right to appeal constitutes ineffective assistance of counsel,Lozada V. Deeds,488 U.S.430,112 L.Ed.2d 956,111 S.Ct.860(1991).

2.Petitioner's Counsel was "Ineffective, for failure to file Inefective Assistance of Counsel on the Trial Attorney when the record is in plain view that "Court of Appeals Notified Trial Counsel, to send 2 Forms that goes with Notice Of Appeal.

Petitioner argues that whether defense counsel was professionally deficient in failure to make successful Motion to supress evidence and whether exclusion of that evidence would have affected outcome of inmates case, "Kirkpatrick V. Blackburn,777 F.2d 272(5th,Cir.1985) Trial counsels failure to supress evidence

obtained during illegal search of petitioner's residence may constitute ineffective assistance and requires an evidentiary hearing to develop the record on claim. **Morresy V. Kimondmon, 650 F.Supp.801(D.N.J.1986).**

Petitioner argues that **Lofton V. Whitley,905 F.2d 885(5th,Cir. 1990),**"Holding an accused is constitutionally entitled to effective assistance of counsel on direct appeal as of right,"**Evitts V. Lucey,**469 **U.S.387,105 S.Ct.830,83 L.Ed 2d 821(1985).** Lofton contends that he was constructively denied assistance of counsel on appeal because his attorney filed a brief which did not assert any arguable error, and therefore prejudice should be presumed. The Supreme Court clarified the two types of claims involving the denial of effective assistance of appellate counsel in **Penson V. Ohio, 88 U.S. 75,109 S.Ct.3 6,352-5 ,102 L.Ed.2d 300(1988).** First, if there was an actual or constructive denial of counsel on appeal, then prejudice is presumed. Second, if the claim is that counsel's performance was merely ineffective, then the petitioner must show prejudice.

The District Court considered this to be a case of the second type, to be assesed under Strickland's prejudice standard. This was error.

Penson reaffirmed Anders V. California,388 U.S.738,87 S.Ct.1396,18 L.Ed.2d  93(1967), wherein the court recognized that in some circumstances counsel could withdraw without denying fair representation,provided some safegards were observed. While counsel here technically did not withdraw, he may as well have, for he presented no claims of error to the appellate court."Anders requires counsel who believes appeal would be frivolous

[First] to conduct "a conscientious examination of the case." [Anders], at 744[87 S.Ct.at 1400] ... If he or she is then of the opion that the case is wholly frivolous, counsel may request leave to withdraw. The request "must" however, be accompained by a brief referring to anything in the record that might arguably support the appeal." Ibid.

Penson,109 S.Ct. at 350. Here counsel apparently thought the case was frivolous, as he asserted no grounds for appeal, but he did not follow the Anders procedure, and neither asked to withdraw nor filed a brief that pointed to anything arguably supporting an appeal.

In Penson the appellate court permitted appellate counsel to withdraw without writing a complete Anders brief,and when the appellate court determined thaT THERE WERE arguable issues for appeal it did not appoint new counsel,but proceeded to review the record itself, only finding one issue requiring reversal on one count. Withdrawal without filing an Anders brief amounted to denial of counsel.

3."State was without jurisdiction to run **Enhancements, 13A–12–270, and 13A– 12–250 Concurrent.** "In violation of 32.1(c),The sentence is not authorized by law ,"The sentence exceeds the maximumcauthorized by law or is otherwise not authorized by law,

Because:" "Five Year enhancement sentences defendant received under enhancement for drug sale ne`r school statute and enhancement for drug sale ne`r public housing statute could not be served concurrently but rather,w œe required to be served con-secutively. Code 1975,§§ 13A–12–250, 13A–12–270.

Petitioner now argues that the court held in "Wilburn Scott V. State, 627 so.2d 1131,[3,4]"It has come to our attention upon review of the sentence pronounced by the court that the appellant's sentence did not confirm with the law. "The trial court ordered that the enhanced terms be served concurrently."However; that action by the court is contrary to the legislature's intent "Section 13A-12-250,states:

> "in addition to any penalties heretofore or hereafter
> provided by law for any person convicted of an unlawful
> sale of a controlled substance,there is hereby imposed
> a penalty of five years incarceration in a state corrections
> facility with no provision for probation if the situs
> of such unlawful sale was on the campus or within a
> three-mile radius of the campus boundaries of any public
> or private school, college, university or other educational
> institution in this state."
> (Emphasis added.)

Section 13A-12-270 states:

> "In addition to any penalties heretofore or hereafter
> provided by law for any person convicted of an unlawful
> sale of a controlled substance,there is hereby imposed
> a penalty of five years incarceration in a state corrections
> facility with no provision for probation if the situs
> of such unlawful sale was within a three-mile radius
> of a public housing project owned by a housing authority.
> (Emphasis added).

This court,in Dixon V. State,572 so.2d 512(Ala.Crim App. 1990),has stated the following in regards to the language emphasized above. "The opening language of § 13A-12-250 [Which is identical to the opening language in § 13A-12-270] uses the words [i]n addition to.'The word addition' means the act,process or instance of adding."Lane V. Holderman,23 N.J.304,129 A2d 8(1975). The words addition and extension and their synonyms increase and augmentation are used interchangeably. Meyering V. Miller,330 Mo.885 51 S.W.2d 65(1932).Addition is the act or process of adding; The joining or

uniting of one thing to another.'"Webster's Third New International
Dictionary 24 (1976). This court is of the opinion that, contrary to
to the appellant's contention,the legislature did intend for an extra
five years to be added to or tacked on to the existing sentence. We
are especially convinced of this in light of how other jurisdictions
have treated similar statutes. For example,Congress was so appalled
by the evils posed by illegal drug activity conducted near schoolch-
ildren that it created a statute which doubles the original jail sentence
of those found guilty of such an offense."

The petitioner further argues that 572 so.2d at 513-14.
The legislature intent is the five years penalties: shall not run
concurrently with each other or any other sentence imposed. The
enhancement terms provided for by these statutes must be "added to"
any other penalty pronounced by the court. Because the appellant's
the appellant's sentence was not in accordance with these statutes
this court has noticed the defect in sentencing even though no objection
was made to the trial court. Ex Parte Brannon 547 so.2d 68(Ala.1989).
This court has in the past remanded cases for new sentencing when
although proof was established that the sale occurred within three
miles of a housing project, the court had failed to enhance the sentence
under the provisions of both §§ 13A-12-250 and 270,"See for example
McGee V. State,607 so.2d 344 (ala. cr.app.1992),on return to remand,
620 so.2d 145 (Ala.Cr.App.1993).

Because the appellant was not sentenced according to
§§ 13A-12-250 amd 270,this cause must be remanded. The prison terms
imposed as a result of these enhancement provisions in the above statutes
may not be served concurrently. Neither may the enhanced sentence be
served concurrently with the base sentence.

"THE STATE BREACHED THE PETITIONER"S PLEA AGREEMENT ENTERED 5/31/2000,

> "Because this plea agreement entered 4/9th/2001 is
> an "Official Contract, A Promise, A Written Agreement
> From The State Of Alabama [see exhibit-B]

**Petitioner argues that** 'pursuant to Ex Parte **Pfalzgraf,741 so.2d 1118 (Ala.Crim.App.1999),**(Holding Negotiated Pleas ... serve a valuable role in the criminal justice system. "If the integrity of that role is to be maintained, certainty must prevail. The State need not enter into a plea agreement. It may choose not to do so and proceed to trial on any case."The United States Supreme Court states there is no constitutional right to a negotiated plea.**Weatherford V. Bursey,429 U.S.545,97 S.Ct.837,51 L.Ed.2d 30 (1977).**

However, once the state chooses to make an agreement,it should not be allowed to repudiate that agreement with impunity, **State V. Brockman,277 Md.687,357 A.2d 376(1976)**(cited with approval in "Kisamore V. State,[286 Md.654,409,A.2d 719(1980)]"A Contrary result would not encourage a defendant to come to grips with the moral and strategic considerations necessary to accepting a negotiated plea,and pleading guilty,if he knows the very agreement he must consider is subject to unilateral speculation by the state.If we allow the state to dishonor at will the agreements it enters into the result could only serve to weaken the plea negotiating system. Such a result also is inconsistent with the honesty and integrity encouraged by **Canon 1, Alabama Code of Professional Responsibility.**

The Third Circuit Court of Appeals is Government of the Virgin Islands V. Scotland,[**614 F.2d.360(3rd.Cir.1980)**], held that where the state breaches a plea agreement before

the defendant acts in reliance on it, specific performance is denied
because the defendant has the adequate remedy of a jury trial. We
cannot accept that proposition, we agree with the third circuit
that the right to a jury trial is an important and fundamental right
Nevertheless,it may be an inadequate remedy for a defendant seeking
to enforce the terms of an agreed upon plea. In so holding we do
not belittle the value of that fundamental right."We merely rec-
ognize that the uncertainty of its outcome is likely to make a jury
trial less than a meaningful remedy."One Commentator Observes:

> "To the defendant A trial appears risky and unpredictable
> when compared with the plea bargaining process.Many
> factors,including limited pretrial discovery,indeterminate
> questions of credibility,and the uncertainties of
> jury decisions make the outcome of a trial unpredictable
> In addition, unpredictability is often prevalent
> in sentencing procedures."Most criminal statutes
> grant the judge a wide and largely uncontrolled latitude
> of sentencing discretion,Plea Bargaining eliminates
> many of these uncertainties by providing a predetermined
> charge and sentence...

NOTE:,"Plea bargaining Agreements Right to enforcement derived
from **Fifth and Sixth Amendments, 3-Western New Eng. L.Rev.249,**
**252,N.24(1980)**, citing note."Plea Bargaining and the Transformation
of the criminal process,**90 Harv.L.Rev.564 (1977)**,437 so.2d
at 1335-36(footnote omitted),see also **Ex parte Richardson,678**
**so.2d 1046(Ala.1995)**;"**Ex Parte Sides,501 so.2d 1262 (Ala.1986)**,
**Duncan Supra.**

The Alabama Supreme Court has stated that the right
to have a plea agreement enforced has its genesis in the Due Process
Clause of the Constitution. See Ex Parte Johnson, 669 so.2d 205

(Ala.1995).The Alabama Supreme Court,citing Santobello V. New York, 404 U.S. 257,92 S.Ct.495,30 L.ed 2d 427(1971),Stated:

In Santobello, the Supreme Court Stated that when a plea [of guilty] rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promises must be fulfilled;404 U.S. at 262,92 S.Ct.495.

The Court in **Santobello** did not specifically state where the right to relief from a broken plea agreement arises. However; we believe that the right comes from the due process requirement that guilty pleas be made voluntarily and intelligently given that a guilty plea is a waiver of fundamental rights such as a jury trial, The right against self-incrimination,and the right to confront accusing witnesses,see **Santobello**,404 U.S. at 261,92 S.Ct.495." 669 so,2d at 207.

Under the posture of the agreement in this case defendant,"**Roy David Heath,**" is entitled to compel the enforcement of that for which he bargained that is the tender of the negotiated plea,with its attendant terms,to the trial court for its consideration, **Yarber,**437 so.2d 1336. "Based on the Alabama Supreme courts decision in **Yarber,** This petition is due to be granted, and petitioner be given a New Trial,Withdraw his guilty ple.

**The Court Has Jurisdiction Pursuant To The Newly Amended §**
**15-18-8(a)(1),"To Suspend The Enhancement Pursuant To Code,1975,**
**§§ 13A-12-250,13A-12-270,§ 15-18-8(a)(1),"Holding:**

"Sentencing and Punishment-Key 89;*Statute giving Trial Judge discretion to suspend portion of prison sentence allows

a trial court to suspend sentence imposed pursuant to statute
providing for enhancement prison sentence when drugs are sold
near school or public housing project.Code 1975,§§ 13A-12-
250,13A-12-270,§ 15-18-8)(a)(1).

Petitioner argues now that the trial court has jurisdiction
as a matter of law pursuant to and in the **Newly Amended**, that
is in **Soles V. State**,820 so.2d 163,(Ala.Crim.App,2001), The
court held that the trial judge had the authority to suspend
a statutorily imposed enhanced prison sentence, likewise the
petitioner was on May 31,2001,was sentenced to the statutorily
imposed enhanced prison sentence,though the newly amended
allows the court in this case to suspend his statutorily imposed
enhanced prison sentence as the court did in **Soles**, "Petitioner
argues that like soles he should be placed on probation instead
of in prison, because the newly amended § 15-18-8,gives the
trial judge jurisdiction to call back to court and place him
on probation.

Petitioner argues "**Soles V. State**, "Because petitioner
like Soles, agree with Soles and the State that the Newly
Amended § 15-18-8,allows a trial judge to suspend a sentence
imposed upon application of the school/housing enhancements.
First the amended language in § 15-18-8(a)(10, Notwithstanding
any provision of the law to the contrary is the latest expresion
of the legislature in this area, Second, the plain language
of § 15-18-8(a)(1),indicates that."Although §§ 13A-12-250
and 13A-12-270, do not provide for probation on the amendment
to § 15-18-8(a)(1),supersedes that prohibition and allows

a trial court to suspend a sentence imposed pursuant to the
school/housing enhancements, notwithstanding that those provisions

disallow probation.

Although the trial judge imposed a sentence within the statutory range for Soles, Conviction for unlawful distribution of a controlled substance, the trial judge stated, on the record that unequivocally, he would have imposed a different sentence if he had authority to do so, Therefore; because we hold that the Newly Amended § 15-18-8(a)(10,allows a trial court to suspend a sentence imposed pursuant to § 13A-12-250, and 13A-12-270, we remand this cause to allow the trial judge to resentence "Soles,as the court stated in soles the petitioner request that the court afford him same and suspend his sentence and place him on probation,treatment,monitoring or any appropriate santions.

Secondly, Petitioner now argues the law of this state and the rules that for this court pursuant to the laws an rules, that this court take note:"That before a trial court decides to consolidates offense, to be tried in a single trial, defendant must be given the "Opportunity to be heard, which is synonymous with the phrase, Opportunity to object, which requires notice that the consolidation has been requested, **Rules Crim Proc.,"Rule 13.3(c)"Furthermore;**

The criminal procedure rule providing that the court shall not order that offenses be tried together without first providing the defendant and the prosecutor an opportunity to be heard is **mandatory** and requires **strict compliance,** and non-compliance results in reversible error,"**Rules Crim.Proc., Rule 13.3(c).** "Because **Rule 13.3(c),ALA.R.Cri,.P.,States:**

> "(C),Consolidation,if offenses or defendants are charged in separate indictments,information,or complaints, the courts on its own initiative or on motion

of either party may order that the charges br tried
together or that the offenses or defendants, as the
case may be,could have been joined in a single indictment,
information or complaint, "However; the court shall
not order that the offenses or the defendants as
the case may be tried together without first providing
the defendant or defendants and the prosecutor an
opportunity to be heard.

Pursuant to Lee V. State,748 so.2d 904 (Ala.Crim.App.1989),Which

states: "Before the trial court decides to consolidate offenses,

the defendant must be given the opportunity to be heard, We

consider the phrase Opportunity to be heard as synonymous

with the phrase "Opportunity to object, which of necessary

requires notice that the consolidation has been requested. **Nye**

**V. State,639 so.2d 1383,1385 (Ala.Crim.App.1993),**"Quoting

**Shrpe V. State,560 so.2d 1107,1111 (ala.crim.app.1989),**"Moreover

we have held, Notice and an opportunity to be heard are the

Hallmarks of due process, Anonymous V. Anonymous,353 so.2d

515,519(Ala.1977),See also Humane Society of Marshall County

V. Adams,439 so.2d 150,152(Ala.1983)"Fundamental requirement

of due process is the opportunity to be heard at a meaningful

time and in a meaningful manner).

      **Sharpe V. State,560 so.2d 1107,1111(Ala.Crim.App.1989),**

In the instant case,"The court never ruled on the states motion

to consolidate before consolidating the petitioner's cases

together for trial."**Rule 13.3(c),Ala.R,Crim.P.,**"States:

      Rule 13.3(c),Ala.R.Crim.P.,states in part[T]he court
      shall not order that the offenses be tried together
      without first providing the defendant or defendants
      and the prosecutor an opportunity to be heard,"Emphasis
      Added"This rule is mandatory and requires strict compliance

## STATEMENT OF CLAIM NO. VI

THE INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL
FLOYD WILL BE PRESENTED CLAIM BY CLAIM IN ROMAN
NUMERAL FASHION ACCOMPANIED BY THE HONORABLE
TRIAL COUNSEL , THE CASE AT BAR,,

## STATEMENT OF FACTS

On the evening of April 28,00 Friday, 1830 p.m. Case # SL
0003156, Agent Tom Franklin met with a confidential Informant
who stated that he had arranged to purchase one ounce of Mar-
ijuana from a white male named David  Heath,  The C/I placed
a telephone call to Heath at 291-0759 from a cool line at the
Metro office. The C/I told Heath he was on the way and asked
Heath was the price $120.00 Heath said yes and asked the  C/I
how many he wanted.The C/I told Heath that he just wanted one.
This call was monitored and recorded by agent Franklin at 1802
Hours.

The C/I was searched by agent Herring and no contraband
was found. The C/I was then fitted with a electronic monitoring
device and given $120.00.

After C/I was fitted with electronic monitoring device and
given $120.00 of previously photo copied metro funds.

The C/I then rode with Agent J.Evans to 915 13th Avenue
followed by the following metro units : Team one Price, Memmo,
and Franklin; and team two- Herring and Winston. Agent Evans
parked in the driveway: and the C/I went inside of 915 13th

avenue met with Heath near a pool table in the residence.
The C/I said the marijuana was laying out near a duffle bag.
Where Heath keeps the marijuana,  Heath handed the C/I the
marijuana and they both talked about the quality of the mar-
ijuana. The C/I then handed Heath the &120.00 of metro funds
Heath and the C/I engaged in conversation about getting a
quarter pound for $300.00 and a half-pound for &600.00. The
C/I then left the evidence and met with agent Evans back in
the undercover vehicle. The C/I turned the marijuana over
to Agent Evans. Agent Franklin then met with agent Evans and
the C/I at a predetermined location where the marijuana was
turned over to agent Franklin. The C/I was again searched
by agent Franklin and no contraband was found. The C/I gave
agent Franklin  a taped statement about the drug transaction.

The taped telophone call, tape of the transaction , and
C/I statement will remain in agent Franklin's case file pending
trial.  A arrest warrant will be obtained on Dabid Heath for
Diwstribution of Marijuana. See Exhibit #3, page 8 th Ala. Uni.. Inc. report,

On the mornig of the 1st day of .april 2000 at 11:05 Judge
Green issued to : Agent Tom Franklin , metro narcotics task
force search warrant. Affidavit in support of application
for search warrant having made, and the courts finding that
grounds for the issuamce exists or that there is probable
cause to believe that they exist persuant to rule 3.8 Alabama
Rules of Criminal procedure, are hereby ordered and authorized
to forewith search : the following person or place 915 13th
Avenue, Phenix City, Russell County, Alabama. This is the
residence of Roy David Heath. For the following property;

There is being concealed the  above listed  residence a
quantity of marijuana. The possession and distribution of
which being a violation of sections 13A 12-211 and 13A-12-
213 Code of Alabama , as amended and make return of this warrant
and an inventory of all property seized , within 10 days,
not to exceed ten days as required by law). See Ex. #1 Search WARrANt

On 5/04/00 Alabama uniform incident /offense report supplement
2100 p.m. case SL 000 3330 follow up, additional incident
/ offense narrative continued.

