IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ROY DAVID HEATH, #217344,              )
                                        )
            Petitioner,                 )
                                        )
    v.                                  )        CIVIL ACTION NO. 3:05-CV-936-F
                                        )
J. C. GILES, et al.,                    )
                                        )
            Respondents.                )

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Roy David Heath ["Heath"], a state inmate, on September 28, 2005.  In this petition, Heath challenges convictions for distribution of a controlled substance (2 counts) and unlawful possession of marijuana imposed upon him by the Circuit Court of Russell County, Alabama on April 9, 2001.  By operation of law, these convictions became final in January of 2002.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[1]  In support of this argument, the respondents contend that because Heath's controlled substance convictions became final **after** the effective date of the statute of limitations Heath must have filed his § 2254 petition

_____

[1]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the " AEDPA").  This Act became effective on April 24, 1996.

within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  The respondents concede that Heath filed three Rule 32 petitions in the state courts which tolled the limitation period but argue that even allowing a tolling of the limitation period during the pendency of these state collateral petitions the limitation period expired prior to Heath filing the present federal habeas petition.[2]  *Respondents' Answer* at 9-11.  The respondents therefore assert that the applicable period of limitation expired over a year prior to Heath filing his federal habeas petition and maintain that the instant federal habeas petition is time-barred under Section 2244(d)(1)(A).  *Respondents' Answer* at 11.

Upon review of the pleadings filed in this case and applicable case law, it appears that Heath's § 2254 petition is precluded from review by this court as it was filed outside the pertinent period of limitation.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expires.  Heath was convicted of distribution of a controlled substance and possession of marijuana by the Circuit Court of Russell County, Alabama on April 9, 2001.  He filed a direct appeal which the Alabama Court of Criminal Appeals subsequently dismissed prior to issuance of an opinion pursuant to Heath's request for dismissal.  Heath took no further action on his appeal and the appellate court therefore issued the certificate

---

[2]Heath filed his Rule 32 petitions on May 31, 2002, August 28, 2002 and January 16, 2003.

of judgment on January 29, 2002.[3]  Since Heath did not fully pursue his direct appeal and failed to seek relief from the Alabama Supreme Court, he relinquished the capacity to file a petition for certiorari with the United States Supreme Court and the time for seeking review of his controlled substance convictions therefore lapsed upon expiration of the time for filing a request for rehearing in the appellate court -- fourteen (14) days from issuance of the order dismissing the appeal.  Rule 39(c)(1), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state court).  Thus, Heath's convictions for distribution of a controlled substance and possession of marijuana  became final, at the latest, on January 29, 2002 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  The court finds that the limitation period ran for 121 days after Heath's convictions became final until the filing a Rule 32 petition in the Circuit Court of Russell County on May

---

[3]Where further action is not undertaken upon a ruling by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's opinion.  Rule 41(a), *Alabama Rules of Appellate Procedure*.

31, 2002. The trial court denied this petition on July 16, 2002. Heath filed a notice of appeal but thereafter sought dismissal of this appeal with prejudice. The Alabama Court of Criminal Appeals granted Heath's motion and dismissed the appeal. Heath did not undertake any further action on this appeal and the appellate court therefore issued the certificate of judgment on January 7, 2003 constituting final resolution of this second petition. During the pendency of his initial Rule 32 petition, Heath filed a second Rule 32 petition on August 28, 2002. The trial court denied this petition on March 13, 2003. Heath did not appeal this decision. Consequently, the second Rule 32 petition remained pending in the state courts until April 24, 2003 -- forty-two days after issuance of the trial court's order denying the petition as this is the date on which Heath's time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. While this second Rule 32 remained pending before the state courts, Heath filed a third Rule 32 petition on January 16, 2003. The Circuit Court of Russell County denied this petition on June 12, 2003. Heath did not appeal this denial and final resolution of this case therefore occurred on July 24, 2003 upon expiration of the time for Heath to appeal the trial court's adverse ruling. Thus, the state post-conviction petitions filed by Heath remained pending in the state courts until July 24, 2003 and these petitions tolled the running of the federal limitation period until such date. Since 121 days of the applicable limitation period ran prior to Heath filing his first Rule 32 petition, as of July 24, 2003, Heath had only 244 days of the limitation period remaining within which to file a federal habeas petition. Consequently, the time allowed Heath for

4

filing a § 2254 petition expired on May 24, 2004. Heath, however, did not file this federal habeas petition until September 28, 2005. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Heath filing his § 2254 petition. In light of the foregoing, it is

ORDERED that on or before November 30, 2005 the petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 10th day of November, 2005.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE