IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROY DAVID HEATH, #217344, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CIVIL ACTION NO.  3:05cv936-MEF |
| | ) |
| G.C. GILES, *et al.,* | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is now before the court on a petition for habeas corpus relief filed on September 28, 2005,[1] pursuant to 28 U.S.C. § 2254. In this petition, Heath challenges his convictions for distribution of controlled substances (two counts) and unlawful possession of marijuana entered against him by the Circuit Court of Russell County, Alabama on April 9, 2001. These convictions became final by operation of law on January 29, 2002. The respondents answered and filed documents relevant to a disposition of the issues raised in this case. Upon review of the pleadings filed in this case, the court concludes that no evidentiary hearing is required and that the petition is due to be denied pursuant to 28 U.S.C. § 2244(d) in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

---

[1] Although the instant habeas petition was not "filed" in this court until October 3, 2005, the petition was signed by the petitioner on September 28, 2005. A pro se inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Heath's petition] was delivered to prison authorities the day he signed it . . ." *Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001). In light of the foregoing, the court concludes that September 28, 2005 should be considered the date of filing.

It is clear from the evidentiary materials filed by the respondents that Heath's convictions became final in January 2002 -- **after** the effective date of the one-year statute of limitations contained in 28 U.S.C. § 2244(d) which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Heath must have filed his § 2254 petition within one year of his convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. The respondents concede that Heath filed three post-conviction petitions in the state courts which tolled the limitation period. However, the respondents argue that even allowing a tolling of the limitation period during the pendency of the three post-conviction petitions, the limitation period expired prior to Heath filing this

federal habeas petition.[2]

28 U.S.C. § 2244(d)(1) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged conviction expires. Heath pleaded guilty and was convicted of two counts of distribution of a controlled substance and one count of possession of marijuana in the Circuit Court of Russell County, Alabama on April 9, 2001. He was sentenced as a habitual offender to concurrent terms of thirty years imprisonment on each count. Heath filed a direct appeal which the Alabama Court of Criminal Appeals subsequently dismissed prior to the issuance of an opinion pursuant to Heath's request to dismiss the appeal. On January 29, 2002, the Alabama Court of Criminal Appeals issued the certificate of judgment.[3] Since Heath did not fully pursue his direct appeal and failed to seek relief from the Alabama Supreme Court, he waived his right to file a petition for certiorari with the United States Supreme Court. Consequently, the time for seeking relief on his convictions lapsed upon expiration of the time for filing a request for rehearing in the appellate court – fourteen (14) days from the issuance of the order by the Alabama Court of Criminal Appeals dismissing his appeal. ALA. R. APP. PR. 39(c)(1). *See also Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); SUP. CT. R. 13.1 (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state court.) Thus, the court concludes that Heath's

---

[2] Heath filed post-convictions petitions on May 31, 2002, August 28, 2002, and January 16, 2003.

[3] Where further action is not undertaken upon a ruling by the appellate court, the certificate of judgment issues eighteen (18) days after the issuance of the court's opinion. ALA. R. APP. PR. 41(a).

3

conviction became final, at the latest, on January 29, 2002. Therefore, he had one year from that date to file a federal habeas corpus petition, unless the court finds that the limitation period was tolled due to a pending state post-conviction application for relief.

"The time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). Heath filed his first Rule 32 petition on May 31, 2002. At that time, 121 days of the one-year limitation period had elapsed between the date his conviction became final and the filing of his initial Rule 32 petition in the Circuit Court of Russell County. Upon the filing of his Rule 32 petition, the limitation period was tolled while the petition remained pending in the state courts. The trial court denied this petition on July 16, 2002. Heath then filed a notice of appeal with the Alabama Court of Criminal Appeals on August 23, 2002. On January 2, 2003, Heath filed a motion to dismiss this appeal with prejudice. On January 7, 2003, the Alabama Court of Criminal Appeals issued the certificate of judgment dismissing Heath's appeal.

During the pendency of his first Rule 32 petition, Heath filed a second Rule 32 petition on August 28, 2002. The trial court denied this petition on March 13, 2003. Heath did not appeal this decision. While his second Rule 32 petition was pending before the trial court, Heath filed a third Rule 32 petition on January 16, 2003. The Circuit Court of Russell County denied this petition on June 12, 2003, and Heath did not appeal this denial. Consequently, these Rule 32 petitions tolled the running of the limitations period until July 24, 2003 – forty-two days after the issuance of the trial court's order denying Heath's Rule

4

32 petition as this is the date upon which Heath's time to appeal the trial court's adverse ruling expired. *See* ALA. R. APP. PR. 4(b)(1). Thus, as of July 24, 2003, 121 days of the limitation period had run and Heath had 244 days remaining in the limitation period within which to file his federal habeas petition. Consequently, the court concludes that the one limitation period within which Heath had to file a federal habeas petition expired on March 24, 2004.[4] Heath filed the instant habeas corpus petition on September 28, 2005. Under the circumstances of this case as outlined herein, the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired well over a year before Heath filed his § 2254 petition.

On November 10, 2005, the court ordered Heath to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period. After being given an opportunity to show cause why the petition should not be dismissed for failure to file within the one-year limitation period, Heath has filed nothing in response to the court's order. Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired on March 24, 2004, well over one year before Heath filed his federal habeas petition. Because Heath did not file in this court until September 28, 2005, his petition is time-barred and this court may not address the merits. The court further concludes that the petitioner has failed to show cause why his petition should not be dismissed.

---

[4] The court notes that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000). However, there is nothing before the court which demonstrates the presence of "extraordinary circumstances" to warrant an "equitable tolling" of the limitation period.

5

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d). It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the petitioner. It is

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 2, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of April, 2006.

                                                           /s/Charles S. Coody
                                                           CHARLES S. COODY
                                                           CHIEF UNITED STATES MAGISTRATE JUDGE