In The Circuit Court Of Russell County, Alabama
STATE OF ALABAMA

Roy D. Heath,
  Petitioner,

Vs.

STATE OF ALABAMA
  Respondents

CASE NO.# CC-01-30, 63, 36, 67

## Motion Pursuant To Rule 32.9(d)

Comes Now The Petitioner, "Roy David Heath" Pro-se, without the benefit of legal Representation In The Above Style "Reference Cause" Petitioner Petitions For Relief pursuant To Rule 32.9(d) A.R. Cr.P. and In This Cause, would Aver As follows:

### "Petitioner's Contentions"

Petitioner contends, in his Post-Trial Motion pursuant To Rule 24. A.R.A.P. The following:

(A) The State Breached The Petitioner's Plea Agreement Entered 4/9/2001, when The Court did not Allow Petitioner To withdraw his guilty Plea And return The Original Charges To The docket.

Exhibit A  1 of 5

(1)

(B) THE STATE WAS without Jurisdiction to Run Enhancements § 13A-12-250 and § 13A-12-270 Concurrently with THE BASE SENTENCE.

(C) Attorney John Britton Rendered Ineffective Assistance of Counsel for failure To Perfect Appeal

(D) Attorney Charles Floyd III rendered Ineffective Assistance of Counsel for failure To file, "Ineffective Assistance of Counsel on THE Trial Attorney, John Britton" When records is in Plain View THAT Court of Appeals Notified Trial Counsel, "John Britton" To send 2 Forms THAT goes with Notice of Appeal.

<u>"For Good Cause shown why Petitioner As A matter of Law Is Entitle To Relief"</u>

THE Petitioner did file A Post-Trial motion Pursuant To Rule 24, A.R.A.P. with THE Trial Court in This Case, Raising That of The Above issues, Among others, However THE Petitioner files A Supporting Affidavit in Support of His motion.

In Support of THE Relief Petitioner seeks before This Court He Presents THE Court Held In McCollum V. STATE, 678 So. 2d. 1270 (Ala.Crim.App. 1995), THE Appellant did file A Motion For A New Trial with THE Trial Court in This Case, Raising His issues Among Others, THE Trial Court denied THE Motion, However; THE Appellant failed To file A Supporting Affidavit with His Motion, THIS Court Has Repeatedly Held, "Assertions in

Exhibit D

2 of 5

An unverified motion are bare allegations and cannot be considered as evidence or proof of the facts alleged." Blount v. State, 557 So.2d. 1333 (Ala. Crim. App. 1989) See also Similton v. State, 672 So.2d. 1363 (Ala. Crim. App. 1995) Moreover, this delay in raising an objection amounts to invited error. "Under the doctrine of invited error, a Defendant cannot by his own voluntary conduct invite error and then seek to profit thereby." Phillips v. State, 527 So.2d. at 156 (Ala. 1998)

Petitioner argues and contends he's entitled to an evidentiary hearing pursuant to Rule 32.9(d) and 32.9(c) as a matter of law and for whatever reason this Honorable Court refuse to undermine the Alabama Judicial System and refuse to set this case down for a hearing pursuant to 32.9(d), pursuant to Ex parte Boatwright, 471 So.2d. 1257 (Ala. 1985) Based on the pleadings contained in the record it appears that each contention alleged by Petitioner needs to be addressed pursuant to 32.9(d)(c) See Certified Petition filed in the Circuit Court of Russell County, each ground raised is Incompliance with 32.3 "Burden of Proof, Affidavit attached In support of relief sought as a matter of law.

Petitioner further alleges before this court that when a Post-Trial motion is "meritorious"

Exhibit 9
305 S

(2)

on it's face as the one before this Court and This Court do not address any of the petitioner's issues as alleged in this his petition filed July 14th, 2003, "Note:

"The Court states in Benefield v. State, 586 So.2d 1379 (Ala. Crim. App. 1991), held that, "In a written order, the Circuit Court shall address each and every allegation raised by the petitioner and shall "clearly and specifically state the Courts reasons for denying relief as to each ground, If relief be denied.

Petitioner's petition filed 7/14/2003 is simple, it's sufficiently pleaded, and is meritorious on it's face, It contain a clear a specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon.

Petitioner further points out The Court held in Ex Parte Boatwright, evidentiary hearing "must" be held on Coram Nobis petition which is meritorious on it's face ie... one which contains matters and allegations which if true entitle petitioner to relief.

Petitioner argues that if this Court fail to make findings of facts on a meritorious claim undisputed factual allegations "must" be taken as true, See Henderson v. State, 596 So.2d 1005 (Ala. Crim. App. 1991)

Exhibit A
4 of 5

For the foregoing reasons, it is Respectfully Submitted That Petitioner's "Motion Pursuant To Rule 32.9(d)(c), A.R.A.P. Petition For Relief From Conviction or Sentence does state A claim upon which relief can be granted, and That, Therefore said Petition is due to be granted.

Respectfully Submitted This 28th, day of July, 2003

<u>Roy David Heath</u>
Pro-se Petitioner
Roy David Heath
Fountain 3800     4/132
Atmore, Alabama
        36503

## "Certificate of Service"

I Roy David Heath, Pro-se, hereby certify That I have Served The Above foregoing "Motion Pursuant To Rule 32.9(d)(c), A.R.C.P. For Relief From Conviction or Sentence on The Circuit Court Clerk, of Russell County by Certified mail, by Placing Same in The U.S. Mail, Postage Prepaid and Properly Addressed, Done This 7/28/2003

<u>Roy D. Heath</u>

Exhibit G
5 of 5