In The Circuit Court Of Russell County, Alabama
STATE OF ALABAMA

Roy D. Heath,
    Petitioner

US

State Of Alabama,
    Respondents

Case No: CC-01-30.62
36.62

Motion To Alter, Amend, Or Vacate A Judgment, Pursuant To Alabama Rules Of Criminal Procedures Rule 24.4

Now Comes the Petitioner, Roy Heath, pro-se in the above Reference Cause, and for good cause presents as follows:

"Jurisdiction of The Court, Facts, Grounds For Relief, Arguments, Relief Sought, Affidavit In Support of Relief as a matter of Law, Documents In Support Pursuant To 32.3

Jurisdiction of The Court

This Court has Jurisdiction pursuant To Edgar v. State, 646 So 2d 683 (Ala. 1994), The above Motion

Exhibit 14
1 of 20

tolls the time for appeal til a ruling is rendered upon the above foregoing, Rule 24, Ala. R. Crim. P.

"Where as here a Criminal defendants motion for a new trial is deem denied under the provisions of Rule 24.4 Ala. R. Crim. P., without an affirmative statement by the trial judge giving the ruling a presumption of correctness and the defendant supports his new trial motion by evidence that was not presented at trial, the denial by operation of law should be reversed and the case remanded for the trial court to conduct a hearing on his motion for new trial and then enter an order either granting or denying the motion."

### "Facts"

On about April 9th, 2001, the petitioner entered a plea of guilty in count 1, as charges in the indictment with the state of Alabama, Russell County, sentencing date set for 5/31/2001, the agreement made, reaches between the petitioner and the state to w.T;

"If the defendant files any post conviction petition (including but not limited to a Rule 32 petition, a motion for new trial a motion to set aside this plea agreement or an appeal) the State will void this agreement and return the original charges in this matter to the trial docket." See Exh. L.1 I support, pursuant to Rule 32-3 Burden of Proof Exh. L.1-A, attached herewith.

On 5/31/2001 at sentencing, petitioners attorney

Exhibit 14

(2)

MR. BUTLER: I believe Mr. Heath wants to say something to the Court.

THE DEFENDANT: Sir, I was going to ask you, could you give me a little more time before you put me in jail because my mom, she's hurt real bad, and I ain't been able to tell her I'm going to jail. They've got her in CCU in Birmingham, and I can't tell her that I'm going away for a while. She won't be able to see me because she can't get around after she gets out, if she gets out, and I need a little more time with her.

THE COURT: Well I'm going to decline to continue this any further. Is there anything else you want to say?

THE DEFENDANT: Decline, what do you mean?

MR. BUTLER: Is there anything else you want to say?

THE DEFENDANT: Yes, sir, I need to stay out and see my mom so I can tell her.

THE COURT: Well, people stay out of jail don't need to be selling drugs.

THE DEFENDANT: Yes sir.

THE COURT: That was the point, and that's what you should have thought of before you were out selling drugs.

THE DEFENDANT: Yes sir. But I need to -- (stay out) I need a little more time so I can be with her. They've got her on life support.

THE COURT: What about no did you not understand?

THE DEFENDANT: I understand sir. I don't wish to withdraw my plea in order to stay out, but if that will help me stay out, I got to do that too. I don't want to

Exhibit 14

(3)

but -- (I want to withdraw my guilty plea) At this time. The Court told me if I wish to withdraw my guilty plea, send them something in writing, see Exhibit-O, In Support, Pursuant to Rule 32.3 "Burden of Proof" which entitles Petitioner to Relief as a matter of Law, Attached herewith.

(A) The Plea Agreement Entered 4/9/2001 is not Official Contract, A Promise, A Written Agreement From The State of Alabama, Russell County.

(B) See Exhibit-A, In Support of Relief Sought, Affidavit In Support Attached herewith.

### "Ground For Relief"

The State Breaches The Petitioner's Plea Agreement Entered 4/9/2001, when The Court Did not allow Petitioner To withdraw his guilty plea and return the Original charges To The Trial Docket.

"Because The Agreement reached between The Petitioner and The State, States:

"If The Defendant files any Post Conviction Petition (including but not limited To A Rule 32 Petition, A Motion for New Trial, A Motion to Set Aside His Plea Agreement or an Appeal) The State may Void This Agreement and return The Original charges in This matter To The Trial Docket, See Exhibit-A, In Support of Relief Sought attached herewith. Dated 4/9/2001."