During a search of 915 13th Avenue the following evidence
was found : 1) one ES East port Gym bag three clear plastic
bags with marijuana, one box of sandwich bags,
and several medications that were labeled with
the name Darren Nims. It should be noted that
Mims asked for his medications out of the gym
bag shortly after agents arrived. The medications
were turbed over to officer Russell at the Russell
County jail. This bag was found on the bed in
the back bedroom where mims was located.
2)) One multi-colored "Perry Ellis watches gym
bag containing one ledger book, one address book
of David Heath inside, one box of sandwich bags,
and a black kodax 8mm tape case inside of the
tape case is three bags containing marijuana and
one set of portable scales. These were found on
back seat of Huckeba's vehicle (white 1992 Toyota
Corolla / Al 430 J897 not in plain view.

-3-

3)    Fifteen round green pills with "M 52" on one side and
nothing on the other side. These pills were found to be
non-controlled.

   After Heath was advised of his miranda rights by agent
Franklin, Heath made the following statements. Heath stated
that he had called Mims to bring one pound of marijuana
over to the C I as a favor. Heath said that he would get
marijuana to sell to friends Tust as a favor to them. Heath
also stated that the marijuana found inside of  Huckeba's
vehicle belonged to him.
After a complete search was made of the residence, Heath
and Mims were transported to the Russel County jail by a
marked patrol unit. Agents Winston and Franklin transported
Huckeba to the Russell county Sheriffs office. The vehicle
of Huckeba's (1992 Toyota) That marijuana was found in was
taken by agents to be seized, the vehicle that mims drove
to the location (1989 Buick Park Avenue) was also taken
to be seized. Heath, Huckeba, and mims were then transpoeted
to the Russell County Jail for said chargees.
SEIZED PROPERTY : *See Exh. 2, Exh. 3 Return and Inventory*

              1)    One Burgandy 1989 Buick Electra Park
              Avenue, GA Tag 165 STN  Vin # 1 G4 CW54
              C6K1621295  milage- 126,462

              2)   onr white 1992 Toyota Corolla , A1
              Tag 43 DJ 897  Vin # INXAE91A4NZ 281085
              Milage-193,375

On may 4,2000 return and inventory was certified and executed
the forgoing search warrant as directed therein by searching
the person of place therein described at 9:00 O'Clock.

FOUND AND SEIZED THE FOLLOWING DESCRIBED PROPERTY AND MADE
RETURN OF SAME TO COURT AT _____ O'CLOCK _____
ON_____. See exh. II of Return and inventory. Exh. 2  Return and inventory..

1)  One ES Eastport bag containing three plastic
bags with marijuana. One bag of sandwich bags,
medication for "DARREN MIMS" in back bedroom
on bed.

2)  15 Round green pills with M51 on one side
and nothing on the other side found is Teresa
Huckelba's purse.

3)  One black kodak canister three bags of
marijuana and one set of portable scales found
on backseat of Huchaba's vehicle inside of Perry
Ellis watches bag with box of sandwich bags.

4)  One white 1992 Toyota Corolla 43DT897-
A1.

5)  1989 Buick Park Avenue Burgandi.

Copy of warrant and endorsed copy of inventory left in
accordance with rule 3.11(a) Alabama Rules of criminal
Procedure. Title and agency Special agent-metro task force.

      ****   THANK YOU FOR THE OPPORTUNITY ****

## CLAIM NO. VII

WHETHER PETITIONER Roy Heath's review OF FOURTH

AMENDMENT CLAIMS SHOULD EXTEND TO SIXTH AMENDMENT

INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS WHICH

ARE FOUNDED PRIMARILY ON INCOMPETENT REPRESENTATION

WITH RESPECT TO A FOURTH AMENDMENT ISSUE. PETITIONER

CLAIMS COUNSEL RENDERED INEFFECTIVE AT FAILURE

TO "RAISE, SUPPRESS OR PROPERLY LITIGATE FOURTH

AMENDMENT VIOLATION CONSTITUTED INEFFECTIVE ASSISTANCE

COUNSEL'S PERFORMANCE FAIL BELOW STANDARD

### IN SUMMARY

"At first blush" Petitiner argues that federal habeas, one

of the most sacred rights in English common law, The GREAT

WRIT, Federal Habeas Corpus, Court order directed to a government

official who has restrained Prisoner comanding that a court

can determine legality of his custody, The Prisoner "Ro Heath Roy

is being detained illegally. Petitioner advises this Honorable

Court that the claims asserted in this petition present Federal

Constitutional issues.'Petitioner Hereby' brings Litigation

into this"Honorable" Court as required for purpose of subsequent

habeas proceeding.See Snowden V.Singletary, 135 F.3d 732 (11th

Cir.1998).(2) ..As required , prisoner fairly presents

fedéral claims to the state courts in order to give the state

opportunity to pass upon and correct alleged violations of

its prosoner's rights.Duncan V.Henry , 513 U.S. 364,365, 115

S.Ct.887,888, 130 L.Ed.2d 865 (1995) Calling to court "Picard

V.Connor, 404 U.S.270,275-76, 62 S.Ct.509,512, 30 L.Ed.2d

438 (1971).

PETITIONER ROY HEATH FILES THIS, HIS POST CONVICTION PETITION
RULE 32 AS REQUIRED BY THE LAWS OF THE UNITED STATES OF AMERICA:
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

The petitioner claims '477 US 383 should extend to Sixth
Amendment ineffective assistance of counsel claims which are
founded primarily on incompetent representation with respect
to Fourth Amendment issue. Where state obtains criminal conviction
in a trial which the accused is deprived of the effective
assistance of counsel, the State unconstitutionally deprives
defendant of his liberty.Cuyler,466 US at 343,64 L Ed 2d 333,
100 S Ct 1708. The defendant is thus in custody in violation
of the constitution 28 USC§2254(a)(28 USCS §2254(2)), and
federal courts have habeas jurisdiction over claim. We hold
that federal courts may grant habeas relief in appropriate
cases, regardless of the nature of the underlying attorney
error;/. While acknowledging that this court has said that
a single serious error may support a claim of ineffective
assistance of counsel.Brief for Petitioner's 33,n 16 (Citing
Cronic,466 US at 657, n20, 80 L Ed 2d 657, 104 S Ct 2039,
(8. ) See also Smith V Murray, post , at 535, 91 L Ed 2d 434,
106 S Ct 2661; Murray V Carrier, post, at 488, 91 L Ed 2d
397, 106 S Ct 2639.
But see, (91 L Ed 2d 325, In Strickland we explained that
access to counsel's skill and knowledge is necessary to accord
defendants the ample opportunity to accord defendants the
ample opportunity to meet the case of the prosecution to which
they are entitled,466 US at 685, 80 L Ed 2d 674, 104 S Ct
2052 (quoting Adams V United States ex rel, McCann, 317 US

87 L Ed 268, 63 S Ct 236, 143 ALR 435 (1942)).466 US at 688,

8o L Ed 2d 674, 104 S Ct 2052. 80 L Ed 2d 674, 104 S Ct 2052.

We turn now to the question of whether defense counsel's

performance in the waiver of petitioners 4th Amendment claim

constitutes ineffective assistance of counsel.  Under the

Strickland analysis . We consider first Whether counsel's

performance fell below an objective standard of  reasonablenes,.Strickland

V.Washington, 466 U.S.668,688, 104 S.Ct.2052, 80 L.Ed 2d 674

(1984). " A fair assessment of attorney performance requires

that every effort be made to eliminate the  distorting effects

of hind sight, to reconstruct the circumstances of counsel

challenged conduct, and to evaluate the conduct from counsels

prospective at the time.Id.at 689, 104 S.Ct. 2052, quoted

in Mckee V United States, 167 F.3d 103 ,106 (2d cir.1999).

We examine an attorney's performance " as of the time of counsel's

conduct.Strickland, 466 U.S. at 690, 104 S.Ct. 2052, and we

may not use hindsight to second guess his strategy choices."Mayo

V Henderson, 13 F 3d 528,533 (2d Cir.1994).

     "At second blush "", the courts rationale appears to be

that searches conducted outside the judicial process without

prior approval by a judge or magistrate, are per se unreasonable

 under Fourteenth Amendment protection, subject to a few specifically

established and well  delineated exceptions, such as searches

incidebt to a lawful arrest or searches with the suspects

consent.Agnello V United States,269 US 20,33, 70 L Ed 145, 149,

46 S Ct 4, 51 ALR 409, for the constitution requires that

the deliberate, impartial judgment of a judicial officer...

be interposed between the citizen and the police...

<u>Wong</u> <u>Sun</u> <u>V.United</u> <u>States,</u> 371 US 471, 481-482, 9 L ed 2d 411,451,

83 S Ct 407.

Over and over again this court "<u>Katz</u> <u>V.United</u> <u>States</u> 389

US 347,19 L Ed 2d 576, 88 S Ct 507, has emphasized that the

mandate of the (Fourth ) Amendment requires adherence to judicial

processes, <u>United</u> <u>States</u> <u>V</u> <u>Jeffers</u>, 342 US 48,51, 96 L ed

59,64 , 72 S Ct 93, and that searches conducted outside the

judicial process, without prior approval by judge, magistrate,

are per se unreasonable under the Fourth Amendment,See <u>e.g.,</u>

<u>Jones</u> <u>V</u> <u>United</u> <u>States</u>.357 US 493,427-499, 2 L ed 2d 1514,

1518,1519, 78 S.Ct.1253,   <u>Rios</u> <u>V</u> <u>United</u> <u>States</u>, 364 US 253,

261 ,  4 L.Ed 2d 1688,1693, 80 S Ct 1431; <u>Chapman</u> <u>V</u> <u>United</u>

<u>States</u> 365 US 610,613-615, 5 L ed 2d 828,831,832, 81 S Ct

776; <u>Stoner</u> <u>V</u> <u>California</u> 376 US 483,486-487,11 L Ed 2d 856,858,

859, 84 S Ct 889.

It should be stressed at this point.For trial counsel Hon.Mr.Britton,

Appellate Counsel Hon.Charles Floyd III to fail to prosecute

this particular field of constitutiomal violation to this

court on direct review of conviction is ineffective assistance

of counsel within the meaning of Strickland V Washington,466

U.S.668 (1984). The Strickland standard envisions a two prong

analysis, 1)Counsels performance must have prejudiced the

defense.104 S Ct.at 2064.

Had Appellate Counsel, trial counsel failed to raise

a significant and obvious issue, the failure could

be  viewed as deficient performance.

2( If an issue, which was not raised, may have resulted

in a reversal of the conviction.

Bouchillon V Collins. 907 F.2d 589 (5th Cir.1990),Evittes

V Lucy,469 U.S.387, 83 L Ed 2d 821, 105 S Ct 830

(1985).. Strickland V Washington, 466 US 668,687-

688,687-88,694, 104 S Ct 2052,2064-74, 80 L Ed 2d

74 (1984), 104 S Ct 2052,2064-74 Brown V Foltz, 763

F 2d 191,195 (6th Cir.1985) (Coutie J., dissenting);

Schwander v Blackburn, 750 F.2d 494,502 (5th Cir.1985),

Mitchell V Scully, 746 F.2d 921,924 (2d Cir.1984).

In Powell V Alabama, 287 U.S.45,68, 53 S Ct 55, 77bL ed 158 (1932)

Criminal defendant requires the guiding hand of counsel at

every step in the proceedings against him) Coleman V Alabama,

399 U.S.1 7, 90 S Ct 1999, 2002, 26 L Ed 2d 387 (1970).

Calling to court "Evits V Lucey," 469 U.S 387, 105 S Ct 830,

83 L Ed 2d 821 (1985), the court held that the due process

clause of the Fourteenth Amendment guarantees a defendant

the right to effective assistance of counsel on appeal.Boneau

V U.S. 961 F.2d 17 (1st.Cir.1992) at 19 II. Analysis, 929

F.2d 554,557 (10th Cir.1991): William V.Lockhart, 849 F.2d

1134, 1137 v     h Cir.1988). It is agreed with those courts

and held that the failure to perfect a direct appeal in deregation

of a defendants actual request, is a per se violation of

the Sixth Amendment. The term search warrant as used in

§ 15-5-2, statute and governing issuance of search warrants

for seizure of personal property, is broad enough to encompass

pre arrest searches for, and seizures of, Ex parte Jones,

719

So.2d 256 (Ala.1998) rehearing denied, cited in Counts

V Harlan, 78 Ala.551 (1885);Chasting V State, 83 Ala.29,

3 So.304 (1887);Ex parte Horn 93 Ala.102,9 So.515 (1891);

Jones V State,54 Ala App 167, 306 So 2d 33 (1974)

,aff'd, 293 Ala.762,306 So.2d 45 (1975); _United States
V McCrary, 643 F 2d 323 (5th Cir.1981); Ethridge V State,414
So.2d 157 (Ala.Crim. App.1982),Walden V State,426 So.2d
515 (Ala.Crim.App. 1982); Pugh V.State ,ex rel Dalamos 441
So.2d 931 (Ala.Civ.App.1983);Bonoist V State, 539 So.2d
1110 (Ala.Crim.App.1988).

A judicial warrant assures the person whose property
is to be searched or seized of the Klegality of the  intrusion,
of the purpose of the search, of the scope, object and lawful
limit of the search, and on the point,and  beyond which
the search may be lawfully proceed.Michigan V Tyler,436
US 499,507-508, 50 L ed 2d 486,98 S.Ct.1942; Marshal V.
Barlous 436 US 307, 56 L Ed 2d 305, 98 S Ct 1816,;United
states V Chadwick,433 US 1,53L.Ed 2d 538, 97 S Ct 2476;
Camara V Municipal court of Sanfrisco, 387 US 523,528-529,
18 L.Ed.2d 930,87 S.Ct.1727,.

Prejudice is established if there is a reasonable probability
that, but for counsel's unprofessional errors, the result
of the proceeding would have been different. A reasonable
proBsbility is a probability .... sufficient to undermine
the confidence in the outcpme.Strickland,466 U.S. at 694,
104.S Ct 2052, quoted in Bunkly V. Meachum,68 F.3d 1518
(2d Cir.1995).

Since petitioner is actually denied his right to counseler
on appeal by the attorney Charles Floyd's failure, prejudice
should be automatically presumed.Loften V.Whitley 905 F.2d
885 (5th Cir.1990).(See exhibit # 7  ). (See exhibit # 8,9

from the Honorable Attorney's with the directions of the
Office of General Counsel of the Alabama State Bar.H er-
in remitted as a part of the reord of this appeal.

In the instant petition it is and will be argued that
THE CONSTITUTION OF THE UNITED STATES, THE ALABAMA CONSTITUTION
OF ALABAMA REQUIRES A NEW TRIAL BE GRANTED BY AN HONORABLE
COURT,A NEW SENTENCING HEARING, OR OTHER RELIEF :" COUNT
#2 of the INDICTMENT IS CHARGING THE PETITIONER ROY DAVID
HEATH.WHOSE NAME IS ;OTHERWISE UNKNOWN TO THE GRAND JURY
THAN AS STATED,DID POSSESS MARIJUANA.A controlled substance
for other that *9His /HER) personal use in violation of 13A-
12-ℙ213 of the code of Alabama 1975 as amended and against
the peace and dignity  of the State of Alabama.

(A)   The drugs confiscated to constitute 13A-12-213
was taken from "One white 1992 Toypta Corolla.Tag No.# 43DT897-
A1.

(B)   This vehicle was parked out front of the
          house, which is not the petitioner's,which does
          not belong to the petitioner,which is not registered
          in the petitioner's name, and any drugs found
          in that      . property was that used against
          the petitioner,and therefore as required by law,
          should be excluded,

It is argued that the search and seizure of the automobile
(See Warrant Exhibit #2,          ) was conducted without warrant.
The search was made approximately _9 ːᵃᵘP.m. ₄ₒₓ �y, 2 ∼ₒ_ .
Under the holding in Preston V.United States, the sear ch

and seizure and evidence obtained as a result of the search
was inadmissible because the search failed to meet the reasonableness
under the Fourth Amendment as required under the _Mapp VOhio
Rule, evidence so obtained is not admissible in a state court.
This rule has been applied to searches of automobiles in
this state in McCurdy V.State,42 Ala.App.646, 176 So.2d 53,cert.denied,
278 Ala.710, 176 So.2d 57, and in York  V.State, 43 Ala.App.54,
179 So.2d 330, petition for certiorari stricken, 278 Ala.714,
179 So.2d 333.

   Applying the rule that evidence obtained by an illegal
search is not competent or legal in a proceeding against the
party whose person or property was subjected to the search
of premises, (SEe Exhibit # 1,         ) which produced the
evidence of officers or other persons who participated in
the search, or raid, which was of the vehicle made without
a warrant.Taylor V State337 So.2d  773,Mapp V.Ohio,367 U.S.
643, 81 S.Ct.1684, 6 L.Ed.2d 1081, There was not evidence
as to the contents of any description of any affidavit, if
there was one,that authorized the taking of property from
the automobile not registered of Mr.Heath and further pro-
secution same said defendant in the hands of officer Tom
Franklin was a nullity and the search and seizure violated
defendants Constitutional rights and was without authority
of law.Taylor V State 337 So.2d 773, under such circumstance,
the counseler committed error in failure to raise claims,failure
to investigate, motion to suppress the evidence.Mapp V.Ohio,367
U.S.643, 81 S.Ct.1684, 6 L.Ed.2d 1081.

   Thus, the instant affidavit fails this day   5-4-00   been
made before 1-5-00 by agent Tom Franklin,Mag.Green. The instant

The instant search warrant based upon affidavit describing the place to be searched as a residence; and said affidavit did not request authorization to search beyond four walls of the residence. Any authorization in the actual search warrant which permitted the search beyond the residence was invalid as having been an attempt to provide more authorization than was requested by affiant,# Petitioner contends that the word "residence" used in the affidavit means "dwelling" and therefore officers did not specifically request a search warrant for the premises described as 4-28-00 car in search warrant (See exhibit # / ).Alabama, but the residence or dwelling house located there, and the search warrant issued on this affidavit (See exhibit # / ) if held to be valid, only authorized the search of the residence or dwelling house. It did not authorize the search of the yard, the premises, the curtilage or any vehicle situated near this residence. The affidavit underlying the search warrant was defective, and th erefore, that the search warrant was invalid and the evidence during the search should have been suppressed. The search warrant (See exhibit # / ) is far more limited than the warrant condemned in peavey V.State,336 So.2d 199 (Ala.Cr.App.) Cert.denied 336 So.2d 202 (Ala.1976), wherein this court held a search warrant invalid as a dragnet instrument. In Griffith V.State,386 So.2d 771 (Ala.Cr.App.)Cert.denied, 386 So.2d 775 (Ala.1980).