Exhibit 14

4 of 20                    (4)

## "ARGUMENT IN SUPPORT"

Petitioner, Roy Heath, respectfully argues that where the Trial Court accepts the defendant's guilty plea, it is required by Boykin v. Alabama, 395 U.S. 233, 89 S.Ct 1709, 23 L.Ed.2d 274 (1969) and Rule 14.4, assures that the constitutional safeguards of a complete trial.

Further argument is needed, where the Trial Court did not carry out a plea agreement reached between the prosecutor and the defense counsel: To w.T;

"RC-22, Plea Agreement, (Page-RC-24) "Wilent" states: If the Defendant files any Post Conviction Petition (including but not limited to a Rule 32 petition, a motion for new trial, a motion to set aside this plea agreement or an appeal) the state may void this agreement and return the original charges in this matter to the trial docket."

Petitioner argues that the defendant must be allowed an opportunity to withdraw his guilty plea, "The Court held in CHY v. STATE, 562 So.2d 1307 (Ala. 1990) Chy's argument on appeal is that the Court erred to reversal in denying her motion to withdraw her guilty plea after it declines to follow the Plea Agreement, In Ex Parte YARBER, 437 So.2d 1330 (Ala. 1983) This Court Held that once the State enters into a Plea Agreement with a defendant, the State cannot repudiate the agreement with impunity and that the defendant has the right to have

Exhibit 14
5 of 20                    (5)

The agreement submitted to the court if he so requests the Trial Court is not bound to accept the agreement, but when the Trial Judge decides not to carry out an agreement reached between the Prosecutor and the Defense Counsel, the Accused "must" be afforded the opportunity to withdraw his or her guilty plea or motion promptly made, Ex Parte Otingee, 493 So. 2d 1362, 1364, (Ala. 1986) The State does not quarrel with these established principles of law.

Petitioner further needs to address "Chock V. State, 655 So. 2d 50 (Ala Crim App 1995) which held: "It is well settled that when the Trial Judge decides not to carry out an agreement reached between the Prosecutor and the Defense Counsel, the Accused "must" be afforded the opportunity to withdraw his or her guilty plea or motion promptly made, Ex Parte Clay, 562 So. 2d 1307, 1309 (Ala 1990) (quoting Ex Parte Otingee, 493, So. 2d 1362, 1364 (Ala 1986) Because the Trial Court did not carry out the Plea Agreement, in Chock, Chock must be allowed to withdraw his guilty Plea.

See Affidavit In Support with Documental Evidence Pursuant to Rule 32.3, "Burden of Proof" Exhibit 1-A, nm 3, which entitles Petitioner to relief as a matter of law, Therefore this Court should Pursuant to Rule 24.4, A.R.Crim.P., "Alter, Amend, or Vacate it's Order Issued June 12, 2003 in its entirety.

Exhibit 14

Issue No. II

Petitioner states Facts, Grounds, Argument In Support
6 of 9 →

Defense led evidence, which entitles H. To relief as a matter of law

## Facts

On about March 31st, 2001 The Petitioner was sentenced to (30) Thirty years In Case No. CC-01-030 (This 30 years shall consist of 20-years For A Violation of §13A-12-211, an additional 5-years mandates by §13A-12-250 For sales of A Controlled Substance at or near a School Campus and an additional 5-years mandates by §13A-12-270, For A Sale of A Controlled Substance at or near a Public housing Project.

In Case No. CC-01-036, Petitioner was sentenced to (30) Thirty years. This (30) Thirty Years shall consist of 20-years For A Violation of §13A-12-211, An additional 5-years mandates by §13A-12-250, For A Sale of A Controlled Substance at or near a School Campus and Additional 5-years mandates by §13A-12-270 For Sale of A Controlled Substance at or near a Public housing Project. This Case No. CC-01-036 To Run concurrently with The Sentences imposed in Case No. CC-01-030. See Petitioner's Attached Affidavit In Support Pursuant To Rule 32.3 Burden of Proof which entitles him To Relief as a matter of law, (exhibit 1), pages 26, 27, 28, That will support The relief Sought.

Exhibit 14    7 of 20              (7)

## Ground For Relief

THE STATE WAS Without Jurisdiction To Run "Enhancements § 13A-12-250 AND 13A-12-250 Concurrently with The Base Sentence

## Arguments

Petitione alleges Legislative Intent, sections 13A-12-250 AND 13A-12-270, Clearly worth out to Sentencing. The legislature of Alabama wanted to lessen the risk that drugs would be readily available to school children. It is soundly evident to behove that great be increasing penalties for those who sell drugs near schools. As these statutes were enacted sentencing consderators that were presently enacted by the Trial C.T., Watkins v State 649 So 2d 1384 (Ala. Crim. App 1994.)