In Joyner V.State,303 So.2d 60,61 ((Fla.App.1974), the affidavit states that an informer had advised the affiant that the defendant was in possession of marijuana "at the above described premises.

The search warrant described the place to be searched as :

> "the apartment on the left or eastward side of dwelling house and the curtilage . . . thereof."

The officers searched the defendants car as well as the apartment, finding marijuana in the car. On appeal the defendant urged that the affidavit was insufficient to establish probable cause to search beyond the      four walls of the apartment and th at the termcurtilage in the warrant did not include the car. In regard to this court stated :

> "There is no question but that a warrant may be no broader than the affidavit which is a prerequisite to its issuance,.

The leading case on this issue is Ybarra V.Illinois, 444 U.S.85 (100 S.Ct.338 62 L.Ed 2d 238)...(1979). In Ybarra, the United States Supreme Court held that the Fourth Amendment and the Fourteenth Amendments will not be construed to permit evidence searces of persons who, at the commencment of the search,are on 'compact' premises subject to a search warrant, but are not named or described in the warrant, even where the police have a reasonable belief that such persons are connected with 'drug trafficking and may be concealing or carrying away contraband.444 U.S. at 94 (100 S.Ct. at 344)...This court, as well as all other courts in this land, is obligated to follow this decision. Alabama Courts,

-- in following the dictates of **Ybarro**, have held that a warrant to search designated premises will not authorize the search of every individual who happens to be on the premises <u>Travis V.State</u>,381 So.2d 97,101(Ala. Cr.App.1979),Cert.denied,381 So.2d 102 (Ala.1980).**Brooks V.State** 593 So.2d 97 (Ala.Cr.App.1991). The court in **Elkins**, for example, in the context of its special supervisory role over the lower federal courts, referred to the imperative of judicial integrity suggesting that exclusion of illegally seized evidence  prevents contamimnation of the judicial process.364 U.S. at 222,  4 L.Ed 2d 1669,80 S.Ct 1437. The effects of the courts and their officials to bring the guilty to punishment, praiseworthy as they are, are not to be aided by the sacrifice of those great principles established by years of endeavor and suffering which have resulted in their embodiment in the  fundamental law of the land,@ 232 US 383,391-399. To the exclusionary rule of <u>**Weeks V United States**</u> there has been unquestioning adherence for now almost half a century.**See Silverthorne Lumber Co. V.United States**@ 251 US 385, 64 L ed 319,40 S Ct 182,24 A1R 1426; **Gouled V United States**,255 US 298,65 L ed 647,41 S Ct 261;<u>**Amos V United States,255 US 313, 65 L ed 654, 41 S Ct 266;**</u>**United States V Agnello**, 269 US 20, 70 L ed 145, 46 S Ct 4, 51 ALR 4, 51 ALR @409 ; **Go-Bart Impotting Co. V.United States** 232 US 344,75 L  ed 374, 51 S Ct 153; **Grau V United States** 287 US 124, 77 L ed 212, 53 S Ct 38;**McDonald V United States**, 335 US 451, 93 L ed 153, 69 S Ct 191;<u>United States V.Jeffers</u>,342 US 48, 96 L ed 59, 72 S Ct 93.

But see **Weeks case** also announced, unobtrusively but more the less definitely, another evidentiary rule. Some of the articles used as evidence against Weeks had been unlawfully seized by local police officers acting on their own account.

For there is unequivocally determined by a unanimous court that the Federal Constitution by virtue of the Fourteenth Amendment prohibits unreasonable searches and seizures by state officials state officers. The security of ones privacy against arbitrary intrusion by police is the implicit in the concept of ordered liberty and as such enforcible against the states through the Due Process Clause.388 US 25,27,28 , (93 L ed 1782,1785, 1786, 69 S Ct359. For surely no distinction can logically be drawn between evidence obtained in violation of the Fourteenth Amendment and that obtained in violation of the Fourteenth Amend ment. **The criminal is to go free because the constable has blundered. People V Defore,**242 NY 13,21, 150 NE 585,587,.

The same point was made at somewhat greater length in the often quoted words of **Professor Wigmore : Titus,** You have been found guilty of conducting a lottery# **Flavious,** You have confessedly violated the Constitution. Titus ought to suffer imprisonment for croime and Flavius for contempt. But no! We shall let you both go free. We shall not punish Flavius directly, but shall do so hp reversing Titus Conviction. This is our way of teaching peaple like Flavius to behave, and of teaching people like Titus to behave, and incidentally of securing respect for the Constitution. Our way of upholding the Constitution is

--Our way of upholding the Constitution is not to strike at
the man who breaks it, but to let off somebody else who broke
something else.8 **Wigmore,Evidence (3d ed.1940 ),§2184.**
Evidence seized pursuant to an illegal arrest authorized by
a statute which violates the Fourth,Fifth, and Fourteenth Amendments
must be suppressed. Suppression is the most appropriate remedy
for a statutory violation of the Fourth Amendment.Marbury V.
Madison,5 US 137, 2 L ed 60; Terry V Ohio 392 US 1, 13,  20
L Ed 2d 889, 88 S Ct 1868, 44 Ohio Ops 2d 383;Silvertorne Lumber
Co.V.United States, 251 US 385,392, 64 L Ed 319,40 S Ct 182,
24 ALR 1426; Mapp V Ohio, 367 US 643,659, 6 L Ed 1081,81 S
Ct 1684,16 Ohio Ops 2d 384, 86 Ohio L Abs 513, 84 ALR2d 933.

  Because the exclusionary rule precludes consideration pf
reliable probative evidence, it imposes significant costs:
It undeniably detracts from truthfinding process and allows
many who would otherwise be incarcerated to escape the consequences
of their actions.See Stone V Powell,supra, at 490, 49 L Ed
2d 1067,96 S Ct 3037. Although we have held these costs to
be worth bearing in certain circumstances our cases have repeatedly
emphasized that the rules costly toll upon truth-seeking and
law enforcement objectives presents a high        obstacle
for those (524 US 365) urging application of the rule.United
States V Payber,      447 US 727,734, 65 L Ed 2d 468, 100
S Ct 2439 (1980),.The exclusionary rule frequently requires
extensive litigation to determine whether particular evidence
must be excluded. Cf.United States V Calandra,414 US,at 349,
38 L Ed 2d 561,94 S Ct 613 (noting that suppression hearings
would halt the orderly process of an investigation and  might

1

necessitate extended litigation of issues only tangentially

related to the grand jury's primative objective) Ins.V.Lopez

Mendoza, 468 US, at 1048, 82 L Ed 2d 778, 104 S Ct 3479.

Shorts V.State 412 So.2d 830, at 835 (4,5) As this court

stated in Hines V.State, 384 So.2d 1171,1172 (Ala.Cr.App.)Cert.denied.

384 So.2d 1184 (Ala.1980):"Under the Constitutions of the

United States and the State of Alabama, any suspect of a

crime is guaranteed the right of assistance of counsel and

the right to remain silent during in-custody police interrogation.So

sacred are these rights that any statement ob tained in

violation of them is inadmissible in a subsequent criminal

proceeding.Miranda V.Arizona,384 U.S. 436, 86 S.Ct.1602,

16 L.Ed.2d 694 (1966).

The concurring justices said under Powell V Alabama (1932)

287 U 45, 77 L ed 158, 53 S Ct 55, 84 ALR 527, discussed

in 93 L ed at page 151,"the right to counsel extends th

the preperation for trial, as well as to trial itself".

Likewise, it has been held that if a person, by habeas corpus,

collaterally attacks ; judgment of conviction, alleging

thre denial of the Qaaaiatance of counsel, it may be shown

by proof outside the record that such assistance had not

been waived.Johnson V.Zerbst,304 U.S.458 (1938),

It has been held that an appellate court may, in its disc-

retion, take judicial notice of a fact that was not brough

to the attention of the  trial court, even for the purpose

of reversing the judgment, also, since the  submission of

the famous Brandeis brief. The Brandeis Brief was submitted

in the case of Muller V.Oregon, 208 U.S. 412 (1908).

It contained socioeconomic data drawn from more than ninety
different committee reports concerning the effects of long
hours of labor on women and was submitted in support of
the validity of a state statute.See the of the use in briefs
of extra-judicial sources of information.infra pp.122-24,

## CONCLUSION

That the rule is constitutionally required, not as a right
explicitly incorporated in the Fourth Amendment prohibitions,
but as a remedy necessary to ensure that the prohibitions
are in fact. The Road, Mapp V.Ohio and beyond : The origins,
Development and future of the exclusionary rule in search
and seizures cases, 83 Colum L.Rev.1365,1389 (1983).See
also Arizona V Evans, 514 US 1,18-19, and n 1, 131 L Ed
2d 34,.115 S Ct 1185 (1995)(Stevens: J ., dissenting): Segura
V United States, 468 US 796,828, and N.22, 82 L.Ed 2d 599,
104 S Ct 3380 (1984)(Stens,J.,dissenting):United States
V Leon, 468 US 897,978,and n 37, 82 L Ed 2d 677, 104 S Ct
3405 (1984)(Stevens, J. dissenting). The courts holding
that the          exclusionary rule of Mapp V Ohio,367
US 64,6 L Ed 2d 1081, 81 S Ct 1684 (1961),.
As the federal courts the federal government, the Fourth
and fifth amendment, and, as to the           freedom
from unconstitutional invasions of privacy and the freedom
from convictions based upon coerced confessions enjoy an
intimate relation perpetuation of principles of humity and
civil liberty and express supplementing phases of the same
constitutional purpose- to maintain inviolate large areas

of personal privacy; philosophy of each amendment and of
each freedom is complentary to, although not dependant upon,
that of the other in its sphere of influence the very least
that together they assure in either sphere is that no man
is to be convicted on unconstitutional evidence.The Federal
Constitutional law,evidence obtained by an unlawful search
is inadmissible as a matter of federal constitutional law,
evidence obtained by a search and seizure in violation of
the Fourth Amendment is not admissible in a criminal trial,
Prior to the decision of the United States Supreme Court
in Mapp V Ohio(1961) 361 US 643, 6 L Ed 2d 1081,81 S Ct
1684,84 ALR 2d 933.  Whether trials is conducted in a federal
(Commonly called the exclusionary rule) is Weeks V.United
States (1914) 232 US 383, 58 L Ed 652, 34 S Ct 341, LRA
1915 B 834, Ann Cas 1915C  1177, or in a state court Elkins
V United States (1960) 364 US 206,4 L Ed 2d 1669, 80 S Ct
1437, followed in Terroues Rios V United States (1960) 364
US 253,4 L ed 2d 1688,(Frankfurter, clark,Harlan,J.J., dis-
senting) seizures under the Fourth Amendment is in admissible
over timely objections of a defendant who has standing to
object.Wolf V Colorado was overruled in a five to four decision
in Mapp V Ohio (1961)367 US6¦¦3,6 L Ed 2d1081,81 S Ct 1684,
in which it was ....  held that, as a matter of due process,
evidence obtained by a search and seizure in violation of
the Fourth Amendment is inadmissible in a state court as
it is in a federal court.People V Defore (1926)¦¦42 NY13,21
150 NE 585,587,cert.den.27¦¦ US 657,70 L Ed 784,46 S Ct 353,

"the criminal is to go free because the constable has blundered,
The order of  CC-01-030,034  should be reversed and case remitted

to that court for a determination of the facts.

## CLAIM VIII

### Whether interception of conversation constitutes search and seizure, in violation of fourth Amendment.

In what the court said long ago bears repeating now: It may be that it is the obnoxious thing in its mildest and least repulsive form, but illegitimate and unconstitutional practices get their footing first in that way, Namely by silent approaches and slight deviations from legal modes of practice procedure. Boyd V. United States 116 US 616,635, 29 L ed 746,752, 6 S Ct 524.

The Fourteenth Amendment Due Process clause provides no protewction for deprivations of liberty associated with the initiation of a criminal prosecution unless an unreasonable search occurs. Albright V. Oliver (1994) 127 L Ed 2d 114 at 145. The admonition of this court in another context is applicable here. It may be that it is obnoxious ,repulsive form, but illegitimate and unconstitutional practices get their first footing in that way namely by silent approaches and slight         deviations from legal modes of practice. Boyd V United St ates 116 US 616,635, 29 L ed 746,752, 6 S Ct 524.

This evidence of criminal action may not,(See exhibit # 3, 4 ) search warrant, save in very limited and clearly defined confined situations, be seized without a judicially issued search warrant. It is this aspect of Constitutional protection to which the quoted passages from Entrick V Carrington and Boyd V United States refer.

In this case involved police conduct subject to the warrant clause

of the Fourteenth Amendment, we would have to ascertain whether
"probable cause" existed to justify the search and seizure
which took place.(Exhibit # 1, 4, 5, 6, ). However , that is
not the case.(Ex.# 3, 4 ). We do not retreat from our
holdings that the police must, whenever practicable, obtain
advance judicial approval of searches and seizures through
the warrant procedure.See e.g./ Katz V United States 389
US 347, 19 L Ed 2d 576, 88 S Ct 507 (1967):Beck V ohio,
379 US 89, 96, 13 L.Ed 2d 142,147, 85 S Ct 223 (1964);Chapman
V United States, 365 US 610, 5 L Ed 2d 828,81 S Ct 776 (1961).

This demand for specificity in the information upon which
police action is predicated is the central teaching of this
courts Fourth Amendment  jurisprudence.See Beck V Ohio,379
US 89,96-97, 13 L ED 2d 142,147,148, 85 S Ct 223 (1964);
Ker V California, 374 US 23,34-37, 10 L Ed 2d 726,738-740,
83 S Ct 1623 (1963);United States V Wong Sun 371 US 471,479
484, 9 L Ed 2d 441,450-452, 83 S Ct 407 (1963);Rios V United
States 364 US 253,261-262, 4 L Ed 2d 1688,1693,1694, 80 S
Ct 1431 (1960);Henry V United States, 361 US 98,100-102,
4 L Ed 2d 134,137,138, 80 S Ct 168 (1959);Draper V United
States, 358 US 307,312-314,3 L Ed 2d 327,331,332, 79 S Ct
329 (1959);Brinegar V United States, 338 US 160,175-178,
93 L Ed 1879,1890,1891, 69 S Ct 1302 (1949),Johnson V United
States 333 US 10,15-17, 92 L Ed 436,441,442, 68 S Ct 367
(1948);United states V Dire,332 US 581,593-595, 92 L Ed 210,219,220,
68 S Ct 222 (1948);Husty V United States 282 US 694,700-
701,75 L Ed 629,632,51 S Ct 240, 74 ALR 1417 (1931),Dunbra
V United States, 268 US 435,441, 69 L Ed 1032,1036, 45 S
Ct 546 (1925).

Interception of conversation constitutes illegal search and
seizure in violation of the Fourth Amendment In Silerman
V United States,365 US 505, 5 L ed 2d 734, 81 S Ct 679. 97
ALR 2d 1277, We held that penetrated the premises occupied
by petitioner was a violation of the Fourth Amendment (389
US 362) * That case established that interception of conversations
reasonably intended to be private could constitute a search
and seizure, and that the examination or taking of physiacal
property                                          ,Was not required.
This vies of the Fourth Amendment was followed in Wong Sun
V United States, 371 US 471, at 485, 9 L ed 2d 441, at 453,
83 S Ct 407, and  Berger V NewYork,388 US 41, at 51, 18 L
ed 2d 1040, at 1047, 87 S Ct 1873.

Making that essesment it is imparative that the facts as
set out in exhibit # 4,5,1    , "Roy Heath" the warrant be
judged against an objective standard, see Katz V United States
389 US 347,357, 19  L Ed 2d 576,573,585,88 S Ct 507 (1967).
 Berger V New York,388 US 41,54-60, 18 L Ed 2d 1040,1049,1053,87
 S Ct 1873 (1967);Johnson V United States 333 Us 10,13-15,
 92 L Ed 436,440,441, 68 S ct 367 (1948);cf(1948);cf.Wong
Sun V United States, 371 US 471,479-480, 9 L Ed 2d 441,450,
83 S Ct 407,(1963).See also Aguilar V Texas, 378 US 108,110-
115, 12 L Ed 2d 723,725-729,84 A Ct 1509 (1964)
Taped conversations of defendant ı For example: Walder V United
States,347 U.S.62, 74 S Ct 354,98 L.Ed.503 (1954) holding
evidence seized in violati on of a defendants Fourth Amendment
rights was admissible for purposes of impeachmentı Defendant
Roy Heath demands strict proof also on this ground.

The defendant "Heath was convicted of two distributions. One
possession charge. Introduced was evidence of telephone conversations
over heard by Off.Agent Tom Franklin,see Exh.#3          , agents
who had attached an electronic listening and recording device
to the telephone. For the Fourteenth Amendment protects people,
not places"

Agents who had attached listening and recording device to
the telephone,electronic,, Exh. #2

What a person knowingly exposes to the public, even in his
own home or office, is not a subject of Fourth Amendment protection.See
Lewis V United States 385US 206,210, 17 L Ed 2d 312,315,87
S Ct 424;United States V Lee 274 US 559,563,71 L ed 1202,1204,47
S Ct 746.

But what seeks to preserve as private even in an area accessible
to the public may be constitutionally protected.See  Rios
V United States,364 US 253,4 L ed 2d 1688,80 S Ct 1431;Ex parte
Jackson,96 US 727,733,24 L ed 877,879.

*** Petitioner seeks to exclude the uninvited ear. ***

The petitioner did not shed his right of the Fourteenth Amendment
simply because he made his calls from a place where he might
not be seen.

    It is true that this Court has occasionally described its
conclusions of "Constitutionally protected areas", see e.g.,Silver-
man V.United States,365 US 505,510,512, 5 L ed 2d 734,738,739,
81 S Ct 679, 97 ALR2d 1277;Lopez V United States 373 US 427,438-
439,10 L ed 2d 462,469,470, 83 S Ct 1381;Berger V_
NewYork,388 US 41,57,59,18 L ed 2d 1040,1051,1052, 87 S Ct 1873

the seizure or the search warrant a man of  a reasonable caution
in the--

Fourth Amendment requirement that all such persons be ident-
ified.In United States V Donovan, 429 U.S.413,416,97 S. ct.
658,662, 50 L Ed 2d 652 (1977).

The fourth amendment requires specification of the place
to be searched, and the persons or things to be seized.
In the wiretap context, those requirements are satisfied
by identification of the telephone line to be tapped and
the particular conversations to be seized, specifi cation
of this court identifies the person whose constitutionally
protected area is to be invaded rather than particularly
describing the communications, conversations, or discussions
to be seized.429 U.S.at 427, n.15, 97 S Ct at 668 N. 15
(quoting Berger V Newyork,388 U.S. at 59,87 S.Ct at 1883.
It is well settled that ignorance of the law or mistake
as to the laws requirements is not a defense to criminal
conduct United States V.International Minerals & chemical
Corp. 402 U.S.558,563, 91 S.Ct. 1697,1700, 29 L Ed 2d 178
(1971).Nambert V.California, 355 U.S.225,228, 78 S.Ct.240,242,
2 L Ed 2d 228 (1957),United States V Greggi 612 F.2d 4¹¹,51
(2d cir.1979).78 L.Ed.2d 708 (19¹3).705 F.2d 603 (2d cir)
78 L.Ed.2d 708(1983), 705 F.2d 603 (2d Cir.).