The legislative intent is that these five-years penalties shall not run concurrently with each other or with any other sentence imposed. The Enhancement term provides must be added to all other penalties imposed by The Court Fletcher v. State 675 So 2d 55 (Ala. Crim App 1995) (cert. denies 675 So 2d 428 (Ala. 1996.)

The Five-year drug Protective zone provided by this section is clearly relating to the legislator's purpose in enacting the statute there is neither ambiguity nor one expression. Elston v State 687 So 2d 1235 (Ala. Crim. App 1996)

Petitioner alleges The sections runs over the

Exhibit 14
8 of 20          (8)

Whether where Petitioner guilty to two counts of unlawful distribution of a controlled substance, in violation of §13A-12-211 did not comply with statute requirement where the Trial Courts Order incorrectly resulted in the enhancements, one count being served concurrently with the enhancements in the other count, although it was permissible for the court to order that the base sentences of three years be served concurrently, the enhancements were to be served consecutively with each of the penalties involved. Meadows v. State, 773 So 2d 1053 (Ala. Crim. App. 2000)

### Issue No. "III"

Petitioner states forth grounds in support. Documented evidence, which entitles him to relief as a matter of law, attaches attached to Exhibit, pursuant to Rule 32.3 Ala. R. of Proc.

### "Facts"

Petitioner has to the Circuit Court Clerk, to inform of his intent, the several attempts to contact his attorney of service. The Clerk of the court sent notice of intent to the Alabama Court of appeals. The Alabama court sent an order issued July 12, 2004, informing the Petitioner attorney, Jeb S. Fannin, the "stating he was held

Exhibit 14                                    (8)

Notices That The Above Referenced Warrant is defective in That The Docketing Statement From Hearn 26, and The Reporters Transcript Order Criminal From Hearn 10 has not been Filed (see 3(e) and 10(c)(1) of The Alabama Rules of Appellate Procedure) and where He Fails To Comply, The Time Prescribed by The Alabama Rule, The last Thing Also To Attorney Butler, at least notice before Dismissal, He Allows Petitioner Appeal To not be Perfected, The been Requested by The Court of Appeals would have stayed The Issues The Circuit Court is Toll, and this Petitioner agrees with The Trial Court, Attorney The Butler Should have Raised These Issues on Direct Appeal, this I glad The Trial Court Recognize This as well.

### Ground For Relief

Attorney John Butler Rendered Ineffective Assistance of Counsel For Failure To Perfect Appeal

### Argument In Support

Petitioner Argues The Court Held in Evitts v Lucey, 28 F 3d 1067, (11th Cir 1994)(holding If counsel failure to perfect petitioner Appeal In State Court Constitutes Violation of Right To Effective Counsel on Appeal Cause and Prejudice Standard is satisfied and Constitutionally Ineffective

Exhibit 14
10 of 20                    (10)

Counsel, and unless cause and Prejudice is Presumed when Counsel fails to Perfect Appeal. U.S.C.A. Const Amend 6

Petitioner Argues That Counsel whether retained or appointed has a Duty To Protect Petitioner's Right To Appeal, and Counsel cannot discharge this duty by allowing Petitioner's Appeal Time to expire without Taking Some Action, once Petitioner has indicated desire to appeal, Counsel's failure to Perfect appeal when he has not been relieved of his duties through Successful withdrawal Constitutes Violation of Petitioner's Right to effective Assistance of counsel on Appeal. U.S.C.A. Const Amend 6. See Attached Affidavit In Support Pursuant To R 16-3(?)(3) as declared real.

### Issue No. IIII

Petitioner States Facts, Grounds, Argument In Support, Document & Evidence and entitles him To Relief as a matter of Law.

### Facts

The Honorable Attorney L. Floyd III was Appointed To Represent The Petitioner on his Appeal, The Attorney Clerk L. Floyd III who after being Appointed, without Reviewing The file, Records, That was before him, He files a No Merit Brief To The Court of Appeals, Turning a blind eye To The Facts before him, all

Exhibit 14                                    (11)

indicates that the T. I. attorney was ineffective for not complying with the order issued by the Court of Criminal Appeals on July 10, 2001 and July 27, 2001 but rather, petitioner wishes to be discharged. See Attached Exhibit I. Subject pursuant to Rule 32.3 Subject Raised

## Ground For Relief

Petitioner's Counsel was Ineffective for failure to file Ineffective Assistance of Counsel on the T. I. Attorney who needed to show cause that the Court of Appeals ruling that Counsel to send a form that goes in the motion of Appeal.