But we never suggested that his concept can serve as a talismanic
solution to every fourth amendment problem  No less than
an individuals business office.Silvertone Lumber Co. V.United
States,251 US 385,64 L ed 319,40 S Ct 182,24 ALR 1426.
In a friends apartment, Jones V United States,362 US257,4
L Ed 2d 697,80 S Ct 725,78 ALR 2d 233.

or in a taxi cab "Rios V United States,364 US 253,4 L Ed
2d1688,80 S Ct 1431.

A person in a telephone conversation may rely upon the protection of the Fourth Amendment. The conversation is surely entitled to assume that the words uttered into the mouth piece will not be broadcast to the world.

To read the Constitution more narrowly is to ignore the vital role that the public telephone has come to play in private communication.

Indeed. we have expressly held that the Fourth Amendment governs not only the seizure of tangible items but extends as wall to the recording of oral statements overheard without any :"technical tress under local law. Silverman V.United States,365 US 505,511,5 L Ed 2d 734,81 S Ct 679,97 ALR 2d 1277,.

Once this much is acknowledged, and once it is recognized that the Fourth Amendment protects people and not simply areas against unreasonable searches and seizures,it becomes clear that the reach of the Amendment cannot turn upon the presence or absence of a physical intrusion into any given enclosure. The Governments activities in electronically listening to and recording the petitioner's words violated the privacy upon which he justifiably relied while using the telephone and, thus constituted a "search and seizure" within the meaning of the Fourth Amendment. Katz V United States 389 US 347,19 L Ed 2d 576, 88 S Ct 507.(emphasis added)(citations omitted)) see also United States V Gouveia, 467 U.S.180,189,104 S.Ct.2292,2298,81 L.Ed 2d 146(1984).

To this point,therefore, the defendant argues that the governments involvement in creating his crime (See ex. 3              _)

the maens and degree of inducement, may be so great that
a criminal prosecution for the crime violates the
fundamental principles of due process his pre disposition
to commit the crime not withstanding. Russell, 411 U.S. at 430, 93
S Ct at 1647.

The defendant argues that just as with the exclusionary
rule created in Weeks V United States 232 U.S.383, 34 S.Ct. 341, 58
L Ed 652 (1914) and Mapp VOhio 367 U.S.643, 81 S Ct 1684, 6
L.Ed 2d 1081(1961), dismissal is apprpriate means of deterring
future police misconduct ....

The limitations of the Due Process clause of the fifth
Amendment come into play when the government activity in
question violates some protected right of the defendant
If the result of the government activity is to implant in
the mind of an innocent person the disposition to commit
the alleged offense and induce its communication. Sorrells
V United States, 287 U.S.435, 53 S.Ct. 210, 77 L.Ed.413 (1932).
Sorrells supra 287 U.S. at 442 (53 S.Ct. at 212-13), the
defendant is protected by the defense of entrapment. If
the police engage in illegal activity in concert with the
defendant beyond the scope of their duties the remedy lies
not in freeing the equally culpable defendant, but in prosecuting
the police under the applicable provisions of state or Federal
law. Id. at 490, 96 S.Ct. at 1650 (emphasis added). Thus :

the remedy of the criminal defendant with respect of
the acts of Government agents, "Justice Rehnquist " concluded
lies solely in the defense of entrapment. Hampton V United
States,

425 U.S.484,489, 96 S Ct 1646,1649-50, 48 L Ed 2d 113

(1976.Justice Blackmen and Powell, who joined Justice
Rahnquist in Russell, wrote seperately to say that, although
the facts of Russell and Hampton did not warrant dismissal
under the due process they were unwilling to conclude that
an analysis other than one limited to predisposiom would never
be appropriate under the due process principles. Hampton,425
US at 493, 96 S Ct at 1651-52 (Powell, J. concurring in judgment,
Justice Powell did concede, however, that the court, in
appropriate case, ultimately might reach Justice Rehnquists
conclusion that there is no constitutional source for a doctrine
limiting police involvement in crime.Hampton,425 U.S.at 494,n.5,
96 S Ct at 1652 N. 5. Justice Powell, writing for a majority
of the court in United States V Payner, 447 U.S.727,160 S.Ct 2419,
65 L Ed 2d 468 (1980)(discussed infra) seemed to abandon the
position he had taken in Hampton when he held that sanctions
are justified under the Due Process Clause only where the
governmental misconduct violates some protected right of the
defendant Id. at 737 N. 9, 100 S Ct at 2447 N.9 (quoting Hampton,425
I.S. at 490, 96 S.Ct. at 1650 (Plurality opinion)(Rehnquist
J).

Justice Brennen, Stewart and Marshal, steadfastly adhearing
to the objective theory of entrapment which failed to become
law in Sorrels,Shermen, and Russell, disented from Justice
Rehnquists plurality opinion in Hampton, in part to state
that courts should be able to dismiss indictments where the
conduct of law enforcement authorities is sufficiently offensive,
even though thre

-- the individuals entitled to invoke such a defense might

be predisposed.Hampton,425 U.S. at 497, 96 S.Ct..at 1654 (Brennan,

J.,dissenting)

Other circuits authority have concluded that there is no

binding authority recognizing defendants asserted defense

"due process" we look to our sister circuits for persuasive

authority. However,one appellate court has at the time of

U.S.V.Tucker,28 F.3d 2420 (6th Cir.1994) has employed Russell

to bar prosecution.Two other courts have come close.See United

States V Bogart, 783 F.2d 1428,1438 (9th Cir.)(remanding for

fact finding regarding the governments conduct, vacated in

p,art on other grounds sub non United States V Wingender,790

F.2d 802 (9th Cir.1986); United States V.Lard,734 F.2d 1290,1296

(8th Cir.1984)(stating,as an alternative ground for reversing

conviction that government conduct "approached" being sufficiently

outrageous to sustain due process defense.

In United States V.Twigg,588 F.2d 373 (3d Cir.1978) a government

agent suggested to the defendant that they set up a drug manufacturing

operation , located a site for the plant, supplied the materials

and the know how as well as the funds to go into business

Id. at 380-81. The court reversed the defendants convictions for

manufacturing the drugs, stating that fundamental fairness

does not permit us to countenance such actions by law enforcement

officials and prosecution for a crime so formented by them

will be barred. · Id. at 381.

In United States V Prayner,447 U.S.727,100 U.S. 2439,65

L.Ed,2d 468 (1980), the district court set asidr the defendants

conviction after ruling that evidence illegall; seized from

third pert,'s brief case could not be admitted against

-- against the defendant. Id. at 730, 100 S Ct at 2443.
Aclnowledging the standing limitations on the Fourth Amendment
exclusionary rule, the district court never the less excluded
the evidence on the grounds of due process and its Super-
visory powers .Id.at 730-31,100 S.Ct. at 2443-44.
This court affirmed on the ground that exclusion was proper
exercise of the courts supervisery pow ers and did not reach
the due process question.Id. at 73, 100 S.Ct at 2444.
**The Supreme Court reversed.**
The court held that the requirement of standing "Vis-A-Vis"
the Fourth Amendment exclusionary rule represented a balance
of competing interests i.e./ the interest of society in
convicting criminals and the interest of society in deterring
illegal searches. Id. at 733, 100 S.Ct. at 2445, balance,
the court held was not subject to case-by -case second guessing
by the courts in the guise of exercising their "supervisory
power" I.d. at 735-36,100 S.Ct. at 2446-47.
Dismissing an indictment with prejudice as an exercise of
supervison: powers United States V Simpson  813 F.2d 1462
(9th Cir.1987).,Cert. denied,484 U.S. 898,108 S.Ct. 233,98
L.Ed.2d 192 (1917), the Ninth Circuit again  reversedUnited
States V.Simpson, 927 F.2d 1088,1091 (9th Cir.1991). The
court held that , although the supervisory power may be
invoked to deter future illegal activit;. The **Supreme Court**
**reversed**United States V Payner, 447 U.S.727, 100 S.Ct.2439,
65 L.Ed.2d 468 (1980).

The Governments activities in electronically listening to
and recording Roy Heathes words violated the privacy upon
which he justifiably relied while using the telephone and
thus constituted a search and seizure within the meaning
of the Fourth Amendment. Katz V United States 389 US 347,19
L Ed 2d 576,88 S Ct 507.

   **The petitioner Roy Heathes indictment must be dismissed**
or petitioner retried without evidence illegally taken.
Every defendant in a criminal case should be entitled to
challenge the admission of any evidence obtained in violation
of the Fourth ,Fifth,or Sixth Amendment. Continued adherence
to the ritual rules of standing leave open the way to undermine
Katz V United States, 389 US 347,19 L Ed 2d 576,88 S Ct
507;Mapp V Ohio 367 US 643,6 L Ed 2d 1081,81 S Ct 1684,84
ALR2d 933;Weeks V United States 232 US 383, 58 L Ed 652,34
S Ct 341, LRA 1915 B 834.

Law enforcement officials are well aware of the limits upon
standing, have conspired to keep the principle victims
of illegality out of court, 34 U of Chicago L Rev 342.
When petitioner wishing to assert a right has suffered or
may suffer a criminal conviction, his claim must be given
particular weight. Griswold V Connecticut,381 US 479,481,14
L Ed 2d 510,85 S Ct 1678;Joint Anti Fascist Refugee Committee
V McGrath,341 US 123,149,95 L Ed 817, 71 S Ct 624; 71 Yale
LJ 599.

In Silverman V United ?States, 365 U.S. 505,5 L Ed 2d 734,81
S Ct 679,97 Alr 2d 1277, We held that eaves dropping accomplished
by means of an electronic devise that penetrated the premises
occupied by petitioner--

--was a violation of the Fourth *(389 US 362) Amendment.
That was established that interception of conversation's
reasonabl intended to be private could constitute a search
and seizure, and that the examination or taking of physical
was not required;'. This view of the Fourth Amendment was
followed in <u>Wong Sun V. United States</u>,371 US 471, at 485,
9 L ed 2d 441, at 453, 83 S Ct 407,and <u>Berger V Newyork,</u>
388 US 41, at 51, 18 L ed 2d 104ʰ, at 1047,87 S Ct 1873.

For a fair reading of the record in the case shows  that
the eaves dropping was accomplished by means of an unauthorized
physical penetration into the premises occupied by the petitioner's.
As judge <u>Washington</u> pointed out without contradiction in
the court of appeals;

> "Every inference, and what little direct evidence
> there was pointed to the fact that the s like
> made contact with the heating duct, as the police
> admittedl hoped it would. Once the spike touched
> the heating duct, the duct became in effect
> a giant microphone, running through the entire
> house occupied by appellants. .107 App DC at
> 150,275 F 2d at 179.

<u>Silverman V United States</u> 275 F.2d 173 at 179. But it does
violate, I Think , our fundamental concept of ordered liberty,
as ,embodied in the due process clauses of the Fifth and
Fourteenth Amendments.See <u>Irvin V.People of State of California.</u>
1954,347 U.S.128, 74 S Ct 381, 98 L.Ed;561; <u>Palko V.State</u>
<u>of Connecticut,</u> 1937, 302 U.S.319, 58 S Ct 149, 82 L.Ed
288. Under a government system of constitutional or limited
exercise of public power,ordered libert requires that the

-- that the public officials take action against a citizen

only pursuant to duly-conferred authority.

**For these reasons, I would reverse the convictions** Silverman

V.United States 275 F.2d 173.

Mr.Justice Douglas Silverman V United States,365 US505, 5 L ed

2d 734, 81 S Ct 679, at 740 of 5 L ed concurring. My trouble with

stare decisis in this field is that it leads us to a matching of

cases on relevant facts. An electronic device on the outside wall

of a house is a permissible invasion of privacy according to Goldman

V United States,316 US 129,86 L ed 1322,62 S Ct 99, while an electronic

device that penetrates the wall, as here is not (365 US 513).On

Lee V United States343 US 747,96 L ed 1270,72 S Ct 967,

In this case " Telephone company had a right to investigate

suspected illegal use of its facilities but prolonged recording

of conversations of alleged violater was not neccessary and was

in violation of this section which required dismissal of criminal

indictment against alleged violator regarding gambling activities.Bubis

V United States (1967,CA9 Cal) 384 F 2d 643.

**Congress** has **Constitutional power** to forbid wire tapping by state

law enforcement officers even in face of conflicting state law.Benenti

V United States(1957) 355 US 96,2 L Ed 2d 126, 78 S Ct 155,158,1

USTC ¶15142, 1 Aftr 2d 2213.

**Warrant must be obtained before wiretap is installed.** Zweibon V.Mitchell

(1975,App DC) 170 US App DC 1,516 F 2d 594,Cert den (1976) 425

US 944,48 L Ed 2d 187,96 S Q 1684,96 S Ct 1685.

Would facts available to the officer Franklin at the moment of seizure or the search warrant a man of reasonable caution in the belief that action taken was appropriate ? Cf.Carrol V United States,267 US 132, 6 9 L Ed 543,45 S Ct 280,39 ALR 790 (1925);Beck V Ohio,379 US 89,96-97, 13 L Ed 142,147,148, 85 S Ct 223 (1964);

The demand for specificity, of designating a particular or defined area in the  information upon which police action is predicated is the central teaching of this courts Fourth Amendment jurisprudence.See Beck V Ohio,379 US 89,96-97,13 L Ed 2d 142,147,148,85 S Ct 223 (1964);Ker V California174 US 23,34-37,10 L Ed 2d 726,738-740, 83  S Ct 1623 (1963);Wong Sun V United States, 371 US 471,479-484, 9 L Ed 2d 441,450-454, 83 S Ct 407 (1963);

Anything less would invite intrusions upon constitutionally guranteed rights based on nothing more substantial than inarticulate huanches, a result this court has consistently refused to sanction.See  e.g., Beck V Ohio,379 US 89,96-97, 13 L Ed 2d 142,147,148, 85 S Ct 223 (1964);Ross V United States,364 US 253, 4 L Ed 2d 1688,80 S Ct 1431 (1960);Henry V United States 361 US 98,4 L Ed 2d 134,80 S Ct 168 (1959);

And simple good faith on the part of the arresting officer is not enough. If subjective faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, papers, and effects, only in discretion of the police.Beck V Ohio,supra, at 97, 13 L Ed 2d at 148.Mapp V Ohio 367 US 643,6 L ed 2d 1081,81 S Ct 1684.

<u>Our decicision, foundedon reason and truth,</u> gives to

to the individual no more than that which the

Constitution guarantees him, to the police officer no less

than that which honest law enforcement is entitled, and,

to the courts, that judicial integrity so necessary in the

true administration of justice.

The crux of this case, however, is not only the propriety

of officer Tom Franklin taking steps to investigate petitioner's

suspicious behavior, but rather, whether there was jurisdiction

for agent Tom Franklins invasion of Mr.Heathes evidence

obtained by attaching an electronic listening and recording

device.See(exh.# 3      ).

In view of the facts ,see Exh.# 1, 3      , We cannot

blind ourselves to the need for law enforcement officer's

to protect themselves and other prospective situations where

they may induce by the use or disclosure thereof to a witness

other than the victim of the seizure. ""The Bug"" or one

like it, may moot Mr.Heathes conviction and must be set

aside, Whether physical penetration of a Constitutionally

protected area is nessary before a search and seizure can

be said to be violative of the Fourth Amendment to the United

States Constitution.

The exclusionary rule fashioned in <u>Weeks</u> <u>V</u> <u>United</u> <u>States</u>

232 US 383, 58 L Ed 652, 34 S Ct 341 (1914), and <u>Mapp</u> <u>V</u> <u>Ohio,367</u>

<u>US</u> <u>643,6</u> <u>L</u> <u>Ed</u> <u>2d</u> <u>1081,81</u> <u>S</u> <u>Ct</u> <u>1684,84</u> <u>ALR2d</u> <u>933</u> <u>(1961),</u>

<u>excludes</u> <u>from</u> <u>a</u> <u>criminal</u> <u>trial</u> <u>any</u> <u>evidence</u> <u>seized</u> <u>from</u>

<u>the</u> <u>defendant</u> <u>in</u> <u>violation</u> <u>of</u> <u>his</u> <u>Fourth</u> <u>Amendment</u> <u>rights.</u>Fruits

of such evidence are excuded as well. Silverthorne Lumber

Co. V. United States,251 US 385,391-392,64 L Ed 319,321,322,

40 S Ct 182,24 AR...

Becuae the Amendment now affords protection against the
uninvited ear, oral statements, if illegally overheard,
and their fruits are also subject to suppression.Silverman
V United States,365 US 505,5 L Ed 2d 734, 81 S Ct 679,97
ALR 2d 1277 (1961);Katz V United States,389 US 347, 19 L
Ed 2d 576,88 S Ct 507 (1967).

The government has the burden of proiof that its evidence
is lawfully obtained.United StatesV Coplon .(CA2) 185 F
2d 629;Murphy V Waterfront Com,378 US 52,79,12 L Ed 2d 678,84
S Ct 1594;United StatesV Wade,388 US 218,241,18 L Ed 2d
1149,87 S Ct 1926.