## Argument For Subject

Petitioner argues that Keller v. U.S. 911, 905 F 2d 845 (5th Cir. 1990) holding no issues is available. He is entitled to effective assistance of Counsel on direct appeal as of right, Evitts v. Lucey, 469 U.S. 387, 105 S.Ct 830 83 L.Ed 2d 821 (1985). Keller contends that he was denied effective assistance of Counsel on appeal because his Attorney filed a brief that did not assert any arguable issues and the cause should be reversed. The Supreme Court applies the Two Tiers of Cirss involving the denial of effective assistance of retained Counsel in Power v. U.S. 88 U.S. 75, 109 S.Ct 3, L 35 - S, 102 L.Ed 2d 300 (1988)

Exhibit 14    12 of 20

First, if there was an actual or constructive denial of counsel on appeal, the prejudice is presumed. Second, at the showing that counsel performance was unable. Hence the petitioner must show prejudice.

The District Court considered this to be one case of the second type to be assessed under Strickland prejudice standard. This was error.

[unclear citation: Penson v. Ohio, 388 U.S. 738, 87 S.Ct. 1396, 13 L.Ed.2d 93 (nee?)] wherein the Court recognized that in some circumstances counsel could withdraw without changing the representation, provided some safeguards were observed, "If counsel, after conscientious examination of the case, finds it to be wholly frivolous, he may so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Ibid.

Penson, 108 S.Ct. 350. Here counsel never thought the case was frivolous, and he asserted no grounds for denial, but he did not follow the Anders procedure, nor did he intend to withdraw—he thought he did not have to file any arguments supporting the appeal.

(13)

Exhibit 14

## "Relief Sought"

Based on the Petitioner's arguments, pursuant to the Alabama Rules of Criminal Procedure and Rule 29 ARHP this court should reconsider its order issued June 12th, 2003. Petitioner request this Honorable Court pursuant to Rule 32.9(d) make specific findings of fact to each issue presented by petitioner. This Court should therefore alter, amend, or vacate its judgment, remand this case back before the trial court, set this case down for an evidentiary hearing, send a transcript order determining petitioner to the Circuit Court of Russell Co. Al.

Respectfully Submitted
Roy David Heath

## "Certificate of Service"

I hereby certify that I have served on the Circuit Court Clerk of Russell County the above foregoing and a copy onto the Court of Criminal Appeals all their regular mailing address by placing the same in the U.S. mail postage paid on this the 11th day of July, 2003.

Exhibit 14

14 of 20

Roy David Heath

In The Circuit Court Of Russell County, Alabama
<u>State Of Alabama</u>

| | |
|---|---|
| Roy Davis Heath, | § |
|     Petitioner, | § |
| | § |
| vs | §     <u>Case No. CC-01-30, 36, 62</u> |
| | § |
| State Of Alabama | § |
|     Respondents | § |

<u>Affidavit In Support Of Relief As A</u>
<u>Matter Of Law Pursuant To Rule 32.3</u>

I, Roy Davis Heath, hereby states and attests as follows:

That I am the Petitioner in the above referenced cause and over the age of 21-years old and have personal knowledge of the procedures that were followed and know that they are in direct violation of the Code of Alabama 1975.

Petitioner do swear under penalty of perjury that everything contained in the above foregoing are true and correct to the best of my knowledge. All Exhibits thereof have been attached to support Petitioner's claims for relief as a matter of law pursuant to Rule 32.3 and of proof.

Exhibit 14

Exhibit-A, pages 22, 23, 24, That Petitioner submits will show That The Petitioner Entered A Plea of Guilty in Count 1, As Charged in The Indictment as to The State of Alabama, Russell County, The Agreement made Hereto between The Petitioner and The State To wit:

"If The Defendant files any Post Conviction Petition(s) including, but not limited to A Rule 32 Petition, A motion For New Trial, A motion To Set Aside This Plea Agreement or any other,) The State may Void This Agreement and reinstate The Original Charges in This matter to The Trial Docket"

Exhibit-B, pages 24, 25. That Petitioner submits in support of Relief sought will show That The Petitioner made Several attempts To withdraw his guilty Plea before Sentencing was imposed by The State of Alabama, Russell County To wit:

"Page 24, 1-25 and Page 25, 1-15 That will Support The Relief sought as a matter of Law.