 On the otherhand ,, 18 USCS §2510, Provides ; Wire and
electronic communications interception of communications(5)
electronic, mechanical, or other device means any device
of apparatus which can be used to intercept a wire,oral
or electronic communication (A) any telephone.
Since telephone is instrumentality of interstate commerce,
Congress has plenary power under Constitution to regulate
its abuse. Effect of detailed restrictions of 18 USCS §
2518 on court with respect to authorization of wire tapping
and bugging is to guarantee that wire tapping or bugging
 demonstrated in accord with requirements of §2518,Dalia
V United States(1979)441 US 238,60 L Ed 2d 177,99 S Ct 1682.
18 USCS §2515 Prohibits use as evidence of intercepted wire
or oral commu·nications.The purposes of 18 USCS §2515 is
to protect privacy of communications and also to ensure

--courts do not become partners to illegal conduct.RE Grand
Jury proceedings (1979) 198 US App DC 438. 613 F 2d 1171.
The primary purpose of 18 [USCS § 2515 ¶ is apparently to
exclude evidence derived from illegal rather than legal
wure taps and main thrust is to exclude evidence seizure
of evidence disclosure of which was or would be in violation
of 18 USCS §§ 2510-2520.Fleming V United States (1977 ,CA5)
547 F 2d 872,77- 1 USTC ¶ 16254, 39 AFTR 2d 77-1341, reh
den (1977,CA5 Ga) 550 F 2d 41 and cert denied (1977) 434
US 831,54 L Ed 2d 90,98 S Ct 113.RE Proceedings to enforce
Grand Jury Subpoenas (1977,ED Pa)430 F.Supp.1071.
Fruits of illegal wiretap are inadmissible for any purpose
in trial of case,Kidder V Anderson *(1977.,La App 1st Cir)
345 So.2d 922,2 Media LR 1645,rev'd on other grounds (1978,La)
354 So 2d 1306,Cert denied (1978)439 US 829,58 L Ed 2d 123,99
S Ct 105, 4 Media LR 1560.
Exclusionary rule of 18 USCS § 2515 was meant to apply in
both federal and  state proceedings, and is not meant to
be limited to criminal proceedings Re Marriage of Lopp (1978)
268 Ind 690 ,378 NE 2d 414,cert denied (1979) 439 US1116
59 L Ed 2d 76,99 S Ct 1023.
Under the exclusionary rule , states are bound to exclude
evidence even where  government agents obtained the evidence
in subjective good faith (as, for example); Where an officers
seizure of the  evidence under a facially deficient warrant
is not objectively reasonable.Leon,468 U.S. at 922-23,

For nothing can destroy a government more quikly than its
failure  to observe its own laws or worse,, its disregard
of the charter of its  own  existence Mapp V Ohio 367 US
643,659, 6 L Ed 2d 1081,[1092], 81 S Ct 1684,84 ALR 2d 933.
  For this reason, our decisions have embraced 401 US 68
the review that the tendency of those who exucate the criminal
laws of the country to obtain conviction by means of unlawful
seizures and enforced confessions should find no sanction
in the judgments of the courts,  which are charged at all
times with support of the Constitution.Weeks V United States,232
US 389,392, 58 L Ed 652,655,34 S Ct 31.
Trial counsel's failure to move to suppress tape recordings,
failed to object to the admission of the tapes into evidence,
amounted to ineffective assistance of counsel.Pinnell V
Cauthorn,540 F.2d 938 (8th Cir.1976).
Trial counsel's failure to investigate possibilities of
disguishing exemplar of defendants voice from voice on inter-
cepted tape recording where interpreted tape recording amounted
to ineffective assistance of counsel.United States V Baynes,687
F.2d 659 (3rd Cir.1982).
   Defense attorney, whether appointed or retained, is obligated
to inquire thourally into all potentially exculpatory defenses
and evidence.U.S.C.A. Cons.Amend,6.United States V Baynes
687 F.2d 659 (1982).Trial counsel's failure to object to
admission of hearsaymevidence and failure to preserve error
for appeal, constituted ineffective assistance of counsel.Hollins
V Estelle, 569 F.Supp.146 (W.D.Tex.1983).Due process guarantees
defendant the right to affective assistance on first appeal.

Evitts  V Lucey,469 U.S.387,83 L.Ed.2d 821,105 S.Ct.830

(1985).Lofton V Whitley 905 F.2d 885 (5th Cir.1990). **Elkins**

**V United States.**

### CONCLUSION

The foregoing and this Honorable Court should not condone

government agents intentional violation of law.**Elkins V**

**United Stat** 364 US **.** The order of the court should be reversed

and the case remitted to that court for determination of

facts. The circuit court has pronounced a rule of pressing

National importance. Its ruling, directly conflicts with

the precedents of this Court and circuit Courts. For each

of the reasons set forth above, this court should remit,

<u>claim viii</u>

APPELLATE COUNSEL FLOYD, RENDERED INEFFECTIVE

INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO

SUPRESS EVIDENCE ILLEGALLY SEIZED IN VIOLATION

OF " SIXTH, FOURTH, FOURTEENTH AMENDMENTS TO

THE FEDERAL CONSTITUTION OF THE UNITED STATES.


## <u>SUMMARY OF OPPOSITION</u>

Conviction obtained by use of evidence illegally seized

violated petitioner's Fourth Amendment rights to the Federal

Constitution of the UNITED STATES. See Amendment 4 of the

Constitution of the United States.Mapp V.Ohio,367 US 643,

6 L ed 2d 1081, 81 S Ct 1684,84 ALR 2d 933,<u>Ker V California</u>,374

US 23, 10 L ed 2d 726, 83 S Ct 1623.

American jurisprudence recognizes numerous examples in

which relevant and otherwise admissible evidence is excluded

from the consideration in criminal prosecutions because of

t·he  procedure of the government used to obtain it. The

reason in support involves the exclusionary rule, is two

fold.   1) The first is the necessity to deter law inforcement

officers from using illegaL AND UNCONSTITUTIONAL

PROCEDURES TO OBTAIN EVIDENCE OF A CRIME. See <u>Elkino</u>

<u>V.United States</u>,364 U.S.206,217,80 S Ct 1437, 4 L

Ed 2d 1669 (1960):<u>United States V Calandra</u>,414 U.S.338,347-

348,94 S.Ct.613,38 L.Ed 2d 561 (1974):

Evidence obtained by illegal search is not competent or legal

Evidence obtained by illegal search is not competent of

legal in proceeding against party whose person pr property

was subjected to illegal search which produced evidence.Carlisle

V.State ex rel Trammell, 163 So.2d 596, 276 Ala.436,United

States 422 U.S.531,537-538, 95 S.Ct.2313,2317, 45 L.Ed.2d

374 (1975):United States V Janis, 428 U.S.433,457,96 S.Ct.3021,3034,

49 L.Ed.2d 1046 (1976).

In this way the Supreme Court wrote :

    The rule is calculated to prevent. not repair. Its purose

    is to deter-to compel respect for the Constitutional

    guaranty in the only effective available way- by removing

    the incentive to disregard it,Elkins,supra,364 U.S.at

    217,80 S.Ct.,at 1444. 434 F Supp.113 at 124.

"In addirion", Sufficiency of particular description in

search warrants generally the UNITED STATES SUPREME COURT

HELD that the language in particular search warrants that

identified theplaces which the executing officers were

authorized to search was sufficiently definite and precise,

under the circumstances presented, to satisfy the Fourth

Amendment requirement that such warrants must particularly

describe the place to be searched.Steel V.United States

(1925) 267 US 498,69 L Ed 757,45 S Ct 414.

    As we held only last term,the right to effective assistance

of counsel is not confined to trial, but extendes also to

the first appeal as of right.Evitts V Lucey 469 US 387,83

L Ed 2d 821, 105 S Ct 830 (1985).

AS we observed in Poell V Alabama 287 US 45,77 L Ed 158,

53 S Ct 55, 84 ALR 527 (1932), the layman defendant requires

the guiding hand of counsel at every step in the proceedings

against him.Id. at 69, 77 L.Ed.158, 53 S Ct, 84 ALR 527,477

US 365, 91 L Ed 2d 305, 106 S Ct 2574,.

The Fourth Amendment is a resytraint on executive power. The

Amendment constitutes the Framers direct constitutional response

to the unreasonable law enforcement practices emp.loyed by

agants of the British Crown.

See Weeks V United States 232 US 383,389-391, 58 L Ed 652,

34 S Ct 341 (1914):Boyd V United States 116 US 616,624-625,

29 L.Ed 746, 65 S Ct 524 (1886).

"If",,,, on the otherhand,,, the officer only has prob.able

causee to believe there is contraband in a specific containers

in thecar,   he must detain the container and delay his search

until a search warrant is obtained.United States V Ross,456

US 798,72 L Ed 2d 572,102 S Ct 2157 (1982),Arkansas V Sanders

442 US 753,61 L Ed 2d 235,99 S Ct 2586(1979),United States

V Chadwick 433 US 1, 53 L.Ed 2d 538, 97 S Ct 2476 (1977) Castleberry

V State,678 P 2d 720,724 (Ok 1984)

Amendment 4 of the Constitution of the United States Provides

: THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS HOUSES,PAPER,

AND EFFECTS, AGAINST UNREASONABLE SEARCHES AND SEIZURES SHALL

NOT BE VIOLATED, AND NO WARRANTS SHALL ISSUE, BUT UPON PROBABLE

CAUSE,SUPPORTED BY OATH OR AFFIRMATION, AND PARTICULARLY DESCRIBING

THE PLACE TO BE SEARCHED, AND THE PERSONS OR THINGS TO BE

SEARCHED, AND THE PERSONS OR THINGS TO BE SEIZED.

Heath contends that the trial court erred in allowing into evidence the items that were seized from the car (Exh. *2,3* ) because they were fruits of an illegal search. Specifically, Heath argues that the search of the car was illegal because, he argues the car was not covered by the search warrant, and the car was not his.

According to the record, **the facts**, on the morning of the 1st day of *May* of 2000 at 11:05 Judge Green Issued to : Agent Tom Franklin, Metro Narcotics Task force a search warrant,. Affidavit in support of application for search warrant having been made, and hereby ordered and authorized to fore with search : The following Person or place 915 13th Avenue, Phenix City, Russell County Alabama. This is the residence of Roy David Heath. For the following property. There is being concealed the above listed residence a quantity of marijuana. In addition to searching the residence, during a search of 915 13th avenue the following evidence was found. 2) One Multi colored perry Ellis watches Gym Bag (containing one Ledger. one address Book of David Heath inside, one box sandwich bags, and a black kodax 8mm Tape case inside of the tape case is three plastic bags containing marijuana and one set of portable postage scales. These were found on back seat of Huckeba's vehicle (White 1992 Toyota Corolla Al 430 J 897). **Note contents could not be seen for they were inside bag.**

3) Fifteen round green pills with "M5", on one side and nothing on the other side.

After a complete search was made of the residence. Heath and Mims were transported to the Russell County Jail by a marked patrol unit. Agents Winston and Franklin transported Huckeba to the Russell County Sheriffs office. The vehicle of Huckebas (Toyota) that the marijuana was found in was taken by agents to be seized, the vehicle that Mims drove to the location (1989 Buick Park Avenue) was also taken to be seized. Heath, Huckeba and Mims were transported to the Russell County Jail for said charges.

        Seized Property : 1) One Burgundy 1989 Buick Ele-
        ctra Park Avenue.
        2)...One White 1992 Toyota Corolla.
In this case, the location of the Toyota is that it was on the driveway in the area beside the ehouse._____ "BAG"_____ and Pills(Purse) were seized from the car, all of which were admitted into evidence.

    A search warrant authorizing a search of certain premises generally includes a public street cannot be considered within the curtilege of a dwelling because there is no ex-pectation of privacy. See Oliver V United States, 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984).
Thgerefore,,,, it should be held held by the Honorable Court that the search of the car violated Heathes Fourth Amendment rights. Items seized as a direct result of unconstitutional conduct are not admissible at trial. Floyd V.State 387 So.2d 291,293-94 (Ala.Crim.App.1990); See Also Wong Sun V United States 371 U.S. 471, 83 S Ct 407, 9 L Ed 2d 441 (1963).

Because the Bag and marijuana seized from the car, result

, and reversible error occurred when the trial court allowed those items to be admitted into evidence in this case. Freeman V. State 681 So.2d 242 (Ala.Cr.App. 1994),

The court of criminal appeals correctly stated the rule imposing on the state the burden of presenting sufficient evidence to show that a searched vehicle was on the premises to be searched pursuant to the warrant Ex parte Hergott, 588 So.2d 911,915 (Ala. 1991), quoting United States V Dunn, 480 U.S. 294,301, 107 S.Ct. 1134, 94 L Ed 2d 326 (1987). However, in this case the search of the car was improper. Thew Courts allowing evidence of that search was not harmless error. Rule 45,A.R.App.P. It was the search of the cae that evidence upon which Mr,Heath was convicted of on one count, that search was invalid. Heath was charged or convicted upon the basis of anything found in the House/Car, during an invalid search, the agents found Bag/drugs/in the house.
But see Travis V State, 381 So.2d 97, writ denied Exparte Travis, 381 So.2d 102. A warrant to search designated premises will not authorize search of every individual who happens to be on premises.
Defendant has standing to object to seizure of bag which he owned, and to seizure of bag which he owned, and tp seizure of marijuana found in bag, although bag was seized from car, owned by third party. Harrington V State 587 So.2d 441.

The Fourth Amendment to the CONSTITUTION of the UNITED STATES PROVIDES THAT SEARCH WARRANTS MUST PARTICULARLY DESCRIBE THE PLACE TO BE SEARCHED, AND THE PERSONS OR THINGS TO BE SEIZED. This particularity requirement is intended to prohibit general warrants--

which give inferior officials roving commissions to search
where they please and seize what they please.See  68 AM Jur
2d, searches and seizures § 73. such as the infamous writs
of assistance under which British officials in the years
preceding the American revolution, received the authority
to search wgere they pleased for goods inported in violation
of British tax laws an outrage that was fresh in the "FOUNDING
FATHER'S MINDS"when they adopted the **BILL OF RIGHTS**.See the
discussion of the writs of assistance , and other roots of
the FOURTH AMENDMENT, in  Stanford V.Texas (1965) 379 US
476, 13 L Ed 2d 431,85 S Ct 506, reh denied 380 US 926, 13
L Ed 2d 813, 85 S Ct 879.

Sufficiency of particular descriptions in search warrants
generally the  UNITED STATES SUPREME COURT HELD  that the
language in particular search warrants that identified the
places which the executing officer's were authorized to
search was sufficiently definite and precise, under the
circumst ances presented, to satisfy the FOURTH AMENDMENT
requirement that such warrants must particularly describe
the place to be searched.Steel V United States(1925) 267
US 498, 69 L Ed 757, 45 S Ct 414.

It has been held that knowledge gained, and observations
made by the arresting officer from a place  he hadillegally
entered cannot be taken into consideration in determining
probable cause or reasonable grounds Whitley  V United States(1956)
99 App DC 159, 237 F 2d 787(in which it appeared  that the
arresting officers saw the suspect preparing to give herself

a hypodermic injection, making their observations from a

porch on which they had no right to be).

But See Gibson V United States (1945) 80 App. DC 81, 149

F 2d 381, Cert. den. 326 US 724, 90 L Ed 429, 66 S Ct 29,

infra § 4, holding that the validity of the arrest was not

in any way lessened.    It is now settled that the fundamental

protections of the Fourth Amendment are guaranteed by the

Fourteenth Amendment against invasion by States,Wolf V Colorado,

338 US 25,27, 93 L Ed 1782,1785, 69 S Ct 1359; Mapp V Ohio,

367 US 643, 6 L Ed 2d 1081, 81 S Ct 1684,84 ALR 2d 933,;Ker V Californi

374 US 23, 10 L ed 2d 726, 83 S Ct 1623.

The FOURTH AMENDMENT PROVIDES :-NO Warrants shall issue, but upon

probable cause, supported by oath or affirmation, and particularly

desscribing the place to be searched, and the persons or

things to be seized.**(Emphasis   Supplied)**

**The words are precise and clear.** They reflect the determination

of those who wrote the Bill of Rights th at  the people

of this new nation should forever " be secure in their persons,

houses, papers, and effects from intrusion and seizure by

officers acting under unbridled authority of a general warrant.Stanford

V Texas 379 US 476, 13 L ed 431, 85 S Ct 506.(3).

   In short, what this history indispensably teaches is that

the   Constitutional requirement that warrants must particularly

describe the things to be seized is to be accorded the most

scrupulous exactitude when the things are books, and the
basis for their seizure is the  ideas which they contain.

The word books in the context
of a phrase like "books and records, (Exh. # 5         )
has of course, a quite different meaning. A ledger,,Marron
V United States 275 US 192,198-199, 72 L ed 231,237-238,48
S Ct 74. See   Marcus V search warrant, 367 US 717, 6 L ed
2d 1127, 81 S Ct 1708, A quantity of Books V.Kansas, 378
US 205, 12 L ed 2d 809, 84 S Ct 1723.
No less standard could be faithful to First amendment freedoms.
The Constitutional impossibility of leaving the protection
of  those freedoms to the whim of the officer's charged
with executing the warrant is dramatically underscored by
what the officers saw fit to seize under the warrant in
this case. The requirement that warrants shall particularly
describe the things to be seized makes general searches
under them impossible and prevents the seizure of one thing
under a warrant describing another, as to what is to be
taken, nothing iws left to the discretion of the officer
executing the warrant.Marron V. *(379 US 486) United States,
275 US 192, at 196, 72 L ed 231, 48 S Ct 74.
The warrant recited only (Exh.# /       ), that it was issued
to search (Exh.#. /      ).  The specific crime for which
it was issued was not specified  evidencing  the vehicle..
evidence taken from the vehicle.United States V Simmons,96
US 360, 24 L ed 819; Lanzetta V New Jersey, 306 US 451,
83 L ed 888, 59 S Ct 618;Ex parte Burford (US) 3 Cranch
448, 2 L ed 495; Henry V United States, 361 US 98, 4 L ed
2d 134, 80 S Ct 168.

The warrant (Exh.# /    ) failed to particularly describe

the things  in the car to be seized. Marron V United States,

275 US 192, 72 L ed 231, 48 S Ct 74; Marcus V Search Warrant

of Proper ty, 367 US 717, 6 L ed 2d 1127, 81  S Ct 1708.

The FOURTH AMENDMENT IS ENFORCEABLE AGAINST THE STATES

BY THE SAMR SANCTION OF EXCLUSION OF EVIDENCE AS IS USED

AGAINST THE FEDERAL GOVERNMENT AND  through the application

of the same Constitutional standard prohibiting " Unreasonaqble

searches". In  Mapp V Ohio  367 US at 646,647,657,  We followed

Boyd V United States, 116 US 616,630, 29 L ed 746,751, 6

S Ct 524 (1886). which held that the Fourth Amendment is

implemented by the self-incrimination clause of the Fifth

Amendment, Forbids the Fed. Government to convict a man

of crime by using testimony or papers obtained from him

by unreasonable searched and seizures as defined in the

Ker V. California  374 US 23, 10 L Ed 2d 726, 83 S Ct 1623,

Fourth Amendment.at 736 of L ed 2d, We specifically held

in Mapp that this constitutional ½prohibition is enforcible

against them](the states)[  by the same sanction of  exclusion

as is used against the Federal Government, by the application

of the same Constitutional standard pro- [374 US 31]- hibiting

"unreasonable searches and seizures." 367 US, at 655.

The Federal rule with respect to the suppression of evidence

seized as a result of an illegal search is now applicable

to proceedings in state courts. Mapp V Ohio, 367 US 643,

6 L ed 2d 1081, 81 S Ct 1684, 84 ALR2d 933.

A new trial is required where conviction follows the Uncon-
stitutional use of unlawfully seized evidence.Mapp V Ohio
367 US 643,655, 6 L ed 2d 1081, 81 S Ct 1684,84 ALr2d 933.
The failue to follow constitutionally required procedures
is never harmless error.Lyons V Oklahoma, 322 US 596,88
L ed 1481, ~~------~~ 64 S Ct 1208;Malinski V New York, 324
US 401,404, 89 L ed 1029, 65 S Ct 781, Rogers V Richmond,
365 US 534,545, 5 L ed 2d 760,81 S Ct 735; Haynes V Washington,373
US 503, 10 L Ed 2d 513, 83 S Ct 1336,Hamilton V Alabama,368
US 52,55, 7 L Ed 2d 114,82 S Ct 157; Patton V United States,281
US 276,292, 74 L ed 854, 50 S Ct. 253, 70 ALR 263; Elkins
V United States 364 US 206,217, 4 L Ed 2d 1669, 80 S Ct
1437, Kremen V United States 353 US 346, 1 L ed 2d 876,
77 S Ct 828;Mapp V Ohio 367 US 643,655, 6 L ed 2d 1081,81
S Ct 1684,84 ALR2d 933; Williams V United States(1959,Dc)
263 F2d 487,490,491.
The right to have unconstitutionally seized evidence excluded
from a criminal trial is a fundamental right guaranteed
by the due process clause, and not merely a rule of evidence.Wolf
V Colorado,338 US 25, 93 L ed 1782, 69 S Ct 1359;Mapp V Ohio
367 US 643,657, 6 L ed 2d 1081, 81 S Ct 1684,84 ALR2d 933;
Rogers V Richmond 365 US 534, 5 L ed 2d 760, 81 S Ct 735;
Kotteakos V United States 328 US 750,764,765, 90 L ed 1557,
66 S Ct 1239; Bram V United States 168 US 532,541, 42 L
ed 568, 18 S Ct 183; Honig V United States (1953, CA 8)
208 F 2d 916,921.
Evidence lawfully obtained is inadmissible where it is the
proximate result --

--unlawfully seized.<u>Silveerthorne  Lumber  Co. V United  States</u>,251

US 385, 64 L ed 319, 40 S Ct 182, 24 ALR 1426;<u>Nardone V</u>

<u>United  States</u>, 308 US 338, 84 L ed 307, 60 S Ct 266.