Exhibit-C, pages 28, 29, That Petitioner Submits in Support of Relief sought will show before This Court with The Prescribed Time By Law To withdraw his Plea of Guilty was Timely Presented To The Hon. Court of Russell County before The Honorable Judge. See Exhibit-C, page 28,1, & 23 Thru 25 and page 29, 1-6. That will Support Relief sought as a matter of Law.

Exhibit-W
16 of 92

Exh 6.A-D, pages 26, 27, 28 That Petitioner submits in Support of the Relief he seek as a matter of Law pursuant to Rule 32.3 burden of proof will show the Court that the enhancements forced on him in the case sentence. See Exh 6.A-D, pages 26, 1-9, and 23-25, page 27, 1-10, page 28, 1-2, 3 That will Support Petitioner Relief as a matter of Law.

Exhibit-1, will show that Petitioner's Attorney was ineffective for failure to protect Petitioner's Appeal after he was shown Petitioner wishes to Appeal his Case.

(A) Exh 6+1, will show Petitioner's attorney was notified by the Court of Appeals In as He been stating.

"You are hereby notified That The Above-Referenced appeal is deficient in That The Docketing Statement From ACAP 26 and The Reporters Transcript Order-(criminal) From NCAP 1C, have not been filed (see Rule 3(e) and 10(c)(2) of The Alabama Rule of Appellate Procedure). See Exh 6.1.

Exh 6.A-2, That Petitioner Submits will show After Petitioner Attorney Fail To Comply with the (Order or instruction) a Final Notice before Dismissal was sent To The Hon. John M. [...] Petitioner Attorney, and through no fault of Petitioner his Appeal was not perfected Exh 6.A-2 will show [...] [...] ineffective for not protecting Petitioner appeal.

Exhibit 14    17 of 20

Exhibit 3, That Petitioner submitted will show the fact of Appeal Evidence Petitioner on January 2, 2002 that he has been appointed an Appeal attorney, and that attorney, who was Appointed Requested an Extension of Time to perform his work on Petitioner behalf.

Exhibit 4, That Petitioner will show Appeal attorney was ineffective for failure to Review the Records on file, also the Ineffective on Petitioner that Attorney for failure to protect his Appeal, where he was not too not once by the level of counsel itself but twice as he Refused to file an Appeal on Petitioner behalf.

Exhibit 7, will show the Trial attorney file an new motion of Sentency. He is left with no option but to file a new motion that he have had no access or file Review.

For The Above Reasons, Due to a Suspect Request To Rule 32.3 Burde of Proof This Court should Affirm, thou, of be Vacate its Judgment in its entirety, Set this Case Down for an Evidentary Hearing, Sent it To Suspect CCBCC his Habeas Petitioner back to Court in This matter Pursuant To Rule 54y and Rule 32.9(A) as Petitioner is entitle To Relief as a matter of Law
Exhibit 14      18 of 20

Sworn and Subscribed before me on This 9 day of July 2003.

_____          11-5-06
Notary Public                    My Commission Expires

_____

### Certificate of Service

I HEREBY CERTIFY THAT THE above foregoing HAVE been SERVED upon THE following by Placing Same in THE United State mail Done This THE ____ DAY of ____ 2003, Properly Address as follows:

Court of Criminal Appeals
State of Alabama
300 Dexter Avenue
P.O. Box 301555
Montgomery, Alabama
    36130-1555

Exhibit 14    19 of 20

In The Circuit Court of Russell County, Alabama
State of Alabama

Roy Davis Heath,
         Petitioner,

vs.                                              Case No. CC-01-030036

State of Alabama,
         Respondents.

Notice of Appeal

The Petitioner in the above styled matter hereby gives notice of appeal to the Circuit Court for the Court of Criminal Appeals from the decision rendered on the date 6/14/2003, whereas the Trial Judge denied Petitioner's Rule 32 Petition and for the following reasons the Petitioner now moves to file this his appeal In The Circuit Court of Russell County, Petitioner has probable cause to believe that filing this Appeal on along with his post-trial motion pursuant to Rule 24, ARCrP will be the best thing to do (see attached).
     Dated this 11 day of July 2003

also
Exhibit (14)
1 of 20

                    Exhibit (13)  2 of 2    Roy D. Heath