Since the record conclusively establishes th at *Evidence Illegally obtained*

the judicial economy will be more effectively served by

this Honorable Court setting aside the order of *Russell County*

entered  *5-31-01*                        , in criminal case

No.  *CC-01-030-036*                , entered *5-31-01*

and remanding the cause to the  *Russell County, Alabama*

court with directions to enter a judgment of *Remand*

we are authorized to make this disposition by section 2106,28

U.S.C.A., which provides :

"2106 DETERMINATION"

The Supreme Court or any other court of appellate jurisdiction

may affirm, modify, vacate, set aside aside or reverse any

judgment decree, or order of a court lawfully brought before

it for review, and may remand the cause and direct the entry

of such appropriate judgment, decree, or order or require

such further proceedings to be had as may  be just under

the  circumstances.<u>June 25,1948, C. 646, 62 Stat.963.</u>

The record in the instant case establishes that such disposition

is just under the circumstances/

RESPECTFULLY SUBMIT

ROY DAVID HEATH

*Pro se*
*Representation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been mailed, postage prepaid on this _____ day of January 2002, to the _Circuit Clerk_ by deposing same in the legal mail box at _____,

_Roy David Heath_

Roy David Heath

State of Alabama
County of Russell

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Nov 14, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA
26th, JUDICIAL CIRCUIT

|  |  |
|---|---|
| | ) |
| | ( |
| ROY DAVID HEATH, | ) |
| Petitioner, | ( |
| | ) |
| v. | ( CASE NO:CC-01-030,036 |
| | ) |
| STATE OF ALABAMA | ( |
| Respondents, | ) |

## AFFIDAVIT IN SUPPORT WITH DOCUMENTS,
## PURSUANT TO RULE 32.3,"BURDEN OF PROOF

I, "Roy David Heath, hereby states and affirm as follows:
That I am the petitioner in the above "Reference Cause" and
over the age of 21-years old and have personal knowledge of
the procedures that were followed and know know that they
were in direct violation, of my Constitutional rights.

Petitioner do swear under the penalty of purjury that
everything contained in the above foregoing are true and correct
to the best of my knowledge and the exhibits pretained herein
are attached to support petitioner's claims for relief as
a matter of law.

Exhibit-B, will show the "Plea Agreement" entered 4/9th/2001.

Exhibit-C, will show the petitioner's guilty plea,entered
5/31/2001.

Exhibit-D,will show petitioner's plea of guilty,entered
5/31/2001.

Exhibit-E, will show the petitioner's guilty plea,entered
5/31/2001.

Exhibit-F, will show that on **7/11/2001**, petitioner petitioner for Notice of Appeal.

Exhibit-A, will show that Case Action Summary Sheet, to wit: Date of offense 5/2/2000, date of arrest 5/4/2000, Indicted 1/12/2001, filed 1/19th/2001.

Exhibit-1, will show that on july 12th,2001 **"Deficiency Notice,** was issued on the "Hon John M. Britton,Attorney.

Exhibit-2, will show that again the court appeals notified the Attorney for a second time,"Final Notice Before Dismissal, to the Hon. John M. Britton,Attorney.

The remaining exhibits will show the search warrant is defective and what was used to get this search warrant in violation  of the petitioner's constitutional rights.

RESPECTFULLY SUBMITTED,

SWORN AND SUBSCRIBED TO BEFORE ME THIS _16th_ DAY OF
January 2002, 3

NOTARY PUBLIC

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Nov 14, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

MY COMMISSION EXPIRES

| STATE OF ALABAMA | * | IN THE CIRCUIT COURT OF |
| | * | |
| VS. | * | RUSSELL COUNTY, ALABAMA |
| | * | |
| ROY D. HEATH | * | CASE NO. CC-01-030,036 |

### PLEA  AGREEMENT

The Defendant has been indicted for the following:

| CASE NO. | | OFFENSE CHARGED |
| --- | --- | --- |
| CC-01-030 | | DISTRIBUTION OF MARIJUANA |
| CC-01-036 | COUNT 1 | DISTRIBUTION OF MARIJUANA |
| | COUNT 2 | POSSESSION OF MARIJUANA 1ST |

Upon Defendant's plea of guilty to the charge(s) below, the District Attorney recommends the following:

| CASE NO. | | OFFENSE PLED |
| --- | --- | --- |
| CC-01-030 | | DISTRIBUTION OF MARIJUANA |
| CC-01-036 | COUNT 1 | DISTRIBUTION OF MARIJUANA |
| | COUNT 2 | POSSESSION OF MARIJUANA 1ST |

### SENTENCE

CC-01-030    **30 YEARS** plus costs plus a $1,000.00 penalty mandated by the Demand Reduction Assessment Act of §13A-12-281 plus $100.00 to the Forensic Science Fund and $100.00 to the Victim's Compensation Fund. Further, the Defendant understands that §13A-12-290 requires that the Department of Public Safety requires the suspension of the Defendant's driver's license for a period of six (6) months.

(This 30 years shall consist of 20 years for violation of §13A-12-211, an additional 5 years mandated by §13A-12-250 for a sale of a controlled substance at or near a school campus and an additional 5 years mandated by §13A-12-270 for a sale of a controlled substance at or near a public housing

project. <u>For purposes of this plea, the Defendant agrees to stipulate that this act occurred within three (3) miles of both a school and a housing project. No further proof of this by the State of Alabama will be required</u>.)

CC-01-036   Count 1          **30 YEARS** Concurrent with the sentences imposed in CC-01-030 and Count 2 hereof, plus costs plus a $1,000.00 penalty mandated by the Demand Reduction Assessment Act of §13A-12-281 plus $100.00 to the Forensic Science Fund and $100.00 to the Victim's Compensation Fund. Further, the Defendant understands that §13A-12-290 requires that the Department of Public Safety requires the suspension of the Defendant's driver's license for a period of six (6) months.

(This 30 years shall consist of 20 years for violation of §13A-12-211, an additional 5 years mandated by §13A-12-250 for a sale of a controlled substance at or near a school campus and an additional 5 years mandated by §13A-12-270 for a sale of a controlled substance at or near a public housing project. <u>For purposes of this plea, the Defendant agrees to stipulate that this act occurred within three (3) miles of both a school and a housing project. No further proof of this by the State of Alabama will be required</u>.)

CC-01-036   Count 2          **30 YEARS** Concurrent with the sentences imposed in CC-01-030 and Count 1 hereof, plus costs plus a $1,000.00 penalty mandated by the Demand Reduction Assessment Act of §13A-12-281 plus $100.00 to the Forensic Science Fund and $100.00 to the Victim's Compensation Fund. Further, the Defendant understands that §13A-12-290 requires that the Department of Public Safety requires the suspension of the Defendant's driver's license for a period of six (6) months.

## HABITUAL OFFENDER APPLICATION

It is further agreed by the State of Alabama and the Defendant that Defendant has **Three (3)** prior felony conviction(s) and that Defendant will stipulate to same and that no further proof of this conviction need be made by the State of Alabama upon sentencing.

## RESTITUTION

The Defendant, counsel for the Defendant and the District Attorney agree that restitution is due the victim(s) as follows:

| **CASE NO.** | **AMOUNT** | **VICTIM AND ADDRESS** |
| --- | --- | --- |

CC-01-030,036                          none

**__DEFENDANT HEREBY WAIVES HIS/HER RIGHT TO A RESTITUTION HEARING__**

The Defendant is hereby ordered to pay restitution and court costs in the above-styled case. The Defendant agrees to make payments of $_100.00_____ per month, or such amount as determined by the Probation Officer ( whichever is greater) __beginning 90 days subsequent to the date the Defendant was sentenced__.

If the Defendant is incarcerated as a result of the sentence imposed in this case, the Defendant agrees to make payments within 90 days of release from confinement. If the Defendant receives probation as a result of the sentence imposed in this case, the Defendant agrees to make payments as delineated above and the Defendant agrees that a condition of his probation is to make regular payments.

The Defendant understands that failure to make regular monthly payments will result in an additional thirty per cent (30%) collection fee being added to the balance after 90 days. Failure of the Defendant to make regular payments may result in a wage withholding order being issued by this court.

## APPEAL

**If the Defendant files any post conviction petition (including but not limited to a Rule 32 Petition, a Motion for New Trial, a Motion to Set Aside this Plea Agreement or an Appeal) the State may void this agreement and return the original charges in this matter to the Trial docket.**

It is further agreed by the Defendant, counsel for the Defendant and the District attorney that upon approval of the above by the Court, the Defendant will enter a plea of guilty.

Done this the _9th_ day of _April_____, 2001.

_____
Defendant

_____
District Attorney
BL - 3/2/2001

_____
Defendant's Counsel of Record
John Britton

## PLEA OF GUILTY

CC __01-36__
__Ct. 1__

STATE OF ALABAMA VS. ___Roy David Heath___

Defendant, together with his/her attorney, appeared in open court on this date at which time:

✓ The defendant, having been advised by the Court of the charge(s) embraced in the indictment and the punishment therefore, and the Court being satisfied that the defendant has been advised of his/her rights under the Constitutions of this State and the United States, the said defendant, with the consent and advise of his/her attorney, withdraws his/her plea of not guilty and pleads guilty to the offense of ___Distribution of___ ___Marijuana___ as charged in the indictment. __Ct. 1__

___ The defendant having been advised by the Court of the charge(s) embraced in the indictment and the punishment therefore, and the Court being satisfied that the defendant has been advised of his/her rights under the Constitution of this State and the United States, by his/her attorney, withdraws his/her plea of not guilty and pleads guilty to the LESSER AND INCLUDED offense of _____ _____ as charged in the indictment.

___ Sentencing hearing is waived by both parties.

___ Sentencing hearing is set for _____ at _____.

✓ Sentencing on the plea of guilty is set for __5-31-01__ at __9:30 AM__.

✓ Defendant makes application for probation. Ruling on said application for probation is set for ___5-31-01___ at ___9:30 AM___.

DONE this the 9th day of April, 2001.

_____
JUDGE, CIRCUIT COURT

STATE OF ALABAMA,                          )          IN THE CIRCUIT COURT OF
                                                      RUSSELL COUNTY, ALABAMA
VS.                                                   CASE NO. CC 01-36
ROY D. HEATH _____           )                    Count 1
DEFENDANT

## SENTENCING ORDER

The defendant and counsel, and counsel for the State of Alabama appeared in
open court for the defendant to be sentenced on his/her conviction of
DISTRIBUTION OF MARIJUANA, Count 1 _____.

### HABITUAL FELONY OFFENDER

✓  The defendant is sentenced as a habitual offender under the provision
   of Section 13A-5-9 and 10 of the Code of Alabama.

### SENTENCE

✓  The Court conducted a sentencing hearing.

✓  A pre-sentence report was requested by the defendant and considered by
   the Court.

___ The defendant waived a pre-sentence investigation and report.

✓  The defendant is sentenced to the custody of the Commissioner of the
   Department of Corrections for a period of _30_ year(s) ___ life.

✓  Sentence to including five (5) years enhancement pursuant to 13A-12-
   270, Code of Alabama, and an additional five (5) years enhancement
   pursuant to 13A-12-250, Code of Alabama.

___ The defendant is sentenced to the custody of the Sheriff of Russell
    County for a period of ____ year(s), ____ month(s).

✓  The defendant's sentence shall be concurrent with the sentence(s)
   imposed in _CC-01-30_  _CC-01-36 count 2_.

___ The defendant shall pay restitution in the amount of $_____
    to_____.  The Clerk of the Court is authorized
    to collect and disburse restitution.  Restitution is to be paid prior
    to other court costs.

✗  The defendant shall be given credit for time served.

___ The defendant shall pay a fine in the amount of $_____.

___ The defendant shall pay $10.00 per day incarceration fee.

✓  The defendant shall pay the cost of this case.

✓  The defendant shall pay the Alabama Crime Victims Compensation
   Commission the sum of $_100.00_.

___ The defendant shall perform _____ hours of community service.

✓  The defendant is assessed with $1000.00 penalty mandated by the Demand
   Reduction Assessment Account, Section 13A-12-281 of the Code of
   Alabama which will be suspended upon defendant's agreement to enroll
   in rehabilitation program and pay for same.

✓ The defendant shall undergo a substance abuse program while at the Department of Corrections.

✓ The defendant is assessed with $100.00 to Forensic Services Trust Fund Act No. 95-733 (Codified at Section 36-18-7).

✓ The defendant's drivers license are suspended for a period of 6 months.

✓ The defendant shall reimburse the State of Alabama the costs of his/her appointed counsel.

✓ The payment of court ordered monies shall be a condition of parole, early release, S.I.R., or work release.

## SUSPENDED SENTENCE

_____ The defendant's sentence is suspended, and the defendant is placed on supervised ____unsupervised probation for a period of _____:

## SPLIT SENTENCE

_____ The defendant's sentence is suspended, and the defendant is placed on supervised probation for a period of _____ , however, as a first condition of probation the defendant shall serve a period of _____ in the custody of the Commissioner of the Department of Corrections/Sheriff of Russell County.  At the end of the defendant's incarceration, he/she shall be transported back to this Court for the imposition of further terms and conditions of probation.

## BOOT CAMP

_____ The defendant shall serve up to 180 days in the custody of the Commissioner of the Department of Corrections and he shall successfully complete the disciplinary, Rehabilitation program.  When said program is completed or defendant is released from said program, he shall be returned to this Court for a hearing on his application for probation.

## REVERSE SPLIT SENTENCE

_____ The defendant's sentence is suspended, and the defendant is placed on supervised probation for a period of _____; however, upon completion of said probation period, the defendant shall serve a period of _____ in the custody of the Sheriff of Russell County, Alabama.

✓ The defendant was advised that he/she has the right to appeal his/her conviction and sentence, and if declared indigent he/she has the right to appointed counsel and the court reporter's transcript will be provided without cost to the defendant.

_____ A review is scheduled for _____, 2001 at _____.

DONE and ORDERED in open court this __31st__ day of __May_____, 2001.

JUDGE, CIRCUIT COURT

000080

## PLEA OF GUILTY

CC _01-36_
_Ct. 2_

STATE OF ALABAMA VS. _Roy David Neath_

Defendant, together with his/her attorney, appeared in open court on this date at which time:

✓ The defendant, having been advised by the Court of the charge(s) embraced in the indictment and the punishment therefore, and the Court being satisfied that the defendant has been advised of his/her rights under the Constitutions of this State and the United States, the said defendant, with the consent and advise of his/her attorney, withdraws his/her plea of not guilty and pleads guilty to the offense of _Possession of_ _Marijuana 1st degree_ as charged in the indictment. _Ct. 2_

___ The defendant having been advised by the Court of the charge(s) embraced in the indictment and the punishment therefore, and the Court being satisfied that the defendant has been advised of his/her rights under the Constitution of this State and the United States, by his/her attorney, withdraws his/her plea of not guilty and pleads guilty to the LESSER AND INCLUDED offense of _____ _____ as charged in the indictment.

___ Sentencing hearing is waived by both parties.

___ Sentencing hearing is set for _____ at _____.

✓ Sentencing on the plea of guilty is set for _5-31-01_ at _9:30 AM_

✓ Defendant makes application for probation. Ruling on said application for probation is set for _5-31-01_ at _9:30 AM_ .

DONE this the 9th day of April, 2001.

_____
JUDGE, CIRCUIT COURT

STATE OF ALABAMA,                    )        IN THE CIRCUIT COURT 000083
VS.                                            RUSSELL COUNTY, ALABAMA
ROY D. HEATH                         )        CASE NO. CC 01-36
DEFENDANT                                              Count 2

## SENTENCING ORDER

The defendant and counsel, and counsel for the State of Alabama appeared in
open court for the defendant to be sentenced on his/her conviction of
POSSESSION OF MARIJUANA 1st degree,  Count 2                                    .

### HABITUAL FELONY OFFENDER

___ The defendant is sentenced as a habitual offender under the provision
of Section 13A-5-9 and 10 of the Code of Alabama.

### SENTENCE

___ The Court conducted a sentencing hearing.

✓ A pre-sentence report was requested by the defendant and considered by
the Court.

___ The defendant waived a pre-sentence investigation and report.

___ The defendant is sentenced to the custody of the Commissioner of the
Department of Corrections for a period of _30_ year(s) ___ life.

___ Sentence to including five (5) years enhancement pursuant to 13A-12-
270, Code of  Alabama, and an additional five (5) years enhancement
pursuant to 13A- 12-250, Code of Alabama.

___ The defendant is sentenced to the custody of the Sheriff of Russell
County for a period of ____ year(s), ____ month(s).

___ The defendant's sentence shall be concurrent with the sentence(s)
imposed in _CC-01-30  &  CC-01-36  Ct 1_.

___ The defendant shall pay restitution in the amount of $_____
to_____.  The Clerk of the Court is authorized
to collect and disburse restitution.  Restitution is to be paid prior
to other court costs.

___ The defendant shall be given credit for time served.

___ The defendant shall pay a fine in the amount of $_____.

___ The defendant shall pay $10.00 per day incarceration fee.

___ The defendant shall pay the cost of this case.

___ The defendant shall pay the Alabama Crime Victims Compensation
Commission the sum of $_100.00_.

___ The defendant shall perform _____ hours of community service.

___ The defendant is assessed with $1000.00 penalty mandated by the Demand
Reduction Assessment Account, Section 13A-12-281 of the Code of
Alabama which will be suspended upon defendant's agreement to enroll
in rehabilitation program and pay for same.

✓ The defendant shall · 'ergo a substance abuse pr¯ ram while at the Department of Correct¯ons.

✓ The defendant is assessed with $100.00 to Forensic Services Trust Fund Act No. 95-733 (Codified at Section 36-18-7).

✓ The defendant's drivers license are suspended for a period of 6 months.

✓ The defendant shall reimburse the State of Alabama the costs of his/her appointed counsel.

✓ The payment of court ordered monies shall be a condition of parole, early release, S.I.R., or work release.

### SUSPENDED SENTENCE

____ The defendant's sentence is suspended, and the defendant is placed on
____ supervised ____unsupervised probation for a period of _____:

### SPLIT SENTENCE

____ The defendant's sentence is suspended, and the defendant is placed on supervised probation for a period of _____ , however, as a first condition of probation the defendant shall serve a period of _____ in the custody of the Commissioner of the Department of Corrections/Sheriff of Russell County. At the end of the defendant's incarceration, he/she shall be transported back to this Court for the imposition of further terms and conditions of probation.

### BOOT CAMP

____ The defendant shall serve up to 180 days in the custody of the Commissioner of the Department of Corrections and he shall successfully complete the disciplinary, Rehabilitation program. When said program is completed or defendant is released from said program, he shall be returned to this Court for a hearing on his application for probation.

### REVERSE SPLIT SENTENCE

____ The defendant's sentence is suspended, and the defendant is placed on supervised probation for a period of _____; however, upon completion of said probation period, the defendant shall serve a period of _____ in the custody of the Sheriff of Russell County, Alabama.

✓ The defendant was advised that he/she has the right to appeal his/her conviction and sentence, and if declared indigent he/she has the right to appointed counsel and the court reporter's transcript will be provided without cost to the defendant.

____ A review is scheduled for _____, 2001 at _____.

DONE and ORDERED in open court this __31st__ day of __May_____, 2001.

_____
JUDGE, CIRC  T COURT

000025

## PLEA OF GUILTY

CC _01-30_

### STATE OF ALABAMA  VS. _Roy David Heath_

Defendant, together with his/her attorney, appeared in open court on this date at which time:

✓ The defendant, having been advised by the Court of the charge(s) embraced in the indictment and the punishment therefore,  and the Court being satisfied that the defendant has been advised of his/her rights under the Constitutions of this State and the United States, the said defendant, with the consent and advise of his/her attorney, withdraws his/her plea of not guilty and pleads guilty to the offense of _Distribution of_ _Marijuana_ as charged in the indictment.

___ The defendant having been advised by the Court of the charge(s) embraced in the indictment and the punishment therefore, and the Court being satisfied that the defendant has been advised of his/her rights under the Constitution of this State and the United States, by his/her attorney, withdraws  his/her plea of not guilty and pleads guilty to the LESSER AND INCLUDED offense of _____ _____ as charged in the indictment.

___ Sentencing hearing is waived by both parties.

___ Sentencing hearing is set for _____ at _____.

✓ Sentencing on the plea of guilty is set for _5-31-01_ at _9:30 AM_.

✓ Defendant makes application for probation.  Ruling on said application for probation is set for _5-31-01_ at _9:30 Am_ .

DONE this the 9th day of  April,  2001.

_____
JUDGE, CIRCUIT COURT

STATE OF ALABAMA,                    )          IN THE CIRCUIT COURT OF 00026
VS.                                             RUSSELL COUNTY, ALABAMA
ROY D. HEATH                          )          CASE NO. CC 01-30
DEFENDANT

## SENTENCING ORDER

The defendant and counsel, and counsel for the State of Alabama appeared in open court for the defendant to be sentenced on his/her conviction of
DISTRIBUTION OF MARIJUANA                                                          .

### HABITUAL FELONY OFFENDER

✓   The defendant is sentenced as a habitual offender under the provision of Section 13A-5-9 and 10 of the Code of Alabama.

### SENTENCE

✓   The Court conducted a sentencing hearing.

✓   A pre-sentence report was requested by the defendant and considered by the Court.

____ The defendant waived a pre-sentence investigation and report.

✓   The defendant is sentenced to the custody of the Commissioner of the Department of Corrections for a period of 30 year(s) ____ life.

✓   Sentence to including five (5) years enhancement pursuant to 13A-12-270, Code of Alabama, and an additional five (5) years enhancement pursuant to 13A- 12-250, Code of Alabama.

____ The defendant is sentenced to the custody of the Sheriff of Russell County for a period of ____ year(s), ____ month(s).

✓   The defendant's sentence shall be concurrent with the sentence(s) imposed in CC-01-36, CT 1 and CT 2            .

____ The defendant shall pay restitution in the amount of $_____ to_____. The Clerk of the Court is authorized to collect and disburse restitution. Restitution is to be paid prior to other court costs.

____ The defendant shall be given credit for time served.

____ The defendant shall pay a fine in the amount of $_____.

____ The defendant shall pay $10.00 per day incarceration fee.

✓   The defendant shall pay the cost of this case.

✓   The defendant shall pay the Alabama Crime Victims Compensation Commission the sum of $ 100         .

____ The defendant shall perform ____ hours of community service.

✓   The defendant is assessed with $1000.00 penalty mandated by the Demand Reduction Assessment Account, Section 13A-12-281 of the Code of Alabama which will be suspended upon defendant's agreement to enroll in rehabilitation program and pay for same.

000027

_✓_ The defendant shall undergo a substance abuse program while at the Department of Corrections.

_✓_ The defendant is assessed with $100.00 to Forensic Services Trust Fund Act No. 95-733 (Codified at Section 36-18-7).

_✓_ The defendant's drivers license are suspended for a period of 6 months.

_✓_ The defendant shall reimburse the State of Alabama the costs of his/her appointed counsel.

_✓_ The payment of court ordered monies shall be a condition of parole, early release, S.I.R., or work release.

## SUSPENDED SENTENCE

____ The defendant's sentence is suspended, and the defendant is placed on supervised ____unsupervised probation for a period of _____.

## SPLIT SENTENCE

____ The defendant's sentence is suspended, and the defendant is placed on supervised probation for a period of _____ , however, as a first condition of probation the defendant shall serve a period of _____ in the custody of the Commissioner of the Department of Corrections/Sheriff of Russell County. At the end of the defendant's incarceration, he/she shall be transported back to this Court for the imposition of further terms and conditions of probation.

## BOOT CAMP

____ The defendant shall serve up to 180 days in the custody of the Commissioner of the Department of Corrections and he shall successfully complete the disciplinary, Rehabilitation program. When said program is completed or defendant is released from said program, he shall be returned to this Court for a hearing on his application for probation.

## REVERSE SPLIT SENTENCE

____ The defendant's sentence is suspended, and the defendant is placed on supervised probation for a period of _____; however, upon completion of said probation period, the defendant shall serve a period of _____ in the custody of the Sheriff of Russell County, Alabama.

_✓_ The defendant was advised that he/she has the right to appeal his/her conviction and sentence, and if declared indigent he/she has the right to appointed counsel and the court reporter's transcript will be provided without cost to the defendant.

____ A review is scheduled for _____, 2001 at _____.

DONE and ORDERED in open court this __31st__ day of __May_____, 2001.

_____
JUDGE, CIRC T COURT

000029

CCO1-30
36

7/11/01

I, Roy D. Heath am Formally
requesting That, I am asking for an appeal hearing
For The charges I was sentenced For, on
May 31, 2001. I signed a plea Bargain, That
now I feel I was coerced into signing
by my Lawyer (John Britton) I do not agree
with two of the Three charges. Please give
This Matter great consideration, for I have
a Family to support and I should be working
for Them, not sitting in Jail.

Thank You,

Russell Cty. Jail
Roy D. Heath
P.O. Box 640
Phenix City, Al.
36868

FILED IN OFFICE
2001 JUL 11 AM 9:31
CIRCUIT DIST. COURT
RUSSELL CO., AL

000052

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM     CASE: CC 2001 000036.00
OPER: SHG                      CASE ACTION SUMMARY           RUN DATE: 11/30/2001
PAGE:   1                       CIRCUIT  CRIMINAL
===============================================================================
                                                                  JUDGE: GRG
IN THE CIRCUIT COURT OF  RUSSELL
                                    VS      HEATH ROY DAVID
STATE  OF  ALABAMA                          217344
                                            9947 HWY 21 NO.
CASE: CC 2001 000036.00                     ATMORE, AL  36503 0000

                            SEX: M  RACE: W  HT: 5 06  WT: 195   HR: BRO EYES: BRO
DOB: 12/23/1980
SSN: 259271658  ALIAS NAMES:
===============================================================================
CHARGE01: UNLAW DISTRIB CONTRO CODE01: UDCS  LIT: UNLAW DISTRIB  TYP: F *#: 001
CHARGE02: POSS MARIJUANA 1ST    CODE02: VAPF                     TYP: F  #: 001
OFFENSE DATE: 05/02/2000               AGENCY/OFFICER: 0570000 SL00033

                                       DATE ARRESTED: 05/04/2000
DATE WAR/CAP ISS:                      DATE   FILED: 01/19/2001
DATE     INDICTED: 01/12/2001          DATE  HEARING:
DATE     RELEASED: 06/20/2000          SURETIES: AAA BONDING CO.
    BOND AMOUNT:      $12,500.00 S

DATE 1: 05/31/2001  DESC: SENT         TIME: 0903 A
DATE 2: 04/16/2001  DESC: JTRL         TIME: 0900 A

TRACKING NOS: WR 2000 001362 00  /  DC 2000 001117 00  /  DC 2000 001118 00
                                    TYPE: R
    DEF/ATY: BRITTON JOHN M                                          TYPE:
             P O DRAWER 1188

             PHENIX CITY    AL 36867                        00000

PROSECUTOR: LANDREAU BUSTER
```

```
===============================================================================
                                                                 GRAND JURY: 173
JTH CSE: WR200000136200 CHK/TICKET NO:
COURT REPORTER:                  SID NO:      000000000          OPER: JOS
DEF STATUS: PRISON               DEMAND:
===============================================================================
                                                                 OPE
  TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES
===============================================================================
                                                                 JOS
 01/19/2001 | SET FOR:   ARRAIGNMENT ON 02/20/2001 AT 0900A(AR01)
            |                                                    JOS
 01/30/2001 | DISTRICT ATTORNEY'S FEES ($111.04)
            |                                                    JOS
 02/01/2001 | NOTICE SENT: 02/01/2001 HEATH ROY DAVID
            |                                                    JOS
 02/01/2001 | NOTICE SENT: 02/01/2001 AAA BONDING CO.
            |                                                    JOS
 02/16/2001 | ATTORNEY FOR DEFENDANT: BRITTON JOHN M    (AR10)
            |                                                    JOS
 02/16/2001 | WRITTEN PLEA OF NOT GUILTY AND WAIVER OF
            |                                                    JOS
 02/16/2001 |  ARRAIGNMENT
            |                                                    JOS
 02/20/2001 | ***ARRAIGNMENT ORDER***
            |                                                    JOS
 02/20/2001 | THE HON. JOHN BRITTON RETAINED, DEFENDANT
            |                                                    JOS
 02/20/2001 |  WAIVES READING OF INDICTMENT AND ENTERS A
            |                                                    JOS
 02/20/2001 |  PLEA OF NOT GUILTY.  CASE SET ON APRIL 16, 2001
            |                                                    JOS
 02/20/2001 |  TRIAL DOCKET.
            |                                                    JOS
 02/20/2001 | SET FOR: JURY TRIAL ON 04/16/2001 AT 0900A  (AR10)
            |                                                    JOS
 03/02/2001 | MOTION FOR DISCOVERY BY STATE
            |                                                    JOS
 03/02/2001 | NOTICE OF PRIOR CONVICTIONS FOR SENTENCE HEARING
            |                                                    JOS
 03/02/2001 | NOTICE OF INTENT TO ADMIT CERTIFICATE OF ANALYSIS
            |                                                    JOS
 03/02/2001 | MOTION FOR CONSOLIDATION OF OFFENSES
            |
```

COURT OF CRIMINAL APPEALS
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

H. W. "Bucky" McMILLAN                 July 12, 2001                 *Lane W. Mann*
Presiding Judge                                                            Clerk
*SUE BELL COBB*                                                    *Wanda K. Ivey*
*PAMELA W. BASCHAB*                                              Assistant Clerk
*GREG SHAW*                                                        (334) 242-4590
*A. KELLI WISE*                                               FAX (334) 242-4689
Judges


DEFICIENCY NOTICE


TO:    Hon. John M. Britton, Attorney

FROM:  Lane W. Mann, Clerk, Court of Criminal Appeals

RE:    CR-00-2143

       Roy David Heath v. State of Alabama (Appeal from Russell Circuit Court: CC01-30;
       CC01-36).


       You are hereby notified that the above-referenced appeal is deficient in that the
Docketing Statement, Form ARAP 26, and the Reporter's Transcript Order - Criminal, Form ARAP
1c, have not been filed (see Rules 3(e) and 10(c)(2) of the Alabama Rules of Appellate
Procedure).

       Although both forms must be filed with the Circuit Clerk, it is the appellant's
responsibility to mail copies of the Reporter's Transcript Order to each court reporter who
reported the proceedings designated, to the Clerk of this Court, to the district attorney in
the county from which the appeal is taken and to the Attorney General.

       Please be aware that after a notice of appeal has been filed, the filing of a post
trial motion does not stay the time or eliminate the requirement that these forms be filed.
As such, immediate action should be taken to correct this deficiency.

CCA/di

*file Motion*
*Get Copy of*
*Aff. of Hair.*

*Copy of reason*
*why Jenied*

*within 28 days*

*+*

*Refer to*
*00-21-43*

*(Exhibit-1)*

**COURT OF CRIMINAL APPEALS**
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

| | | |
|---|---|---|
| *H. W. "Bucky" McMILLAN* | July 27, 2001 | *Lane W. Mann* |
| Presiding Judge | | Clerk |
| *SUE BELL COBB* | | *Wanda K. Ivey* |
| *PAMELA W. BASCHAB* | | Assistant Clerk |
| *GREG SHAW* | | (334) 242-4590 |
| *A. KELLI WISE* | | FAX (334) 242-4689 |
| Judges | | |

**FINAL NOTICE BEFORE DISMISSAL**

TO:     Hon. John M. Britton, Attorney

FROM:   Lane W. Mann, Clerk, Court of Criminal Appeals

RE:     **CR-00-2143**

        Roy David Heath v. State of Alabama (Appeal from Russell Circuit Court: CC01-30;
        CC01-36).

        You were previously notified that the above referenced appeal is deficient in that
the Docketing Statement, Form ARAP 26, and the Reporter's Transcript Order - Criminal, Form
ARAP 1c, have not been filed (see Rules 3(e) and 10(c)(2) of the Alabama Rules of Appellate
Procedure).

        Because of this deficiency you were instructed to take immediate action to see that
the same was corrected.  Since this deficiency has not been corrected, please be advised
that if properly completed copies of the above referenced forms are not received by this
Court within fourteen (14) days from the the date of this notice this appeal will be
dismissed.

CCA/sm

# SEARCH WARRANT

(X) State of Alabama

( ) Municipality

_____
Case Number

_____

VS.

___Roy David Heath___
Defendant

STATE OF ALABAMA
In the _____ Court
of Russell County

**TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:**

Affidavit in support of application for a search warrant having been made before me, and the Court's finding that grounds for the issuance exists or that there is probable cause to believe that they exist, pursuant to Rule 3.8 Alabama Rules of Criminal Procedure, you are hereby ordered and authorized to forewith search:

**THE FOLLOWING PERSON OR PLACE:**
915 13th Avenue, Phenix City, Russell County, Alabama. This is the residence of Roy David Heath.

**FOR THE FOLLOWING PROPERTY:**
There is being concealed at the above listed residence a quantity of marijuana. The possession and distribution of which being a violation of Sections 13A12-211 and 13A-12-213 Code of Alabama as amended and make return of this warrant and an inventory of all property seized by me within ___ten___ (10__) days (not to exceed ten (10) days as required by law).

( ) This warrant may only be executed
    ( ) in the daytime between the hours of
    _____ __.M., and
    _____ __.M.
(X) The Court finds probable cause to believe that a nighttime search is necesary and this warrant may be executed at any time of the day or night.
**ISSUED TO:** __Agent Tom Franklin, Metro Narcotics Task Force__
at _11:05_ o'clock _P_.M., this _1_ day of _May_ 200_0_

_____
Judge

_Exh_ #1

## RETURN AND INVENTORY

I certify that I executed the foregoing Search Warrant as directed therein by searching the person or place therein described at _9:00_ o'clock _P_ M., _May 4, 2000_ , and:

( ) Did not find and seize any property located

or:

( ) Found and seized the following described property and made return of same to the court at _____ o'clock _____ M.

1) One ES Eastport bag containing three plastic bags with Marijuana one bag of sandwich bags, medication for Darren in the back bedroom or bed
2) 15 Round green pills with "M5" or one side and writing on the other side found in Teresa Mitchell's purse
3) One black Kodak canister three bags of Marijuana and one set of Pocketable scales found in back seat of Mitchell's vehicle inside of Perry Bill's motor vehicle with box of sandwich bags
4) One White 1992 Toyota Corolla tag 2830 RPT-AL
5) 1989 Buick Park Avenue Buick

_____

_____

_____

_____

(✓) Copy or warrant and endorsed copy of inventory left in accordance with Rule 3.11(a), Alabama Rules of Criminal Procedure

Date: _____

_____
Signature of Law Enforcement Officer

_____
Title and Agency

## RECEIPT

I acknowledge receipt of return of the foregoing Search Warrant and all items, if noted on the foregoing inventory, at the date and time noted above.

Date: _____          _____

09/05/2000  18:42    1-706-596-7257              METRO                           PAGE  04

## ALABAMA UNIFORM INCIDENT / OFFENSE REPORT SUPPLEMENT

OFFICER'S WORK MAY NOT BE PUBLIC INFORMATION

| ADDITIONAL INCIDENT  / OFFENSE NARRATIVE CONTINUED | DATE AND TIME OF          REPORT 04/28/00 | 1830 | AM PM | CASE # SL0003156 | SFX |
|---|---|---|---|---|---|
| | TYPE REPORT: | | CONTINUATION       X       FOLLOW-UP | | |

ON FRIDAY 04/28/00 AGENT TOM FRANKLIN MET WITH A CONFIDENTIAL INFORMANT WHO STATED THAT HE HAD ARRANGED TO PURCHASE ONE OUNCE OF MARIJUANA FROM A WHITE MALE NAMED DAVID HEATH. THE C/I PLACED A TELEPHONE CALL TO HEATH AT 291-0759 FROM A COOL LINE AT THE METRO OFFICE. THE C/I TOLD HEATH THAT HE WAS ON THE WAY AND ASKED HEATH WAS THE PRICE $120.00. HEATH SAID YES AND ASKED THE C/I HOW MANY HE WANTED. THE C/I TOLD HEATH THAT HE JUSTED WANTED ONE. THIS CALL WAS MONITORED AND RECORDED BY AGENT FRANKLIN AT 1802 HOURS.

THE C/I WAS SEARCHED BY AGENT HERRING AND NO CONTRABAND WAS FOUND. THE C/I WAS THEN FITTED WITH A ELECTRONIC MONITORING DEVICE AND GIVEN $120.00 OF PREVIOUSLY PHOTOCOPIED METRO FUNDS.

THE C/I THEN RODE WITH AGENT J. EVANS TO 915 13TH AVENUE FOLLOWED BY THE FOLLOWING METRO UNITS: TEAM ONE-PRICE, MEMMO, AND FRANKLIN; AND TEAM TWO-HERRING AND WINSTON. AGENT EVANS PARKED IN THE DRIVEWAY AND THE C/I WENT INSIDE OF 915 13TH AVENUE. ONCE INSIDE THE C/I MET WITH HEATH NEAR A POOL TABLE LOCATED IN THE RESIDENCE. THE C/I SAID THE MARIJUANA WAS LAYING OUT NEAR A DUFFLE BAG WHERE HEATH KEEPS THE MARIJUANA. HEATH HANDED THE C/I THE MARIJUANA AND THEY BOTH TALKED ABOUT THE QUALITY OF THE MARIJUANA. THE C/I THEN HANDED HEATH THE $120.00 OF METRO FUNDS. HEATH AND THE C/I ENGAGED IN CONVERSATION ABOUT GETTING A QUARTER-POUND FOR $300.00 AND A HALF-POUND FOR $600.00. THE C/I THEN LEFT THE RESIDENCE AND MET WITH AGENT EVANS BACK IN THE UNDERCOVER VEHICLE. ONCE INSIDE THE VEHICLE, THE C/I TURNED THE MARIJUANA OVER TO AGENT EVANS. AGENT FRANKLIN THEN MET WITH AGENT EVANS AND THE C/I AT A PREDETERMINED LOCATION WHERE THE MARIJUANA WAS TURNED OVER TO AGENT FRANKLIN. THE C/I WAS AGAIN SEARCHED BY AGENT FRANKLIN AND NO CONTRABAND WAS FOUND. THE C/I GAVE AGENT FRANKLIN A TAPED STATEMENT ABOUT THE DRUG TRANSACTION.

THE TAPE OF THE TELEPHONE CALL, TAPE OF THE TRANSACTION, AND C/I STATEMENT WILL REMAIN IN AGENT FRANKLIN'S CASE FILE PENDING TRIAL. A ARREST WARRANT WILL BE OBTAINED ON DAVID HEATH FOR DISTRIBUTION OF MARIJUANA.

THIS CASE REMAINS UNDER INVESTIGATION.................................

Exhibit 3

## ALABAMA UNIFORM INCIDENT / OFFENSE REPORT SUPPLEMENT

OFFICER'S WORK MAY NOT BE PUBLIC INFORMATION

| | DATE AND TIME OF | REPORT | | CASE # | SFX |
|---|---|---|---|---|---|
| DDITIONAL INCIDENT  / OFFENSE RRATIVE CONTINUED | 05/04/00 | | 2100   AM PM | SL0003330 | |
| | TYPE REPORT: | | CONTINUATION          X    FOLLOW-UP | | |

N 05/01/00 AGENT TOM FRANKLIN OBTAINED A SEARCH WARRANT FOR 915 13TH AVENUE, THE RESIDENCE OF OY DAVID HEATH (SEE SEARCH WARRANT AFFIDAVIT). THIS SEARCH WARRANT STEMMED FROM A PURCHASE F MARIJUANA BY A CONFIDENTIAL INFORMANT ON 04/25/00 (SEE CASE SL0003156).

N THURSDAY 05/04/00 AGENT TOM FRANKLIN SPOKE WITH A CONFIDENTIAL INFORMANT WHO HAD BEEN ONTACTED ABOUT PURCHASING ANOTHER QUANTITY OF MARIJUANA FROM HEATH. THERE WAS A HREE-WAY CALL PLACED TO HEATH AT 448-7322 (HUCKEBA'S RESIDENCE). DURING THE CONVERSATION THE /I TOLD HEATH THAT HE WANTED A "THOUSAND", REFERRING TO ONE THOUSAND DOLLARS FOR ONE POUND F MARIJUANA. HEATH AGREED TO MEET WITH THE C/I AT HEATH'S RESIDENCE OF 915 13TH AVENUE. HEATH OLD THE C/I TO CALL BACK IN ABOUT TWENTY OR THIRTY MINUTES ON HIS CELLULAR TELEPHONE. THIS ALL WAS MONITORED AND RECORDED BY AGENT FRANKLIN AT 1912 HOURS.

GENTS THEN MET WITH THE C/I AT THE METRO OFFICE WHERE THE C/I WAS SEARCHED BY AGENT EVANS ND NO CONTRABAND WAS FOUND. THE C/I WAS THEN FITTED WITH A ELECTRONIC MONITORING DEVICE. THE /I THEN PLACED A CALL TO HEATH AT 291-0759 FROM THE METRO OFFICE. DURING THE CONVERSATION EATH SAID THAT HE WOULD NEED THE MONEY TO GO GET THE MARIJUANA. THE C/I TOLD HEATH THAT HIS RIEND (AGENT EVANS) WOULD NOT LET THE MONEY GO, SO COULDN'T HE ARRANGE FOR HIS MAN TO BRING HE MARIJUANA TO HEATH'S RESIDENCE. HEATH SAID HE WOULD ASK AND FOR THE C/I TO CALL BACK. THIS ALL WAS MONITORED AND RECORDED BY SGT. PRICE AT 2005 HOURS. THE C/I AGAIN CALLED HEATH BACK AT 91-0759 AND SPOKE WITH HEATH. HEATH SAID HIS MAN SAID HE WILL COME OVER IF THE C/I COULD BE THERE N TEN MINUTES. THE C/I SAID OKAY AND HUNG UP, THIS CALL WAS MONITORED AND RECORDED BY SGT. RICE AT 2015 HOURS.

GENT EVANS THEN PHOTOCOPIED $1,000.00 OF METRO FUNDS AND DROVE THE C/I TO 915 13TH AVENUE. AGENT VANS AND THE C/I WENT INSIDE THE RESIDENCE WHERE HEATH WAS SHOOTING POOL IN THE LIVING ROOM AREA. ALSO PRESENT WERE HEATH'S GIRLFRIEND TERESA HUCKEBA AND A BLACK MALE LATER IDENTIFIED AS DARREN MIMS. HEATH AND MIMS FINISHED SHOOTING POOL, THEN BOTH SUBJECTS WALKED TO A HALLWAY NEAR A BATHROOM IN THE RESIDENCE. AGENT EVANS THEN OBSERVED MIMS PULL A QUANTITY OF MARIJUANA FROM A BLACK GYM BAG AND HAND IT TO HEATH. HEATH THEN WALKED BACK TO THE POOL TABLE AND ASKED AGENT EVANS AND THE C/I IS THIS WHAT YOU WANTED. THEY REPLIED YES AND HANDED EVANS THE MARIJUANA. AGENT EVANS COUNTED OUT $1000.00 TO HEATH AT THAT TIME THE CODE WORD WAS GIVEN AND AGENTS MOVED IN TO SERVE THE SEARCH WARRANT.

AS AGENTS ENTERED THE RESIDENCE HEATH DROPPED THE METRO FUNDS ON THE FLOOR NEXT TO HIM AND MIMS RAN TO THE BACK OF THE RESIDENCE. AGENTS HANDCUFFED ROY HEATH AND TERESA HUCKEBA. DARREN MIMS WAS LOCATED HIDING IN A CABINET IN THE BACK BEDROOM OF THE RESIDENCE. AGENT EVANS TURNED THE MARIJUANA OVER TO AGENT RIOS, WHO TURNED IT OVER TO AGENT FRANKLIN.

6:41    1-706-595-7257          METRO                    PAGE  05

# ALABAMA UNIFORM INCIDENT / OFFENSE REPORT SUPPLEMENT

OFFICER'S WORK MAY NOT BE PUBLIC INFORMATION

| DITIONAL INCIDENT / OFFENSE NARRATIVE CONTINUED | DATE AND TIME OF   REPORT 05/04/00 | 2100 | AM PM | CASE # SL0003330 | | SFX |
|---|---|---|---|---|---|---|
| | TYPE REPORT: | CONTINUATION | | X  FOLLOW-UP | | |

URING A SEARCH OF 915 13TH AVENUE THE FOLLOWING EVIDENCE WAS FOUND:

ONE ES EASTSPORT GYM BAG ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, ONE BOX OF SANDWCH BAGS, ND SEVERAL MEDICATIONS THAT WERE LABELED WITH THE NAME DARREN MIMS. IT SHOULD BE NOTED HAT MIMS ASKED FOR HIS MEDICATIONS OUT OF THE GYM BAG SHORTLY AFTER AGENTS ARRIVED. THE EDICAIONS WERE TURNED OVER TO OFFICER RUSSELL AT THE RUSSELL COUNTY JAIL. THIS BAG WAS FOUND N THE BED IN THE BACK BEDROOM WHERE MIMS WAS LOCATED.

ONE MULTI-COLORED "PERRY ELLIS WATCHES" GYM BAG CONTAINING ONE LEDGER BOOK, ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ONE BOX OF SANDWICH BAGS, AND A BLACK KODAY 8MM TAPE CASE. NSIDE OF THE TAPE CASE IS THREE PLASTIC BAGS CONTAINING MARIJUANA AND ONE SET OF PORTABLE OSTAGE SCALES. THESE WERE FOUND ON BACK SEAT OF HUCKEBA'S VEHICLE (WHITE 1992 TOYOTA OROLLA/ AL 43DJ897)

FIFTEEN ROUND GREEN PILLS WITH "M51" ON ONE SIDE AND NOTHING ON THE OTHER SIDE. THESE PILLS ND TO BE NON-CONTROLLED.

        H WAS ADVISED OF HIS MIRANDA RIGHTS BY AGENT FRANKLIN, HEATH MADE THE FOLLOWING TS. HEATH STATED THAT HE HAD CALLED MIMS TO BRING ONE POUND OF MARIJUANA OVER TO A FAVOR. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ATH ALSO STATED THAT THE MARIJUANA FOUND INSIDE OF HUCKEBA'S VEHICLE BELONGED TO

FER A COMPLETE SEARCH WAS MADE OF THE RESIDENCE, HEATH AND MIMS WERE TRANSPORTED TO THE USSELL COUNTY JAIL BY A MARKED PATROL UNIT. AGENTS WINSTON AND FRANKLIN TRANSPORTED HUCKEBA TO THE RUSSELL COUNTY SHERIFFS OFFICE. THE VEHICLE OF HUCKEBA'S (1992 TOYOTA) THAT ARIJUANA WAS FOUND IN WAS TAKEN BY AGENTS TO BE SEIZED. THE VEHICLE THAT MIMS DROVE TO THE TION (1989 BUICK PARK AVENUE) WAS ALSO TAKEN TO BE SEIZED. HEATH, HUCKEBA, AND MIMS WERE TRANSPORTED TO THE RUSSELL COUNTY JAIL FOR SAID CHARGES.

    PROPERTY: 1) ONE BURGUNDY 1989 BUICK ELECTRA PARK AVENUE, GA TAG 165STN
            VIN #1G4CW54C6K1621295
            MILEAGE-126,462

          2) ONE WHITE 1992 TOYOTA COROLLA, AL TAG 43DJ897
            VIN #1NXAE91A4NZ281085
            MILEAGE-193,375

(CONTINUED)

/2000  10:52   1-786-596-7257          METRO                                      PAGE  05

## ALABAMA UNIFORM INCIDENT / OFFENSE REPORT SUPPLEMENT

OFFICER'S WORK MAY NOT BE PUBLIC INFORMATION

| ADDITIONAL INCIDENT / OFFENSE NARRATIVE CONTINUED | DATE AND TIME OF REPORT 05/04/00 | | 2100 | AM PM | CASE # SL0003330 | | SFX |
| | TYPE REPORT: | | | CONTINUATION ___ | X FOLLOW-UP | | |

DURING A SEARCH OF 915 13TH AVENUE THE FOLLOWING EVIDENCE WAS FOUND:

1)ONE ES EASTSPORT GYM BAG THREE CLEAR PLASTIC BAGS WITH MARIJUANA, ONE BOX OF SANDWICH BAGS, AND SEVERAL MEDICATIONS THAT WERE LABELED WITH THE NAME DARREN MIMS. IT SHOULD BE NOTED THAT MIMS ASKED FOR HIS MEDICATIONS OUT OF THE GYM BAG SHORTLY AFTER AGENTS ARRIVED. THE MEDICAIONS WERE TURNED OVER TO OFFICER RUSSELL AT THE RUSSELL COUNTY JAIL. THIS BAG WAS FOUND ON THE BED IN THE BACK BEDROOM WHERE MIMS WAS LOCATED.

2)ONE MULTI-COLORED "PERRY ELLIS WATCHES" GYM BAG CONTAINING ONE LEDGER BOOK, ONE ADDRESS BOOK OF OF DAVID HEATH INSIDE, ONE BOX OF SANDWICH BAGS, AND A BLACK KODAY 8MM TAPE CASE. INSIDE OF THE TAPE CASE IS THREE PLASTIC BAGS CONTAINING MARIJUANA AND ONE SET OF PORTABLE POSTAGE SCALES. THESE WERE FOUND ON BACK SEAT OF HUCKEBA'S VEHICLE (WHITE 1992 TOYOTA COROLLA/ AL 43DJ897)

3)FIFTEEN ROUND GREEN PILLS WITH "M51" ON ONE SIDE AND NOTHING ON THE OTHER SIDE. THESE PILLS WERE FOUND TO BE NON-CONTROLLED.

AFTER HEATH WAS ADVISED OF HIS MIRANDA RIGHTS BY AGENT FRANKLIN, HEATH MADE THE FOLLOWING STATEMENTS. HEATH STATED THAT HE HAD CALLED MIMS TO BRING ONE POUND OF MARIJUANA OVER TO THE C/I AS A FAVOR. HEATH SAID THAT HE WOULD GET MARIJUANA TO SELL TO FRIENDS JST AS A FAVOR TO THEM. HEATH ALSO STATED THAT THE MARIJUANA FOUND INSIDE OF HUCKEBA'S VEHICLE BELONGED TO HIM.

AFTER A COMPLETE SEARCH WAS MADE OF THE RESIDENCE, HEATH AND MIMS WERE TRANSPORTED TO THE RUSSELL COUNTY JAIL BY A MARKED PATROL UNIT. AGENTS WINSTON AND FRANKLIN TRANSPORTED HUCKEBA TO THE RUSSELL COUNTY SHERIFFS OFFICE. THE VEHICLE OF HUCKEBA'S (1992 TOYOTA) THAT MARIJUANA WAS FOUND IN WAS TAKEN BY AGENTS TO BE SEIZED. THE VEHICLE THAT MIMS DROVE TO THE LOCATION (1989 BUICK PARK AVENUE) WAS ALSO TAKEN TO BE SEIZED. HEATH, HUCKEBA, AND MIMS WERE THEN TRANSPORTED TO THE RUSSELL COUNTY JAIL FOR SAID CHARGES.

SEIZED PROPERTY: 1) ONE BURGUNDY 1989 BUICK ELECTRA PARK AVENUE, GA TAG 165STN
           VIN #1G4CW54C6K1621295
           MILEAGE-126,462

        2) ONE WHITE 1992 TOYOTA COROLLA, AL TAG 43DJ897
           VIN #1NXAE91A4NZ281085
           MILEAGE-193,375

(CONTINUED)

TYPE OR PRINT IN BLACK INK ONLY

CONTINUE ON ADDITIONAL REPORT

SUPERVISORS APPROVAL

# EZELL & CHANCEY, LLP

ATTORNEYS AT LAW

1200 8th AVENUE

PHENIX CITY, ALABAMA 36867

*JEFFREY C. EZELL
RICHARD L. CHANCEY
*Associate:*
LAUREL W. FARRAR
*Licensed in Alabama and Georgia*

Telephone (334) 297-2400
Facsimile (334) 297-3842

Mailing Address:
P. O. Drawer 2500
Phenix City, AL 36868-2500

August 13, 2001

Hon. Lane Mann, Clerk
Alabama Court of Criminal Appeals
P. O. Box 301555
Montgomery, AL 36130-1555
FACSIMILE ONLY 334-252-4689

RE:    Roy David Heath vs. State of Alabama
       CR 00-2143

Dear Mr. Mann:

Please note that I along with the Hon. Jim McKoon, Attorney at Law, have been appointed to be Co-Trustees of the Law practice of the Hon. John Britton, deceased. A copy of this Order is attached to this letter. We have been given the task of closing out all of Mr. Britton's files and returning them to his clients. One of Mr. Britton's clients was Roy David Heath, who has an appeal pending before this Court. It is my understanding that this appeal is deficient.

I have written to Mr. Heath advising him to seek new counsel immediately. It is my understanding that Mr. Heath will attempt to have an attorney appointed to represent him on appeal. I would ask that you give Mr. Heath additional time to complete the necessary documents to cure any deficiency.

Sincerely,

Richard L. Chancey

RLC:bkj

cc:    Roy David Heath
       P. O. Box 640
       Phenix City, AL 36868

Ex #7

IN THE CIRCUIT COURT FOR THE  26th JUDICIAL CIRCUIT
RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA                )
                                )
RUSSELL COUNTY                  )          CASE NO. _CV·01-376_

IN RE:   MATTER OF JOHN M. BRITTON,
         DECEASED

## ORDER APPOINTING CO-TRUSTEES PURSUANT TO RULE 29 OF THE ALABAMA RULES OF DISCIPLINARY PROCEDURE TO PROTECT THE INTEREST OF A LAWYER'S CLIENT

This matter comes before this Court pursuant to Rule 29, Alabama Rules of Disciplinary Procedure, for appointment by this Court of a member of the Bar of the State of Alabama to act as trustee or supervising lawyer to inventory the files of deceased attorney John M. Britton and to take such action consistent with the directions of the Office of General Counsel of the Alabama State Bar as may be necessary and appropriate to protect the interests of Mr. Britton's clients. The court is aware that, at the time of his death, Mr. Britton had no partner, executor or other responsible party capable of conducting his business affairs as contemplated by Rule 29 of the Alabama Rules of Disciplinary Procedure.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that James R. McKoon, Jr. and Richard L. Chancey, attorneys licensed to practice law in the State of Alabama, be and are hereby appointed as co-trustees in this matter to inventory the files of John M. Britton, to make inventory of the matters contained therein, and of the trust account(s) of John M.

Exh. #8 e

Britton, and to send notification to the clients of Mr. Britton pursuant to Rules 26(a) and (b) of the <u>Alabama Rules of Disciplinary Procedure</u>.

Messrs. McKoon and Chancey, as co-trustees, shall take any and all such further action as may be necessary and appropriate to protect the interests of Mr. Britton's clients and shall make a periodic reporting to the Office of General Counsel of the Alabama State Bar of their actions and findings in this matter.

All persons interested in this matter shall cooperate fully with Messrs. McKoon and Chancey as co-trustees, pursuant to Rule 29 of the <u>Alabama Rules of Disciplinary Procedure</u>. This appointment is effective August _____8th_____, 2001.


_____
Albert L. Johnson, Circuit Judge
26th Judicial District
Russell County, Alabama


COPIES TO:

Hon. George R. Greene, Circuit Judge
Hon. Michael J. Bellamy, District Judge
Hon. Eric B. Funderburk, District Judge
Hon. Albert O. Howard, Probate Judge
Mr. Robert E. Lusk, Jr., Alabama State Bar
Mr. James R. McKoon, Jr.
Mr. Richard L. Chancey

Exh. #8B

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and complete copy of the above foregoing upon the Circuit Court Clerk, By placing the same in the United States Mail postage prepaid done this the _____day of _____2002, addressed as follows:

Circuit Court Clerk
P.O. Box 518
501 14th, Street
Phenix City, Alabama
                36867